UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Michael A. Gral,                                          Case No. 16-21329-gmh
                                                                              (Chapter 11)

         Debtor.

UNITED STATES TRUSTEE'S OBJECTION TO EMPLOYMENT
OF THE LAW OFFICES OF JONATHAN V. GOODMAN AS COUNSEL

The United States Trustee, by Attorney Laura D. Steele, files this objection to the Debtor's Application to employ the Law Offices of Jonathan V. Goodman:

1. The Debtor filed a petition for relief under Chapter 11 on February 20, 2016.

2. The Debtor filed its application to employ the Law Offices of Jonathan V. Goodman and affidavit of disinterestedness of Jonathan V. Goodman ("Attorney Goodman") on February 23, 2016.  *See* Docket No. 7 and 8.

3. The United States Trustee submits that Attorney Goodman has failed to meet the disclosure requirements of Fed. R. Bankr. P. 2014 and that Attorney Goodman is not disinterested within the meaning of 11 U.S.C. § 327 given his ongoing representation of two co-debtors.

4. The Debtor's application states that proposed counsel has no connections with any other parties in interest except that proposed counsel also seeks to be employed under a general retainer in two "related" cases: Capital Ventures, LLC, Case No. 16-21331, and Gral Holdings Key Biscayne, LLC, Case No. 16-21330.  *See* Docket No. 7 at ¶ 5.  (Applications for employment in these cases are currently pending before the Court, with an objection deadline of March 18, 2016.)  Attorney Goodman's affidavit of disinterestedness states only that he is also counsel for the "related" cases.  *See* Docket No. 8 at ¶ 5.

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI  53202
Phone (414) 297-4499; Fax (414) 297-4478

5. Both Capital Ventures, LLC and Gral Holdings Key Biscayne, LLC each assert that the Debtor is a co-debtor. *See* Docket No. 24 at pg. 10 in Case No. 16-21330; and Docket No. 25 at pg. 11 in Case No. 16-21331. As co-debtors, these parties may have conflicting interests to one another and their estates.

6. Next, the application discloses that proposed counsel received a $25,000 retainer pre-petition. *See* Docket No. 7 at ¶ 9. The source of the retainer payment is not stated in the application and Attorney Goodman has not filed a Fed. R. Bankr. P. 2016 statement of attorney compensation. Proposed counsel's affidavit of disinterestedness discloses neither the receipt of a retainer nor whether any funds are currently being held in trust. *See* Docket No. 8.

7. Upon information and belief, Capital Ventures, LLC provided the $25,000 retainer on behalf of itself, the Debtor, and Gral Holdings Key Biscayne, LLC. The terms of such payment by a third party on behalf of the Debtor are unknown. The terms should be disclosed.

8. Accordingly, proposed counsel has not sufficiently disclosed its connections to the Debtor and its co-debtors. Moreover, the Debtor has not yet filed his schedules. Without such disclosures, the United States Trustee is not satisfied that the Debtor's proposed counsel is disinterested.

9. Finally, the application includes large costs for services which appear to be excessive or not appropriate.

10. The application estimates $50,000 for initial hearings, preparation of schedules, and other initial matters (this estimated cost is particularly excessive where proposed counsel represents that it has already applied $20,000 of the retainer "to prepare the cases for filing and preliminary motions"). *See* Docket No. 7 at ¶ 9. While the United States Trustee

2

Case 16-21329-gmh    Doc 41    Filed 03/08/16    Page 2 of 3

recognizes employment fees are estimations, they are not boiler plate forms and estimations should be reasonably reliable and based on the facts of the case.

11. The application also includes a cost of $20,000 to prepare monthly operating reports. The United States Trustee objects to this type of work being performed by counsel. Preparation of Monthly Operating Reports (MORs) is the Debtor's duty and not legal work that should be billed at attorney rates. There is no reason proposed counsel should be involved in the preparation of MORs beyond reviewing them prior to filing. In addition, as pointed out whenever this issue arises, the preparation of MORs by the attorney of record places the attorney in the position of having to testify if there are problems with the MORs.

WHEREFORE, the United States Trustee requests that this Court deny the Application and for such other relief as may be just. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief or pleading if necessary.

Dated: March 8, 2016.

PATRICK S. LAYNG
United States Trustee

_____
LAURA D. STEELE
Attorney for the United States Trustee

3

Case 16-21329-gmh    Doc 41    Filed 03/08/16    Page 3 of 3