UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| In re: Michael A. Gral, Debtor. | Case No. 16-21329 Chapter 11 |
|---|---|

| In re: Capital Ventures, LLC, Debtor. | Case No. 16-21331 Chapter 11 |
|---|---|

| In re: Gral Holdings Key Biscayne, LLC, Debtor. | Case No. 16-21330 Chapter 11 |
|---|---|

**OBJECTION TO THE MOTION OF BIELINSKI BROS. BUILDERS, INC. FOR DISMISSAL PURSUANT TO SECTION 112 OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, FOR ABSTENTION PURSUANT TO SECTION 305 OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE, AND FOR OTHER APPROPRIATE RELIEF**

The foregoing Debtors hereby object to the Motions of Bielinski Bros. Builders, Inc. ("BBB") ("Motions") and in support thereof alleges as follows:

1. There are a myriad of reasons why the Motions should be denied:

    (a) The Debtor, Gral Holdings Key Biscayne, LLC ("Key Biscayne") is not a party to the State Court litigation and as a result, the rational for the dismissal of this case against Key Biscayne disappears and BBB has no standing to object to this filing on the

Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202
Phone: 414-276-6760; fax: 414-287-1199
Email: jgoodman@ameritech.net

grounds that it was done in bad faith with respect to the litigation BBB is involved in State Court. (It should be disclosed that Key Biscayne is a party to pending litigation in the Circuit Court of Miami-Dade County wherein the Estate of Peter Margolis is a Plaintiff and it along with the Debtor Michael A. Gral are Defendants amongst others. The Miami-Dade County Case was set for trial beginning month and the Debtors involved thought that it would be more cost-effective to have that litigation determined in this Court for the same reasons that Michael A. Gral and Capital Ventures, LLC desire to save expense by having all pending litigation determined in this Court.)

(b) The Debtor Capital Ventures, LLC, in addition to being able to assert other avoidance claims, has an avoidance claim against the Estate of Peter Margolis on the grounds that its junior mortgage on Capital Ventures' asset is null and void. Bringing this avoidance action in this Court will add approximately $400,000.00 in equity that could be utilized to benefit all unsecured creditors of Michael A. Gral and Capital Ventures, LLC.

3. Under the various avoidance statutes of Chapter 500 of the 11 United States Code, it is more appropriate for the Debtors to assert avoidance actions against various parties on behalf of all unsecured creditors rather limiting recoveries thereon for the sole benefit of one creditor, to wit: BBB.

4. There has been no diminution of the Estates that have filed and the Movant will not meet its burden with respect to the proof thereof. These bankruptcy filings will serve to preserve the Estates for the benefit of all unsecured creditors.

5. In addition, the Movant will not be able to prove that these Debtors "grossly mismanaged the affairs of the Estates" both before and after the filing of the Petition. How can there be proof of gross mismanagement when the Estates have only been open for a little more than one month?

6. The Debtors have not filed these Petitions in bad faith as is shown by the allegations in Paragraph 1(a)(b) above. There are other legitimate, more important reasons for these filings other than avoiding the State Court litigation in the BBB case. At the time of the filing of the Petitions, Michael A.

Gral and Capital Ventures, LLC were the subject of two separate pieces of litigation in the Circuit Court of Milwaukee County, the results of which had prevented Michael A. Gral and Capital Ventures, LLC from devoting their assets to all of their creditors, which are far more substantial than the debt to BBB.  In addition, Michael A. Gral and Key Biscayne were subject to two pending pieces of litigation in Dade County, Florida, (although one, involving SB1Cedarburg, LLC, also a plaintiff in the Milwaukee County litigation, appears to have not been as vigorously pursued as the litigation involving the Estate of Peter Margolis).  Those pieces of litigation have caused the Debtor to incur attorney fees of almost $50,000.00 in Florida and over $100,000.00 in Wisconsin, with no end in sight.  Further, Michael A. Gral was subject to additional pending litigation in the Circuit Court of Milwaukee County involving a primary residence foreclosure action. The BBB litigation in Milwaukee would have resulted in a jury trial of over three weeks where that matter could be disposed of in probably half the time in this Court.  It is the position of Mr. Gral that the State Court judges are less qualified to rule upon matters of fraudulent conveyances and corporate veil piercing than a United States Bankruptcy judge.)  The costs incurred by the Debtors in submitting the disputes with BBB will be more cost-effectively decided in this Court, than in State Court, and will actually result in less expense for BBB.

There would be no additional costs involved in having the issues in the State Court litigation decided by this Court.  Proof of this is the filing of virtually all of the significant pleadings in the State Court litigation in this Court.  BBB has already done its homework and this is proven by the fact that it was able to file the contested Motion to Dismiss within four business days of the filing of the Petitions herein.

For all of the foregoing reasons, these three Motions must be denied.

Dated this 23rd day of March, 2016.

                                       LAW OFFICES OF JONATHAN V. GOODMAN
                                       Attorneys for Debtors

                                       By:      /s/ Jonathan V. Goodman
                                                     Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI  53202
Phone:  414-276-6760; fax: 414-287-1199
Email: jgoodman@ameritech.net