# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In re:

MICHAEL A. GRAL,                                      Case No. 16-21329-gmh
                                                                           Chapter 11

                    Debtor-in-Possession.

In re:

CAPITAL VENTURES, LLC,                        Case No. 16-21331-gmh
                                                                           Chapter 11

                    Debtor-in-Possession.

In re:

GRAL HOLDINGS KEY BISCAYNE, LLC,        Case No. 16-21330-gmh
                                                                        Chapter 11

                    Debtor-in-Possession.

## PRETRIAL REPORT OF BIELINSKI BROS. BUILDERS, INC.

Bielinski Bros. Builders, Inc. ("Bielinski"), one of the twenty largest unsecured creditors of Michael A. Gral (the "Debtor"),[1] in anticipation of the evidentiary hearing scheduled for 3:00 p.m. on March 30, 2016, respectfully submits this pretrial report pursuant to Rule 15 of this Court's General Procedures.

---

[1] Bielinski is also a creditor of Gral Holdings Key Biscayne, LLC and Capital Ventures LLC, though Bielinski is not listed as a creditor on Schedule E/F for either of those entities. *See* Case No. 16-21331-gmh at Docket No. 25 (Capital Ventures' Schedule E/F); Case No 16.-21330-gmh at Docket No. 24 (Gral Holdings Key Biscayne, LLC's Schedule E/F).

Drafted by:
Katherine Stadler, Sean Bosack and Nina Beck
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

## I. JURISDICTIONAL STATEMENT

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and and 157, and 11 U.S.C. §§ 1112(b), 305(a), 1104(a).

## II. COURT AUTHORITY TO ENTER FINAL ORDERS

This Court has authority to enter final orders as this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). It presents claims under 11 U.S.C. §§ 1112, 305, and 1104 of the Bankruptcy Code and 28 U.S.C. §1334(c)(1), all of which involve the determination of the Debtors' substantive rights as provided under the Code and that, by their nature, only could have arisen in the context of a bankruptcy case.

## III. ELEMENTS OF CLAIMS AND DEFENSES AND WHETHER ANY ARE UNDISPUTED.

Bielinski seeks relief under one of four provisions of the United States Code, the elements (or factors) of which are set forth below. For purposes of this contested proceeding, Bielinski does not assert that the elements with an asterisk (*) are present and/or applicable in this case.

    **A. Dismissal for Cause or Bad Faith Pursuant to 11 U.S.C. § 1112(b)**

        **1. Cause Factors**

            a. Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

            b. Gross mismanagement of the estate;

            c. *Failure to maintain appropriate insurance;

            d. Unauthorized use of cash collateral substantially harmful to 1 or more creditors;

            e. Failure to comply with an order of the court;

f.  Unexcused failure to satisfy timely any Chapter 11 filing or reporting requirement;

g.  *Failure to attend the meeting of creditors or a 2004 exam without good cause;

h.  *Failure to provide information requested by the U.S. Trustee;

i.  *Failure to pay post-petition taxes;

j.  *Failure to file a disclosure statement;

k.  *Failure to pay any fees or charges required under chapter 123 of title 28;

l.  *Revocation of an order of confirmation under section 1144;

m.  *Inability to effectuate substantial consumption of a confirmed plan;

n.  *Material default by the debtor with respect to a confirmed plan;

o.  *Termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

p.  *Failure of the debtor to pay any post-petition domestic support obligation.

11 U.S.C. §1112(b)(4)(a)-(p).

2. **Bad Faith Factors**

a.  Whether the debtor has any assets;

b.  Whether the debtor has recently transferred assets;

c.  Whether the debtor has any employees;

d.  Whether the debtor has any cash flow to sustain reorganization;

e.  Whether the debtor has any chance of confirming a reorganization plan;

f.  Whether the debtor and one of its creditors have reached a standstill in state court litigation;

g.  Whether the debtor is trying to delay its creditors or reduce their rights;

h.  Whether there are allegations of wrongdoing by the debtor or its principals; or

i. Whether bankruptcy offers the only possibility of preventing the loss of property.

