UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Michael A. Gral,                                              Case No. 16-21329-gmh
                                                                              (Chapter 11)

         Debtor.

## UNITED STATES TRUSTEE'S OBJECTION TO
## MOTION FOR SUBSTANTIVE CONSOLIDATION

   The United States Trustee, by Attorney Laura D. Steele, objects to the Debtor's motion for substantive consolidation, and in support of this objection states:

1. Michael Gral and Capital Ventures, LLC each filed separate petitions for relief under Chapter 11 on February 20, 2016.

2. Michael Gral and Capital Ventures, LLC each filed a Motion for Substantive Consolidation, or Alternatively for Joint Administration (the "Motion") in their respective cases. *In re Michael Gral*, Case No. 16-21329-gmh, Docket No. 9; and *In re Capital Ventures, LLC*, Case No. 16-21331-gmh, Docket No. 7.

3. The Motion was not accompanied by any notice or proposed order. *Contra* Local R. Bankr. P. 9013, 9014. However, the Motion is pending and the United States Trustee has filed this Objection in each case to preserve its views.

4. The United States Trustee does not oppose joint administration of the Chapter 11 cases of Michael Gral and Capital Ventures, LLC pursuant to Fed. R. Bankr. P. 2015.

5. The United States Trustee does oppose substantive consolidation of the Chapter 11 cases of Michael Gral (the "Individual Debtor") and Capital Ventures, LLC (the "Corporate Debtor") (and, collectively, "Debtors").

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499; Fax (414) 297-4478

6. The reasons for substantive consolidation offered in the Motion include:

   (A) Shared creditors;

   (B) Shared office space;

   (C) Ongoing management of Capital Ventures, LLC by Michael Gral;

   (D) The desire to file only one monthly operating report;

   (E) The desire to file only one plan of reorganization and disclosure statement;

   (F) The desire to combine notices to creditors;

   (G) The desire to save expenses, namely by having only one United States Trustee quarterly fee; and

   (H) The desire to share cash flow that will enhance feasibility of a joint plan.

7. These reasons are not compelling. 11 U.S.C. § 105. *See In re Cyberco Holdings, Inc.*, 734 F.3d 432 (6th Cir. 2013). *See also In re Bauman*, 535 B.R. 289, 295-96 (Bankr. C.D. Ill. 2015) ("Substantive consolidation in bankruptcy . . . is a judicially created doctrine by which the assets and liabilities of separate legal entities are consolidated and treated as if they were merged into a single survivor.") (citing *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005)).

8. A party seeking substantive consolidation (usually by a creditor or a trustee) must show either:

   (A) that prepetition, the two debtors disregarded their separateness so significantly as to cause creditors to rely on the breakdown or absence of separateness and treat them as one and the same legal entity;

   or

   (B) that post-petition, their assets and liabilities are so hopelessly commingled that unscrambling them is prohibitive and would harm all creditors.

   *In re Bauman*, 535 B.R. at 296 (citing *In re Owens Corning*, 419 F.3d at 211)).

9. The first prong is not supported because neither the Individual Debtor nor the Corporate Debtor asserts that they have disregarded their separateness.

10. The second prong is also not supported because neither the Individual Debtor nor the Corporate Debtor demonstrates that their assets and liabilities are hopelessly commingled. Rather, the Debtors admit that separate books and records have been maintained for each. *See* Motion at ¶ 3.

11. It is of no effect that the Debtors have the same accountant keeping their books and records; that the Debtors share office space; or that the Debtors would rather pay one United States Trustee quarterly fee and file one monthly operating report.

12. While the Individual Debtor and Corporate Debtor do share some creditors, their creditors and those creditors' claims do not appear to be identical.

13. Moreover, the Individual Debtor (a person) and the Corporate Debtor (a single-asset real estate entity) are not legally identical debtors and are treated differently under the Bankruptcy Code. *Compare* 11 U.S.C §§ 101(51B), 362(d)(3) (requiring single-asset real estate debtor within 90 days after filing bankruptcy to file a plan that has a reasonable possibility of being confirmed or commence regular payments to the secured creditor at the non-default interest rate) *with* 11 U.S.C. § 1121 (providing exclusive period for plan filing and acceptance, but not setting a deadline or requiring interim payments).

14. The Debtors do not need substantive consolidation to combine notices to creditors (*See* Fed. R. Bankr. P. 1015, 2002, 9007) or to propose a joint plan of reorganization.

15. Rather, the Debtors seek, without cause, to augment the Individual Debtor's estate with the assets of the cash-flowing Corporate Debtor. The Debtors do not need substantive consolidation to accomplish this goal either; the Individual Debtor is already allocating cash from the Corporate Debtor to his operating account. *See In re Michael Gral,* Case No. 16-21329-gmh at Docket No. 52 at pg. 37 (Schedule I disclosing income of $6,186 from "CV Draw." Upon information and belief, "CV" refers to Capital Ventures).

16. Accordingly, the Debtors do not proffer any reason for why the extraordinary remedy of substantive consolidation is necessary. *See In re Bauman*, 535 B.R. 289, 295-96 (Bankr. C.D. Ill. 2015) ("Courts unanimously agree that it is an extraordinary remedy because the substantive rights of parties are necessarily affected. . . . Mere benefit to the administration of a bankruptcy estate, by simplifying the case or avoiding other issues, is not a justification for substantive consolidation.") (citations omitted).

WHEREFORE, the United States Trustee requests that this Court deny the Debtors' request for substantive consolidation and for such other relief as may be just. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief or pleading if necessary.

Dated: March 28, 2016.

PATRICK S. LAYNG
United States Trustee

Laura D. Steele
Digitally signed by Laura D. Steele
DN: cn=Laura D. Steele, o, ou, email=laura.steele@usdoj.gov, c=US
Date: 2016.03.28 09:27:11 -05'00'

_____
LAURA D. STEELE
Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Michael A. Gral,

Case No. 16-21329-gmh
(Chapter 11)

Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the **UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR SUBSTANTIVE CONSOLIDATION** with the Clerk of the Bankruptcy Court using the ECF system, which sent notification of such filing to the following party:

Attorney Jonathan V. Goodman

and further, that I mailed such document, via first-class U.S. mail, to:

Michael A. Gral
6823 North Barnett Lane
Fox Point, WI 53217

*Mary J Malone*

Mary Jo Malone, Paralegal Specialist
Office of the United States Trustee