UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:  Michael A. Gral,                                  Case No. 16-21329-gmh
                                                                      (Chapter 11)
                 Debtor.

---

In re:  Gral Holdings Key Biscayne, LLC,                  Case No. 16-21330-gmh
                                                                      (Chapter 11)
                 Debtor.

---

In re:  Capital Ventures, LLC,                            Case No. 16-21331-gmh
                                                                      (Chapter 11)
                 Debtor

---

UNITED STATES TRUSTEE'S PRETRIAL REPORT FOR HEARING ON THE UNITED STATES TRUSTEE'S OBJECTION TO THE EMPLOYMENT OF THE LAW OFFICES OF JONATHAN V. GOODMAN AS COUNSEL

---

Pursuant to Rule 15 of the Court's General Procedures, the United States Trustee files this pretrial report in each of the above captioned cases:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1), and 1334; and 11 U.S.C. § 327.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and therefore the Court has the authority to enter a final order pursuant to 28 U.S.C. §157(b)(1). In the event there is any dispute about the Court's authority to enter a final order, the United States Trustee consents to this Court issuing a final order on its Objection to the employment of the Law Offices of Jonathan V. Goodman as counsel for the Debtor.

Attorney Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499 / Fax (414) 297-4478

3. At issue in the United States Trustee's objection is (1) whether Attorney Goodman has sufficiently disclosed his connections to the Debtor and related debtors as required by Fed. R. Bankr. P. 2014; and (2) whether Attorney Goodman is disinterested within the meaning of 11 U.S.C. § 327.

4. A Chapter 11 debtor-in-possession may employ as attorneys only those "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. §§ 327(a), 1107(a).

5. Under the Bankruptcy Code, the term disinterested person means a person that:

   (A) is not a creditor, an equity security holder, or an insider;

   (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

   11 U.S.C. § 101(14).

6. "The latter portion of the definition, which is commonly referred to as the 'catch-all clause,' is sufficiently broad to include any professional with an 'interest or relationship that would even faintly color the independence and impartial attitude required by the Code.'" *In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998) (citation omitted).

7. Although the Bankruptcy Code does not define what it means to hold an "adverse interest," opinions have defined it as: (1) possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2)

2

Case 16-21329-gmh    Doc 68    Filed 03/28/16    Page 2 of 3

possession of a predisposition under circumstances that render such a bias against the estate. *Id.* at 835.

8. The Federal Rules of Bankruptcy Procedure place the burden of disclosure on the attorneys which the bankruptcy estate seeks to employ—in this instance the burden is upon Attorney Goodman. 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014(a).

9. "Under Fed. R. Bankr. P. 2014, any applying professional must set forth 'to the best of the applicant's knowledge' all known connections of the applicant with the 'debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee' in both the application for employment and an accompanying verified statement." *In re Crivello*, 134 F.3d at 836.

10. The United States Trustee may examine the following witnesses:

    a. Michael A. Gral, individually and as representative of Gral Holdings Key Biscayne, LLC, and Capital Ventures LLC

    b. Jonathan V. Goodman

    c. Michael Polsky

    d. Any witnesses not listed who is presented by the Debtor to testify at the hearing on the United States Trustee's objection.

Dated: March 28, 2016.

          PATRICK S. LAYNG
          United States Trustee


          _____
          LAURA D. STEELE
          Attorney for the United States Trustee