UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re: Michael A. Gral,                          Case No. 16-21329-gmh
                                                                                            (Chapter 11)
          Debtor.

## UNITED STATES TRUSTEE'S MOTION FOR PROTECTIVE ORDER

The United States Trustee, by Attorney Amy J. Ginsberg, pursuant to 28 C.F.R. § 16.21, *et seq.*, moves this Court to issue a protective order striking United States Trustee Trial Attorney Laura Steele from Debtor Michael A. Gral's witness list for the hearing on Attorney Jonathan V. Goodman's employment application. A protective order is appropriate because: (1) Attorney Goodman failed to comply with *Touhy* procedures prior to placing her on his witness list; and (2) Attorney Steele's testimony is part of the deliberative process, is work product of the Office of the United States Trustee, and is subject to attorney-client privilege.

1. This matter involves three related chapter 11 cases: Michael Gral, an individual, Case No. 16-21329 (the "Individual Debtor"); Capital Ventures, LLC 16-21330, and Gral Holdings Key Biscayne, LLC, 16-21331 (the "Corporate Debtors").

2. The Corporate Debtors are owned and managed by the Individual Debtor.

3. Both the Individual Debtor and the Corporate Debtors filed applications to employ Attorney Jonathan V. Goodman as the attorney for the debtor-in-possession.

Amy J. Ginsberg
Attorney for the United States Trustee
517 East Wisconsin, Room 430
Milwaukee, WI 53202
(414) 297-4499 fax (414) 297-4479

4. On March 8, 2016, after reviewing Attorney Goodman's affidavit of disinterestedness supporting his employment applications, Attorney Steele filed an objection to his employment in the Individual Debtor case, and on March 21, 2016, Attorney Steele filed objections to Attorney Goodman's employment in the cases of the Corporate Debtors (the "Objection"). *See* Docket #41, Case No. 16-21329*;* Docket #30, Case No. 16-21330; Docket #43, Case No. 16-21331. The United States Trustee primarily based its Objection on Attorney Goodman's failure to disclose all of his connections among the Individual and Corporate Debtors.

5. On March 9, 2016, this Court set an evidentiary hearing on Attorney Goodman's employment application in the Individual Debtor case. *See* Docket Entry #45, Case No. 16-21329, and on March 22, 2016, the Court entered similar scheduling orders in the Corporate Debtor cases. *See* Docket #31, Case No. 16-21330; Docket #45, Case No. 16-21331.

6. Attorney Goodman did not file a reply to the Objection.

7. On March 28, 2016, Attorney Goodman named Attorney Steele as a witness for the hearing on his employment application. *See* Docket #40, Case No. 16-21329. Attorney Goodman informed Attorney Steele that she would testify about the United States Trustee' selective enforcement of its enforcement of the Bankruptcy Code's employment statute. *See* 11 U.S.C. § 327.

8. On March 29, 2016, Attorney Goodman untimely supplemented his pretrial report claiming the United States Trustee engaged in selective enforcement of policies regarding conflicts and appointments in this case. *See* Docket Entry #73.

### I. Attorney Goodman Cannot Call Attorney Steele as a Witness Because He Failed to Comply with *Touhy* Regulations

9. Long-established case law holds that the federal government can withhold the disclosure of information by its employees. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Presumably, Attorney Goodman included Attorney Steele on his witness list to testify about her decision to object to his employment in the Individual and Corporate Debtor cases. Attorney Steele objected to Attorney Goodman's employment as part of her official duties as a trial attorney for the United States Trustee. The internal deliberations of the United States Trustee relating to the decision to object to Attorney Goodman's employment are protected by the privileges of deliberative process, attorney-client privilege and attorney work product.

10. The Application to Employ Attorney Goodman should be assessed by the Court based on its compliance with the applicable provisions of law, including 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and applicable case law. Attorney Goodman has set forth no factual basis upon which the testimony of Attorney Steele might be relevant to Attorney Goodman's employment.

11. In the event the Court determines that the United States Trustee is a party in this proceeding, Attorney Goodman must comply with 28 C.F.R. § 16.23. When the United States Trustee is a party to an action, a party seeking oral testimony from current employees of the United States Department of Justice (the "Department") must furnish a summary of the testimony sought in advance of such testimony to the Department attorney. Then, the Attorney must consult with the Executive Office of the United States Trustee. 28 C.F.R. § 16.23(a) and (c).

