UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In the matter:

   Michael A. Gral,[1]                                                Case No. 16-21329-GMH

   Debtor-in-possession.                                 Chapter 11

_____

**SB1 CEDARBURG L.L.C.'S OBJECTION TO MOTION OF THE ESTATE OF PETER MARGOLIS TO TRANSFER CASE TO SOUTHERN DISTRICT OF FLORIDA**
_____

      Creditor and party-in-interest SB1 Cedarburg L.L.C. ("*SB1*"), by and through its undersigned attorneys, hereby submits this objection (the "*Objection*") to the motion (the "*Motion*") of the Estate of Peter Margolis (the "*Estate*") to transfer the bankruptcy case of debtor Gral Holdings Key Biscayne, LLC (the "*Debtor*") from this Court to the Southern District of Florida. In support of the Objection, SB1 states as follows:

## ARGUMENT

      1.     The Estate's argument in support of its Motion is solely premised upon the fact that the Debtor's principal assets are located in the Southern District of Florida and that the Estate has

---

[1] This court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330.**

Drafted by:
Neal H. Levin. Esq., Shira R. Isenberg, Esq., Elizabeth Janczak, Esq.
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
T: (312) 360-6000
E: nhlevin@freeborn.com; sisenberg@freeborn.com; ejanczak@freeborn.com

Christopher M. Meuler, Esq.
Friebert, Finerty & St. John, S.C.
330 East Kilbourn Avenue – Suite 1250
Milwaukee, WI 53202
T: (414) 271-0130
E: cmm@ffsj.com

pending litigation (the "*Miami-Dade County Litigation*") against the Debtor in the Southern District of Florida. In essence, the Estate wishes this Court to reject the Debtor's lawful choice of venue and, instead, transfer this bankruptcy case to a venue more convenient for the Estate.

2. Venue in this jurisdiction is proper because the Debtor lists its principal place of business as Milwaukee, Wisconsin and, further, the Debtor's affiliate, Michael A. Gral, also has a pending chapter 11 case before this Court. *See* 28 U.S.C. §§ 1408(1) (providing that venue is proper in jurisdiction of debtor's principal place of business) and 1408(2) (providing that venue is proper in jurisdiction where an affiliate's bankruptcy petition is pending).

3. A chapter 11 debtor's choice of forum is entitled to great weight if venue is proper. *In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002).

4. The Court has ordered joint administration of the Debtor's bankruptcy case with the bankruptcy case of Mr. Gral. To transfer this Debtor's case would divide the attention of Mr. Gral (also the principal of Capital Ventures, LLC, whose bankruptcy case is also pending before this Court) between two jurisdictions and likely cause Mr. Gral to incur fees and costs associated with traveling to Florida in connection with the bankruptcy case. Accordingly, SB1 submits that the Debtor (and Mr. Gral) can most effectively reorganize their debts in this jurisdiction. *See In re Garden Manor Assocs.*, 99 B.R. 551, 554-55 (Bankr. S.D.N.Y. 1988) (declining to transfer venue of single asset real estate debtor, whose sole assets were located in another jurisdiction, on the basis that the current jurisdiction was the location the debtor could most successfully reorganize).

5. The Estate does not provide any explanation for why the Miami-Dade County Litigation could not simply be removed to this Court. While the Estate asserts that <u>all</u> of the witnesses relating to the Debtor's assets and liabilities are located in the Southern District of

2

Case 16-21329-gmh    Doc 97    Filed 04/08/16    Page 2 of 4

Florida, that is simply not true. Michael A. Gral, the general partner of the Debtor and signatory to the Debtor's bankruptcy petition, resides in Milwaukee, Wisconsin. As general partner and the judgment debtor of the Estate's claim, Mr. Gral would likely be the primary witness in any veil piercing action.

6. SB1 submits that it is most efficient and in the interests of judicial economy to keep the Debtor's bankruptcy case in this Court.

WHEREFORE, SB1 requests that this Court enter an order denying the Motion and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SB1 CEDARBURG, L.L.C.**

   s/Christopher M. Meuler
Christopher M. Meuler
WI State Bar ID No. 1037971
Friebert, Finerty & St. John, S.C.
330 East Kilbourn Avenue – Suite 1250
Milwaukee, WI 53202
Telephone: 414-271-0130
cmm@ffsj.com

Neal H. Levin
Freeborn & Peters LLP
311 S. Wacker Dr. Ste. 3000
Chicago, IL 60606
312-360-6000

*Attorneys for SB1 Cedarburg L.L.C.*

3

## CERTIFICATE OF SERVICE

I, Christopher M. Meuler, an attorney, hereby certify that on April 8, 2016, I caused a true and correct copy of the foregoing to be electronically filed with the court and served upon all counsel of record via the Court's CM/ECF system.

                                                               /s/ Christopher M. Meuler