UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

Michael A. Gral[1],

    Debtor-in-Possession.

Case No. 16-21329- GMH
Chapter 11

Jointly Administered

---

**MOTION FOR RELIEF FROM ORDER**

---

Pursuant to Rule 60 of the Federal Rules of Civil Procedure as adopted by Rule 9024 of the Federal Bankruptcy Rules, Michael A. Gral, Debtor and Debtor-in-Possession, moves the Court for relief from its Amended Order of May 10, 2016 (CM-ECF Doc. 153), granting the motion of Bielinski Bros. Builders, Inc. ("BBB") to undertake the Rule 2004 exam of Michael A. Gral ("MAG") no later than June 3, 2016 and in support of the motion alleges and shows to the Court as follows:

1.    MAG filed a petition under Chapter 11 of Title 11, United States Code on February 20, 2016, as a Debtor-in-possession and is operating his businesses under 11 U.S.C. § 1107 and 1108.

2.    On April 22, 2016, BBB filed a motion with the Court for authority to undertake the Rule 2004 exam of MAG on May 11, 2016 (CM-ECF Doc. 123). On April 24, 2016, MAG

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC,* Case No. 16-21331. **This pleading relates to *In re Michael A. Gral*, Case No. 16-21329, *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330 and *In re Capital Ventures, LLC,* Case No. 16-21331.**

Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202
Phone: 414-276-6760; fax: 414-287-1199
Email: jgoodman@ameritech.net

filed an objection to the Rule 2004 exam, basically stating that that part of the exam that related to prepetition activities of MAG and other entities would be a subject of the 2004 exam.

3. The Court ordered that BBB respond to the objection by May 6, 2016, which BBB did (CM-ECF Doc. 148).

4. On May 10, 2016, the Court rendered an order partially denying and partially granting MAGs objection; limiting any prepetition inquiries to the one year period prior to the filing of the petition or approximately February 21, 2015.

5. Coincidently, later in the day on May 10, 2016, and after the Court rendered the order encompassed in CM-ECF Doc. 153, BBB filed an adversary proceedings as Case No. 16-02182-gmh, alleging among other allegations that due to certain conduct that allegedly occurred during said one year period prior to the filing of the petition, BBB was defrauded. At no time prior to the filing of said adversary proceedings did BBB or its counsel inform the Court or MAG's counsel that BBB intended to file this adversary proceedings.

6. It is well established that a motion by a creditor for authority to conduct a Rule 2004 examination may not be granted when the scope of the examination pertains to matters in a pending adversary proceedings. See In re Bennett Funding Group, Inc. 203 B.R. 24 (Bankr. N.D.N.Y. 1996). Here the court, without knowledge, that there would almost immediately be a pending adversary proceedings, in its order, agreed to allow inquiry in to prepetition matters, including the gravamen of the adversary proceedings seeking to deny MAG's discharge of BBB's debt. Accordingly, it is MAG's position that BBB has created a fraud upon the court by not being cogent and informing the court prior to the court rendering its order permitting prepetition discovery, that BBB intended to immediately file an adversary proceedings complaining about certain prepetition conduct of MAG.

Accordingly, MAG is entitled to relief from the Court's order of May 10, 2016 (the "2004 Order") CM-ECF Doc. 153, pursuant to Rule 60 of the Federal Rules Civil Procedure as adopted by Rule 9024 of the Bankruptcy Rules as follows:

(a) For surprise (Rule 60(b)(1));

(b) For newly discovered evidence, that with reasonable diligence, could not have been discovered in time to provide further grounds to limit the 2004 exam (Rule 60(b)(2));

(c) For fraud, misrepresentation, or misconduct by BBB (Rule 60(b)(3)); and

(d) For any other reason that justifies relief, to wit: once an adversary proceedings has been commenced, the provisions encompassed in Chapter 7000 of the Bankruptcy Rules should govern discovery related to that adversary proceeding. Further, the fact that an adversary proceedings is filed requesting denial of discharge connotes that BBB could care less about the feasibility of a plan, the accuracy of debtor's projections, because it intends to attempt to collect the entire amount of its judgment against the debtor, which is alleged to be in excess of $1,700,000.00. (Rule 60(b)(6)).

Debtor requests that the Court completely reverse its prior order and deny the motion for a 2004 exam, alternatively, amend its order prohibiting inquiry at a 2004 exam into matters relating to the adversary proceedings, including, but not limited to, any matters prior to February 21, 2016; and alternatively, amending the order providing that the examination be treated confidentially. See In re McLaren, 3 F.3d 958 (6th Cir. 1993).

Dated this 12th day of May, 2016.

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for Michael A. Gral

By:     /s/ Jonathan V. Goodman
    Jonathan V. Goodman

Jonathan V. Goodman
Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net