UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral[1],

    Debtor-in-Possession.

Case No. 16-21329
Chapter 11

Jointly Administered

---

Michael A. Gral and
Gral Holdings Key Biscayne, LLC,

    Plaintiff,

vs.

Estate of Peter Margolis by
Nancy Margolis, Personal Representative,

    Defendant.

Adversary Case No: _____

---

**ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 105 AND §§ 105 AND 362 TO ENJOIN DEFENDANT FROM FURTHER ACTS AGAINST SPOUSE OF MICHAEL A. GRAL, THE MICHAEL A. GRAL AND JULIA G. GRAL LIVING TRUST, AND GRAL HOLDINGS, LTD.**

---

Plaintiffs, Michael A. Gral and Gral Holdings Key Biscayne, LLC (herein referred to either as "Debtors" or "Plaintiffs" or "Gral Holdings" or "MAG"), claims against the Estate of Peter Margolis.

### Nature of Complaint

1. This is an action by the Debtor seeking injunctive relief pursuant to 11 U.S.C. § 105 and § 362, to enforce the automatic stay and to enjoin the Defendant from prosecuting its

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael A. Gral,* Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330.**

claims for judgment in state court against Julia G. Gral, Gral Holdings, Ltd., and the Michael A. Gral and Julia G. Gral Living Trust.

### Parties

2. The Plaintiff, MAG, is an adult resident of Milwaukee, Wisconsin, attorney and real estate investor. MAG is also a Debtor in the above-captioned bankruptcy case.

3. Gral Holdings is a Florida limited liability company that owns a condominium in Key Biscayne, Florida and is also a Debtor in one of the above-captioned cases.

4. The Defendant, the Estate of Peter Margolis, by Nancy Margolis, personal representative, is a decedent in a probate proceedings that is now pending in the Circuit Court of Miami-Dade County, Florida.

### Jurisdiction and Venue

5. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 157 and § 1334, and 11 U.S.C. § 542 and § 543, because this action arises under and is related to, the Chapter 11 proceedings captioned above.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(A) and (G).

7. Venue is appropriate to these proceedings pursuant to 28 U.S.C. § 1409(a).

### Background

8. Previously to the filings in these cases, the Estate of Peter Margolis was able to obtain a judgment against Michael Gral and Julia G. Gral in the original amount of $292,000.00, which is now alleged to be as much as $410,000.00.

9. The Estate of Peter Margolis obtained that judgment in the Circuit Court of Milwaukee County. The Estate of Peter Margolis then registered that judgment in Miami-Dade County, Florida, and then commenced an action against the two Debtor-Plaintiffs and the three

parties for which relief is sought to extend the stay. Although it is difficult to understand the alleged causes of action of the Estate of Peter Margolis in the state court proceedings, it appears that it is an action to pierce the limited liability veil of Gral Holdings, Gral Holdings, Ltd., in an effort to obtain a result that would have the Miami-Dade Circuit Court declare that Gral Holdings is one and the same as Julia G. Gral and the Debtor. Evidently, this would enable the Estate of Peter Margolis to obtain some type of lien on the asset owned by the Debtor, Gral Holdings.

10. Actions against Gral Holdings and MAG have been postponed pursuant to the automatic stay. However, the Estate of Peter Margolis intends not to halt the proceedings against Julia G. Gral, the Michael A. Gral and Julia G. Gral Living Trust (the "Trust"), and Gral Holdings, Ltd. The Debtors-Plaintiffs in this adversary proceedings are concerned that if the Defendant is permitted to pursue the state court proceedings then such action will have a back door result of: (i) the Defendant obtaining a judgment against Julia G. Gral, which would be a judgment affecting the marital property interest of this bankruptcy estate in Julia G. Gral's property; (ii) the continuance of the state court proceedings would have a deleterious effect on the Debtor-Plaintiffs ability to reorganize because the legal effect of a favorable judgment in favor of the Defendant in the state court proceedings could result in essence obtaining an ownership interest in Gral Holdings, Ltd., and in marital property interests of this estate in Julia G. Gral's assets.

11. Further, at this juncture, the trust is a non-entity in that MAG considers whatever ownership interest the trust has in his assets, the trust would be ignored because it is a revocable estate planning trust rather than a business trust. In addition for that reason, the trust lies vulnerable because it is not qualified to be a Chapter 11 debtor.

3

Case 16-21329-gmh    Doc 184    Filed 05/26/16    Page 3 of 5

12. In addition, the Trust and Gral Holdings, Ltd., contain a sufficient identity of interest in that the trust should be ignored for ownership purposes and Gral Holdings, Ltd's only asset is its ownership interest in the Debtor, Gral Holdings.

13. This Court can enter an order to carry out the provisions of the Code when it is necessary and appropriate under 11 U.S.C. § 105(a).

14. When an injunction is sought pursuant to the aforementioned provision, the Bankruptcy Court can enjoin other proceedings in other courts when it is satisfied that such proceedings adversely impact the estate and defeat or impair the jurisdiction of the case before it.

15. Continue proceedings in state court regarding the trust, Gral Holdings, Ltd., and Julia G. Gral would have the following deleterious effects:

    (a) The defendant could obtain a judgment affecting the marital property interest of the MAG bankruptcy estate and Julia G. Gral's assets.

    (b) Should judgments be entered against the three parties for which this Complaint seeks application of the stay and for an injunction, may have to file their own bankruptcy petitions which would cause further disruption and expense to the two Debtor-Plaintiffs' estates.

16. The Debtors and Julia G. Gral, the Trust, and Gral Holdings, Ltd. have a sufficient identity interest to require an extension of the automatic stay and for granting an injunction under § 105 of the Code because the state court proceedings will directly affect these Debtors and their ability to successfully reorganize. The balance of hardship swings towards the Plaintiffs because they are merely seeking to postpone the state court proceedings pending the Debtors successful reorganization.

17. An order staying the state court proceedings will not be adverse to the public interest because the public interest favors efforts to contribute to successful reorganization under Chapter 11.

4

18. An order enjoining or staying the state court proceedings makes it more possible for successful reorganizations.

19. Continuing enforcement of the state court proceedings produces little gain for the Defendant but would prove to be a significant hindrance to the legitimate efforts of Debtors to reorganize.

WHEREFORE, Debtors request that the Court enter order grant a temporary stay and injunction on the continuation of the state court proceedings against Gral Holdings, Ltd., Julia G. Gral, and the Michael A. and Julia G. Gral Living Trust.

Dated at Milwaukee, Wisconsin this 26th day of May, 2016.

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for Debtors

By: _____
Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net