UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

Michael A. Gral[1],

                Debtor-in-Possession,

Case No. 16-21329-gmh
Chapter 11

---

**OBJECTION TO MOTION OF BIELINSKI BROS. BUILDERS, INC. FOR AN ORDER
CONFIRMING SCOPE OF THE AUTOMATIC STAY
AND GRANTING RELIEF FROM AUTOMATIC STAY**

---

1.      The movant has already submitted itself to the jurisdiction of this court with respect to all matters affecting the three debtors, including the so-called "reverse piercing" actions against certain non-filers of which the Debtors have an ownership interest. In addition, the movant has commenced an adversary proceedings against the objectors (albeit improvidently against CV), the gravamen of which is that the movant has been defrauded by actions of Gral (Doc. No. 1, in Case No. 16-02182-gmh, on page 17, states that Michael Gral's alleged fraudulent conduct "continues to this day.")

2.      The automatic bankruptcy stay can act to protect not only a debtor but also "some third party [which has] such a similarity of interest that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." <u>Fox Valley Construction Workers Fringe Benefit Funds v. Pride</u>, 140 F.3d 666 (7th Cir 1998).

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC,* Case No. 16-21331.**

Law Offices of Jonathan V. Goodman
788 North Jefferson Street – Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net

3.     Certainly, the movant's motion does not provide for sufficient cause to modify the automatic stay in this case, to allow the movant to proceed against the objecting Debtors, let alone on filers.

4.     There is more than ample authority for the premise that the movant's veil piercing claims and "fraudulent transfer claims may not have been stayed automatically, but they are subject to being stayed by the court through an appropriate proceeding initiated by a party with standing." Here, the [movant's] right to prosecute the [reverse veil piercing and] the fraudulent transfer claims raised in the State court action ultimately depends upon whether [the debtors acting as a] Chapter 7 trustee has any interest in pursuing those claims and the decisions [they make] within the next few months. In re Gronczewski, 444 B.R. 526, 534 (Bankr. E.D. Pa. (2011)).

5.     As movant has acknowledged, the Debtor intends to pursue these avoidance claims or reverse piercing claims on behalf of the Estate.

6.     The Debtors would bear the hardship of having to reappear in state court to litigate claims over which the Debtors have exclusive standing to pursue on behalf of all creditors.

7.     Naturally, the movant wants to go back to state court, because it has been successful in obtaining deleterious orders, and results which so far they have not been able to obtain from this court. In state court, the Debtors have been faced with orders generated with self-serving non-admissible allegations and affidavits from attorneys rather than the principals of the movant themselves clearly demonstrating a bias against the Debtors in state court. The Debtors will be forced to pay attorney's fees to one lawyer in state court, and another lawyer in federal court. And, if the movant is successful here, there is no reason why the estate of Peter

Margolis, would not be successful in trying to do the same thing by having the automatic stay modified so that it can proceed in the circuit court of Miami-Dade County against the Debtors. The movant speaketh with forked tongue when it says that the "creditors" will suffer hardship. (See Doc. No. 175, Page 10). The only hardship that the movant really cares about is its alleged hardship. If the movant wants to have four attorneys appear on its behalf all of them presumably generating fees, the movant is shooting itself in the foot and this should not be blamed on the Debtors.

8.     The only creditors that have been complaining about the automatic stay are the ones that have been active in pursuing pre-bankruptcy, the Debtors. One of the reasons for the filings was to coalesce all of the state litigation into one independent and neutral court where the claims of all creditors can be determined. The movant is seeking to be a step ahead of the other unsecured creditors by requesting that the stay be lifted, or that the stay should not extend to non-filing debtors.

9.     The movant's statement that there are no issues "of material fact" and that in the self-serving statement that there is a strong "likelihood of success" as being "very high" (see Doc. 175, page 11) is laughable. At the eventual hearing on this motion, the Debtors will present expert testimony that these supposed "ripe" veil piercing and fraudulent claims that movant claims are so valuable, are not cognizable. It is Debtor's contention that since this motion is not under 11 United States Code § 362(d) that Movant bears the burden of proof on all issues.

10.     The Motion of Bielinski is in essence a Motion to obtain injunctive relief enjoining this Court from proceeding to determine matters upon which the Debtor-in-Possession has a duty to process. Accordingly, the Movant selected the wrong procedure. It is necessary for the Movant to initiate an Adversary Proceedings in order to obtain relief from the Court

enjoining itself from hearing the matters before it for the benefit of all creditors and instead permitting the State court to resolve what would otherwise be a claim of the Debtor-in-Possession as a fiduciary.

WHEREFORE, Debtors pray that the court deny both the motion for modifying the automatic stay and if the court is going to opine on the scope of the automatic stay, that the scope extend to all entities of which the Debtors have an ownership interest.

Dated this 3rd day of June, 2016.

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for objecting Debtors

By: _____
Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 North Jefferson Street – Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net