UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral[1],

        Debtor-in-Possession.

Case No. 16-21329
Chapter 11

Jointly Administered

## PLAN OF REORGANIZATION

Capital Ventures, LLC, Debtor and Debtors-in-Possession ("Debtor") submits the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code.

## ARTICLE I

## DEFINITIONS

For purposes of the Plan of Reorganization, the following terms shall have the meanings as set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires). Those terms not specifically defined herein shall have the meanings ascribed to them in the Bankruptcy Code.

1.1    "Administrative Claim" shall mean a claim under Section 503(b) of the Bankruptcy Code, which is entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

1.2    "Allowed Claim" shall mean that portion of a claim which: (a) has been scheduled, other than a claim scheduled as disputed, contingent or unliquidated; or (b) as to which a proof of claim has been filed with the Bankruptcy Court, for which no objection to the allowance thereof has been made Court; or (c) as to which the Bankruptcy Court has entered a Final Order allowing such claim or any portion thereof.

1.3    "Bankruptcy Code" shall refer to Title 11 of the United States Code, as amended from

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Capital Ventures, LLC,* Case No. 16-21331.**

time to time.

1.4    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of Wisconsin, and any court having jurisdiction to hear appeals therefrom.

1.5    "Bankruptcy Rules" shall refer to the rules adopted by the United States Supreme Court to govern the practice and procedure in bankruptcy cases under the Bankruptcy Code.

1.6    "Claim" shall mean a claim as defined in Section 101(5), Bankruptcy Code.

1.7    "Debtor" shall mean the Debtor and Debtor-in-Possession herein.

1.8    "Effective Date of the Plan" shall mean the first business day after the date on which there is a Final Order confirming the Plan of Reorganization.

1.9    "Final Order" shall mean an Order which has been entered on the docket maintained by the Clerk of the Court for the Debtor's bankruptcy case, and (a) concerning which no timely appeal has been filed, relative thereto; or (b) concerning which a timely appeal has been filed relative thereto, but no stay pending appeal was obtained; or (c) concerning which a timely appeal was filed relative thereto and a stay pending appeal was obtained, and such appeal has been ultimately determined or dismissed.

1.10    "Projections" shall mean the projections attached hereto.

1.11    "Property of the Estate" shall mean property of the Debtor's estate as defined in Section 541, Bankruptcy Code.

1.12    "Secured Claim" shall mean a claim secured by a security interest, mortgage, encumbrance or lien, or any combination thereof, against real or personal property of the estate or the proceeds therefrom, to the extent that the amount of such Secured Claim does not exceed the value of the property securing it.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

The Claims shall be divided into the following classes:

2.1    <u>Class 1 Claims.</u>    Class 1 Claims consist of all Claims entitled to priority under §507(a)(1) of the Code, including generally all administrative expenses incurred in the Chapter 11 case,

as allowed by the Bankruptcy Court.

    2.2    <u>Class 2 Claim</u>.    The Class 2 Claim consists of the Allowed Secured Claim of Town Bank.

    2.3    <u>Class 3 Claim</u>.    The Class 3 Claims consist of the General Unsecured Claims.

    2.4    <u>Class 4 Claim</u>.    The Class 4 Claim consists of the interest of Michael Gral as a member of the Debtor, which Michael Gral shall retain.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE CLAIMS

    3.1    <u>Class 1 Claims</u>.    The Class 1 Claims for professional fees consist of the fees to be awarded to Debtor's counsel in the anticipated amount of $75,000.00, and any accrued but unpaid fees to the United States Trustee.

## ARTICLE IV

## TREATMENT OF SECURED CLAIMS
## UNDER THE PLAN

    4.1    <u>Class 2 Claim</u>.    The Class 2 Claim consists of the Allowed Secured Claim of Town Bank, which has a first mortgage on Debtor's property at 429 W. Silver Spring Drive in the approximate amount of $1,054,000.00.

Commencing with the first month after the Effective Date of the Plan, Debtor will continue payments of principal and interest of $7,847.39 with interest at 5.5%. The maturity date shall be ten (10) years from the Effective Date of the Plan. The Class 2 Claim is impaired. In addition, along with payment of principal and interest, Debtor shall make an escrow payment of one-twelfth (1/12) of the prior year's real property taxes.

