UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>Michael A. Gral,<br><br>      Debtor. | Case No. 16-21329<br>Chapter 11 |

**JOINDER BY CREDITOR DONALD A. GRAL IN THE DEBTOR'S OBJECTION TO THE MOTION OF BIELINSKI BROS. BUILDERS, INC. RELATING TO SCOPE OF AND RELIEF FROM THE AUTOMATIC STAY**

Bielinski Bros. Builders, Inc. ("Bielinski") filed a motion requesting that this Court issue an order confirming the scope of the automatic stay, and then grant Bielinski relief from the stay so it can re-assume control of estate assets and pursue them for Bielinski's own exclusive benefit (the "Motion"). The Debtor objected to the Motion. Donald A. Gral is a creditor of the Debtor, and hereby joins in the Debtor's objection.[1]

In its Motion, Bielinski asks the Court to determine the scope of the automatic stay as applied to various claims and persons. But as the Debtor has rightly pointed out, a request for declaratory relief must be made by adversary proceeding, not motion. *See* Rule 7001.

This distinction is not one of prissy proceduralism, but a matter of substantive due process. Bielinski is requesting relief that potentially affects numerous parties, and certainly is intended to be binding upon them. Yet the Motion was only served on 13 lawyers who have already appeared

---

[1] The Motion and the objection were filed in two of three jointly administered cases. This joinder by Donald A. Gral pertains only to the case of Michael A. Gral, who will be referred to as the "Debtor" throughout this pleading. All statutory references herein are to sections of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and any references to a "Rule" mean a Federal Rule of Bankruptcy Procedure.

Mark L. Metz
Leverson Lucey & Metz, S.C.
3030 W. Highland Blvd.
Milwaukee, WI 53208
414-271-8502
mlm@levmetz.com

in this case, plus the Debtor, his non-debtor spouse, and the two related debtors. Motion practice is undeniably an expedient way to obtain relief after all necessary parties are present. However, American jurisprudence still adheres to the concept that judges should only issue orders if those who will be directly affected are properly brought before the court.[2]

Bielinski wants this Court to consider evidence and argument, and then confirm that the automatic stay does not apply to certain persons. Such a ruling would only be useful to Bielinski – or, for that matter, to the progress of this case and the Debtor's reorganization – if it's binding against Bielinski's targets. Cumbersome though it may be, the correct procedure for obtaining a judicial declaration about the rights of identifiable people is via adversary proceeding, in which those identifiable people are served with a complaint, brought within the court's jurisdiction, and given an opportunity to state their positions.

In the alternative, the Motion seeks relief from the automatic stay under section 362 – a traditional "contested matter" for which an adversary proceeding is not required. *See* Rule 9014. But even so, Bielinski has obfuscated the true nature of its request. The Motion is phrased as if Bielinski simply wants this Court's permission to go finish up some prepetition litigation that it started against the Debtor and others. Bielinski does not address the fact that the claims it would be litigating *now belong to the estate*.

Bankruptcy courts routinely receive (and grant) relief-from-stay motions in the form of "Allow me to complete my pending foreclosure, because there's no equity in the property anyway" or "Let me just finish my state law tort case against the debtor so the amount of my damages can be quantified for distribution purposes." But Bielinski's Motion is considerably different: It

---

[2] There are practical limits, of course. If a party cannot be located, service by publication might count as due process. Or if the requested relief would bind many thousands of people, certification of a class representative will be enough. But here, Bielinski desires to invoke the "order confirming scope" against specific persons and entities, and knows well how to locate and serve those targets.

asks for Bielinski to be put back in charge of litigating causes of action that belong to the estate and, if valid, should be administered for the benefit of all unsecured creditors.

The current Motion is a bad reworking of another motion that Bielinski filed during the first week of this Chapter 11 case and then abandoned just before the hearing. In that earlier motion, Bielinski asked for various forms of relief – dismissal, abstention, etc. – so it could proceed with the state court litigation against the Debtor and numerous other parties.

