UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the matter of:

Michael A. Gral,[1]　　　　　　　　　　　　　　　　Case No. 16-21329-GMH

　　　　Debtor-in-possession.　　　　　　　　　　　　Chapter 11

---

**UNITED STATES TRUSTEE'S OBJECTION TO THE SECOND INTERIM FEE APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF COUNSEL FOR MICHAEL GRAL**

---

The United States Trustee Patrick Layng, by Attorney Laura D. Steele, objects as follows to the second interim fee application of counsel for Michael Gral ("Debtor"):

1. Counsel filed its first interim fee application on April 20, 2016 as Docket No. 114 (the "first interim application").

2. The first interim application covered the time period of February 22, 2016 through April 8, 2016.

3. The Court approved fees and costs in the amount of $17,278.62 and withheld approval of $4,215 in fees.

4. In its second interim fee application filed on June 20, 2016, Debtor's counsel seeks fees and costs of $6,516.90 (the "second interim fee application"). Docket No. 232.

5. The second interim fee application covers the time period of March 14, 2016 through May 27, 2016.

6. Accordingly, the first and second interim fee applications cover overlapping time periods.

7. The United States Trustee Objects to all entries in the second interim fee application dated April 8, 2016 and earlier, including:

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael Gral*, Case No. 16-21329.**

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499; Fax (414) 297-4478

a. 03-15  Meeting with Michael re: Schedules 1.50 (pg. 4)

   b. 04-02 Attention to email to US Trustee re meeting with debtor .30 (pg. 4)

   c. 03-28  Preparation for hearings re March 30th Telephone Conversation . 3.60 (pg. 5)

   d. 03-14   Telephone conversation with Rusty Long re: His client, TCF Bank .30 (pg. 6)

8. The Local Rules of this Court require that all applications for compensation include, among other things, a chronological record of time spent on a case. L. R. Bankr. P. 2016.

9. The second interim fee application does not indicate why these entries that fall within the fee period of the first interim fee application were not included within that application.

10. Counsel's failure to keep an accurate chronological record of his time calls into doubt the accuracy of the records submitted to the Court.

11. The United States Trustee's concerns regarding the accuracy of counsel's time records is highlighted by counsel's inclusion of time entries that were previously applied for and approved within the first interim fee application.

12. For example, the entry "03-14 Telephone conversation with Rusty Long re: His client, TCF Bank  .30" appears on page 6 of the second interim fee application and also on page 7 of the first interim fee application.

13. Likewise, both the first and second interim fee applications include an entry on March 15 for a meeting regarding schedules. The first interim fee application includes "03-15 meeting to discuss schedules 1.80" (Docket No. 114 at pg. 4); the second interim fee application includes "03-15 Meeting with Michael re: schedules  1.50" at page 4.

14. The estate should not inadvertently pay counsel twice for the same services.

15. The United States Trustee presumes that counsel reviewed the second interim fee application for accuracy prior to signing and filing.

16. The United States Trustee should not be required to proof counsel's fee applications for accuracy.

17. The United States Trustee further objects as follows:

   a. The second interim fee application includes vague entries which do not provide sufficient detail for the Court or the United States Trustee to determine their reasonableness:

      i. 04-11 Follow-up on 341 hearing documents; obtained insurance certificates .50. (pg. 4).

      ii. 04-26 Telephone conversation with Tracy Coenen re: valuations .30. (pg. 5).

   b. The second interim fee application includes one hour for preparation of an amended employment application, resulting in a cost of $300 to the estate. Docket No. 232 at pg. 8. The amendments were necessitated by counsel's failure to make required disclosures at the outset of this case. The estate should not bear this cost due to counsel's shortcomings.

WHEREFORE, the United States Trustee requests that the Court deny the second interim fee application of Debtor's counsel, and grant such other relief as is just. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief or pleading if necessary.

Dated: June 27, 2016.

                                                PATRICK S. LAYNG
                                              United States Trustee

                                              _____
                                              LAURA D. STEELE
                                              Attorney for the United States Trustee