*E.g., In re South Beach Securities, Inc.*, 341 B.R. 853, 856-57 (N.D. Ill. 2006), *citing In re Int'l Oriental Rug Center, Inc.,* 165 B.R. 436, 442–43 (N.D. Ill. 1994).

### 3. Defenses to Dismissal

a. The Court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate;

b. The Court specifically identifies unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –

   i. There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such subsections do not apply, within a reasonable period of time; and

   ii. The grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –

      1. For which there exists a reasonable justification for the act or omission; and

      2. That will be cured within a reasonable period of time fixed by the Court.

11 U.S.C. § 1112(b)(1)-(2)(B)(ii).

### B. Abstention Pursuant to 11 U.S.C. § 305

Abstention is appropriate if the interests of creditors and the debtor would be better served by such dismissal or suspension. 11 U.S.C. § 305(a). Factors used to evaluate the best interests of creditors and the debtor include:

1. Whether another forum is available to protect interests of both parties or a proceeding already is pending in state court;

2. Whether federal proceedings are necessary to reach a just and equitable solution;

3. Whether there is alternate means of achieving equitable distribution of assets; and

4. Whether a non-federal insolvency has preceded so far that it would be costly and time consuming to start afresh with the federal bankruptcy process.

*See In re Northshore Mainland Services, Inc.*, 537 B.R. 192 (Bankr. D. Del. 2015).

### C. Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1)

Under section 1334(c)(1), the Court may choose to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law, from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The court may exercise its discretionary authority to abstain *sua sponte. E.g., In re Bechard*, Bankr. No. 14-11862-13, 2014 WL 3671419, *3 (Bankr. W.D. Wis. July 21, 2014). In determining whether permissive abstention is appropriate, courts have considered a non-exhaustive range of factors, including:

1. The effect or lack thereof on the efficient administration of the estate;

2. The extent to which state law issues predominate over bankruptcy issues if the Court recommends abstention;

3. The difficult or unsettled nature of applicable law;

4. The presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

5. Any jurisdictional bases, other than 28 U.S.C. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of an asserted core proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden of the bankruptcy court's docket;

10. The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial;

12. The presence in the proceeding of non-debtor parties;

13. Comity; and

14. The possibility of prejudice to other parties in the action.

*E.g.*, *In re Murray*, Bankr. No. 10-31824, 2011 WL 3862158, *4-5 (Bankr. E.D. Wis. Sept. 1, 2011) (citing *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993); *In re Bechard*, 2014 WL 3671419, *3; *In re Laddusire*, 541 B.R. 697, 704-705 (Bankr. W.D. Wis. 2015).

**D.  Appointment of a Trustee Pursuant 11 U.S.C. § 1104(a)**

The Court shall order appointment of a trustee if it finds:

1. Cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management. Cause may include:

   a. Conflicts of interest;

   b. Inappropriate relations between corporate parents and subsidiaries;

   c. Misuse of assets and funds;

   d. Inadequate record keeping and reporting;

   e. Various instances of conduct found to establish fraud or dishonesty; or

   f. Lack of credibility and creditor confidence.

2. That a trustee is in the best interests of creditors, equity security holders, and other interests of the estate.

11 U.S.C. § 1104(a)(1)-(2); *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).

### IV. WITNESS LIST

Bielinski plans to examine two witnesses:

1. Michael Polsky, Supplemental Receiver and Court-Appointed Monitor in the state court proceedings; and

2. Michael A. Gral, Debtor (adversely).

Bielinski also reserves the right to cross-examine any witness not listed who is presented by the Debtors or any other party to testify at the hearing.

Dated: March 28, 2016.

GODFREY & KAHN, S.C.

By: */s/ Katherine Stadler*
Katherine Stadler (State Bar No. 1030775)
Erin A. West (State Bar No.1075729)
Sean O'D. Bosack (State Bar No. 1029661)
Nina Beck (State Bar No. 1079460)

*Attorneys for Bielinski Bros. Builders, Inc.*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; ewest@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

15341349.3