12. In the event the Court determines that the United States Trustee is not a party in this proceeding, Attorney Goodman must comply with 28 C.F.R. § 16.22. When the United States Trustee is not a party to an action, a party seeking oral testimony from current employees of the Department must receive prior approval from the Department. In addition, Attorney Goodman must furnish a summary of the testimony sought and its relevance to the proceeding in advance of such testimony to the Department attorney. 28 C.F.R. § 16.22(a) and (c).

13. Attorney Goodman failed to provide Attorney Steele with a summary of the testimony sought. Accordingly, Attorney Steele cannot consult with the Executive Office of the United States Trustee about her testimony, as required by 28 C.F.R. §16.23(a) or receive permission to testify, as required by 28 C.F.R. § 16.22(a), whichever is appropriate.

14. While the regulations contemplate--in appropriate circumstances--the disclosure of relevant testimony, such testimony is only permissible to the extent that it is authorized after consultation with the Executive Office of the United States Trustee. 28 C.F.R. § 16.23(a). The Department attorney must follow the procedures set forth in 28 C.F.R. §§ 16.23, 16.24 and 16.25 and necessarily consider the requirements of 28 C.F.R. § 16.26.

15. The summary of testimony permits the Executive Office of the United States Trustee to consider whether to make the requested disclosures as required by 28 C.F.R. § 16.26. Until Attorney Goodman provides the summary of the testimony sought from the United States Trustee, Attorney Steele should be stricken from his witness list. *United States v. Guild, 2008 WL 169355 (E.D. Va. 2008); United States v. Cap Quality Care*, 2006 WL 1454796 (D. Me. 2006). *See also United States. v. Wallace*, 32 F.3d 921 (5th Cir. 1994) (holding Department's *Touhy* regulations to be "valid and

4

Case 16-21329-gmh    Doc 77    Filed 03/29/16    Page 4 of 7

mandatory" and declining to reach constitutional claims raised in connection with district court's quashing of subpoena because defendant failed to make a timely demand in accordance with the required procedure set out in 28 C.F.R. § 16.23(c)). *See also Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316-17 (7th Cir. 1994).

16. Once the testimony summary is provided, then the Department Attorney requires a reasonable amount of time to consult with the Executive Office of the United States Trustee, as required by the administrative procedures set forth in 28 C.F.R. § 16.21, *et seq.* These regulations preclude disclosure of privileged, classified, confidential and investigatory information.

17. Until Attorney Goodman follows this procedure, Attorney Steele may not testify. 28 C.F.R. §§ 16.27, 16.28. *See Touhy*, 340 U.S. at 468.

### II. Attorney Steele's Testimony is Barred as Deliberative Process, Attorney Work Product and Attorney-Client Privilege

18. Since November 2015, Attorney Steele has been employed as a full-time trial attorney for the United States Department of Justice, Office of the United States Trustee. She is assigned to Region 11 in the Milwaukee field office.

19. The United States Trustee of Region 11, Patrick S. Layng, objects to Attorney Steele testifying about internal deliberations relating to the decisions of the United States Trustee because such information is likely subject to attorney work product, attorney-client privilege and the deliberative process.

WHEREFORE, the United States Trustee moves the Court for a protective order striking United States Trustee Trial Attorney Laura Steele from Attorney Goodman's witness list until such time as he complies with 28 C.F.R. §§ 16.21, *et seq.;* the United States Trustee has a reasonable time comply with 28 C.F.R. §§ 16.21, *et seq.;* and for such relief as this Court deems just and necessary. The United States Trustee does

5

not intend to file a brief in connection with this motion but reserves the right to file a responsive brief if necessary.

Dated: March 29, 2016

PATRICK S. LAYNG<br>
United States Trustee

Amy J. Ginsberg
*Digitally signed by Amy J. Ginsberg*
*DN: cn=Amy J. Ginsberg, o=United States Trustee, ou=Region 11, email=amy.j.ginsberg@usdoj.gov, c=US*
*Date: 2016.03.29 17:43:43 -05'00'*

AMY J. GINSBERG<br>
Attorney for the United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Michael A. Gral,

Debtor.

Case No. 16-21329-gmh
(Chapter 11)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2016, I electronically filed the **UNITED STATES TRUSTEE'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Bankruptcy Court using the ECF system, which will send notification of such filing to all ECF filers, including:

Attorney Jonathan V. Goodman

and further, that I mailed such document, via first-class U.S. mail, to:

Michael A. Gral
6823 North Barnett Lane
Fox Point, WI 53217

*Mary J Malone*
_____
Mary Jo Malone, Paralegal Specialist
Office of the United States Trustee

7