## ARTICLE V

## TREATMENT OF OTHER CLAIMS
## UNDER THE PLAN

    5.1    <u>Class 3 Claims</u>.    The Class 3 Claims are the General Unsecured Claims, which consist of claims of 1) Anchor Bank, in the approximate amount of $100,000.00, and 2) Prospect Avenue

Holdings, LLC (an insider), in the amount of $215,594.00. The Class 3 Claims will be paid at $5,000.00 per year for a period of fifteen (15) years, without interest, commencing with the last month of the first year from the Effective Date of the Plan, and on the same month thereafter for the next fourteen (14) years. This constitutes a distribution 23.76%.

    5.2    <u>Class 4 Claim</u>.    The Class 4 Claim is the interest of Michael Gral as a member of the Debtor, which Michael Gral shall retain.

## ARTICLE VI

## MEANS FOR EXECUTION OF THE PLAN

    6.1    The execution of the Plan shall be accomplished by the following means and with funds provided from the following sources:

    (a) Cash flow from the Debtor; and

    (b) Possible re-finance or sale of Debtor's real property.

## ARTICLE VII

## TREATMENT OF EXECUTORY CONTRACTS AND LEASES

    7.1    The lease with Debtor with Steinhafels at 429 W. Silver Spring Drive will be assumed under the Plan. To the extent there may be other executory contracts, they shall be deemed rejected by virtue of the Plan.

## ARTICLE VIII

## MODIFICATION OF PLAN

    8.1    By Order of the Bankruptcy Court made at any time prior to Confirmation of the Plan, Debtor may amend or modify the Plan. After Confirmation of the Plan, the Debtor, pursuant to 11 U.S.C, Section 1127(b), and other provisions of the Bankruptcy Code and Bankruptcy Rules, may apply to the Bankruptcy Court for a modification of the Plan to remedy defects or omissions or reconcile inconsistencies therein, as may be necessary to carry out the purposes, intent and effect of the Plan.

# ARTICLE IX

## JURISDICTION BY THE BANKRUPTCY COURT

9.1     The Bankruptcy Court shall continue to maintain jurisdiction subsequent to Confirmation of the Plan for the purpose of:

- (a)  Fixing the allowance of any Claim or request for the allowance of fees and expenses as a cost and expense of the administration of the reorganization case;

- (b)  Re-examining any Claim or interest which has been allowed as of the date of confirmation;

- (c)  Hearing and determining any objection to a Claim which is filed with the Bankruptcy Court;

- (d)  Hearing and determining the extent, priority and validity of any lien or interest asserted by any party against the assets of the estate;

- (e)  Hearing and determining any action brought by the Debtor, or any representative of the Debtor, seeking to avoid any transfer of an interest of the reorganized Debtor in property or in any obligation incurred by the Debtor, that is avoidable or voidable pursuant to the provisions of the Bankruptcy Code;

- (f)  Hearing and determining all causes of action, controversies, disputes, or conflicts between the Debtor and any other party which were pending prior to confirmation;

- (g)  Determining all questions and disputes regarding title to the assets comprising the estate;

- (h)  Correcting any defect, curing any omission or reconciling any inconsistency in the Plan, or the order of confirmation as may be necessary to carry out the intent of the Plan;

- (i)  Confirming a modified Plan proposed by the Debtor pursuant to Section 1127(b) of the Bankruptcy Code;

- (j)  Hearing and determining any dispute relating to the terms or implementation of the Plan, or order of confirmation, or to the rights and obligations of the parties in interest with respect thereto;

- (k)  Issuing any Order necessary to implement the Plan or order of confirmation, including without limitation, such declaratory and injunctive Orders as are appropriate to protect the Debtor and the Debtor's estate, and holders of Claims to be paid or otherwise treated under the Plan of Reorganization;

(l) Making such affirmative Orders as may be necessary in connection with proper implementation of the Plan; and

(m) Entering an Order concluding and terminating the reorganization case.

## ARTICLE X

## EFFECT OF CONFIRMATION

10.1 Except as otherwise provided in this Plan or the order confirming the Plan, the confirmation of the Plan shall bind the Debtor and all holders of Claims, whether or not the foregoing persons are impaired under the Plan, and whether or not any of the foregoing persons have accepted the Plan.

10.2 Except as provided for in 11 U.S.C. Section 1141(d)(2) and (d)(3), and except as otherwise provided in the Plan or in the order confirming the Plan, the Property of the Estate shall be free and clear of all Claims.

10.3 Except as otherwise provided in the Plan or in the order confirming the Plan, the effect of the confirmation of the Plan shall be governed by 11 U.S.C. Section 1141.

Respectfully submitted this __6__ day of June, 2016.

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for Debtors

By: _____
Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 N. Jefferson St., Suite 707
Milwaukee, WI 53202
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net