Bielinski even assigned a defined term to the state court case, calling it the "Fraudulent Transfer Action." In objecting to that earlier motion, Donald A. Gral argued as follows:

> [T]he "Fraudulent Transfer Action" is being prosecuted for Bielinski's exclusive benefit, backed by a state court receiver whose allegiance is owed to Bielinski alone. However, those causes of action are now property of estate. "It is well established" that once a petition in bankruptcy is filed, the trustee has the exclusive right to recover property fraudulently transferred by a debtor. *In re Clark*, 374 B.R. 874, 876 (Bankr. M.D. Ala. 2007). Of course, in a chapter 11 context, "trustee" includes the debtor in possession. *See also* the following cases cited by the *Clark* court: *[citations to a dozen supporting cases now omitted]*.
>
> A trustee or debtor in possession may be divested of this exclusive authority only in very narrow circumstances. Bankruptcy courts will confer standing to a particular creditor (or more often, a creditors committee) to pursue an estate cause of action only when (a) the trustee unjustifiably refuses a demand to pursue the action, (b) the creditor establishes a colorable claim or cause of action, and (c) the creditor seeks leave of court to prosecute the action in the name of the trustee. *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). *See also Fogel, Trustee v. Zell, et al.*, 221 F.3d 955, 965-66 (7th Cir. 2000); *In re SGK Ventures, LLC*, 521 B.R. 842, 848-51 (Bankr. N.D. Ill. 2014).
>
> Without any showing that the Debtor, as debtor in possession, has failed to administer the "Fraudulent Transfer Action" for the common good, Bielinski attempts to shortcut the traditional standards and resume control of an estate claim that it filed for its own exclusive benefit. In the process, Bielinski elides the thorny issue of whether it is even qualified to act as a representative of the estate. Questions of who controls and benefits from an estate asset should not be brought before the Court under the guise of "abstention."

Objection by Creditor Donald A. Gral, Docket No. 57, at pages 6-8.

In the current Motion, Bielinski again tries to take control of causes of action that belong to the estate, still ignoring the procedures and standards for derivative standing and instead presenting the issue in simplistic "relief from stay" terms. And to slide past the problem of a single creditor pursuing a "Fraudulent Transfer Action" for its own benefit, Bielinski assigns a new label to the state court case – the "2013 Alter Ego Litigation."

Changing the name of the state court claims is as ineffective as it is disingenuous. Nearly 30 years ago, the Seventh Circuit recognized that "alter ego" claims are often not personal to a specific creditor, but causes of action that vest in a bankruptcy trustee for the ultimate benefit of all creditors. *Koch Refining v. Farmers Union Central Exchange, Inc*., 831 F.2d 1339 (7th Cir. 1987). Although the Court in *Koch Refining* was applying both Indiana and Illinois law, it noted that "This court previously recognized the bankruptcy trustee, representing creditors, as the proper party to bring an alter ego claim under Wisconsin law." *Id*. at 1346, *citing Matter of Kaiser*, 791 F.2d 73 (7th Cir. 1986).

Bielinski's latest Motion, though characterized as one for "relief from automatic stay," is another attempt to seize control of causes of action that belong to the estate. Bielinski asks for authority to pursue the "2013 Alter Ego Litigation", f/k/a the Fraudulent Transfer Action, without acknowledging that those claims are property of the bankruptcy estate. But they are, and there's a well-established procedure for a creditor to obtain derivative standing: (a) demonstrate that the trustee (or here, the debtor in possession) unjustifiably refuses a demand to pursue the action, (b) establish the existence of a colorable claim or cause of action, and (c) seek leave of court to prosecute the action in the name of the trustee. *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). *See also Fogel, Trustee v. Zell*, *et al*., 221 F.3d 955, 965-66 (7th Cir. 2000); *In re SGK Ventures, LLC*, 521 B.R. 842, 848-51 (Bankr. N.D. Ill. 2014).

4

Rather than follow the established procedure, Bielinski hopes to achieve the functional equivalent of derivative standing through misdirection. "Relief from stay" should not be used as a shortcut for taking control of causes of action that belong to the bankruptcy estate. Accordingly, Donald A. Gral joins in the Debtor's objection to the Motion.

Dated this 7th day of June, 2016.

>LEVERSON LUCEY & METZ S.C.
>
> / s/ Mark L. Metz
> Mark L. Metz
> Attorneys for Donald A. Gral
> 3030 W. Highland Blvd
> Milwaukee, Wisconsin 53208
> Telephone: (414) 271-8502
> Facsimile: (414) 271-8504