**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

In the matter:

Michael A. Gral[1], Case No. 16-21329-GMH

Debtor-in-possession. Chapter 11

---

**BIELINSKI BROS. BUILDERS, INC.'S**
**OBJECTION TO MOTION TO EXTEND EXCLUSIVITY PERIOD**

---

Bielinski Bros. Builders, Inc. (the "Objector"), one of the twenty largest unsecured creditors of Michael A. Gral (the "Debtor"), by its attorneys, Godfrey & Kahn, S.C., objects to the Debtor's *Motion to Extend Exclusivity Period* [Docket No. 223] (the "Motion"), on the grounds that Debtor has failed to demonstrate cause for the requested extension. In support of such objection, Objector shows to the Court as follows:

1. 11 U.S.C. § 1121 establishes the time lines for filing plans of reorganization. Section 1121(a) permits the debtor to file a plan of reorganization at any time. However, § 1121(b) gives the debtor in possession the exclusive right to file a plan during the 120 day period after the date of the order of relief under Chapter 11. If the debtor in possession files a plan during this 120 day period, § 1121(c)(3) grants the debtor in possession 180 days from the date of the order of relief to solicit acceptances of the plan.

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Michael Gral*, Case No. 16-21329.**

Drafted by:
Katherine Stadler, Carla Andres, Sean Bosack and Nina Beck
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; candres@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

2. The Bankruptcy Code allows the court, for cause, on request of any party in interest, to reduce or increase the exclusivity periods. 11 U.S.C. § 1121(d)(1). The burden of proving cause to reduce or increase exclusivity is on the moving party, in this case the Debtor. *In re Borders Group, Inc.,* 460 B.R. 818 (Bankr. S.D.N.Y. 2011), citing *In re R.G. Pharm., Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

3. Debtor's Motion is based upon an assertion that he intends to pursue "so-called" avoidance claims, including fraudulent conveyance claims, veil-piercing claims and conspiracy claims against certain defendants that are insiders (the "Claims") and has been delayed in his retention of special counsel for this purpose. Debtor's counsel expresses a view that the retention of special counsel by the debtor would remedy any inherent conflict presented by Michael Gral's relationship with the insiders and his past efforts to defend such Claims that he now purportedly intends to pursue on behalf of the estate. The conflict of interest is the result of Mr. Gral's relationship to the defendants and his alleged participation in the schemes giving rise to the Claims. The appointment of special counsel will not remedy the conflict.

4. Courts typically rely on the following factors to determine whether cause has been established: (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its post-petition debts as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's

reorganization demands; and (9) whether an unresolved contingency exists. 2 Robert E. Ginsberg & Robert D. Martin, *Ginsberg & Martin on Bankruptcy* § 13.11[B] (5th ed. 2016), citing *In re Lichtin/Wade, LLC*, 478 B.R. 204 (Bankr. E.D.N.C. 2012); *In re Borders Group, Inc.*, supra; *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661 (Bankr. E.D. Mich. 1997); *In re Express One Int'l*, 194 B.R. 98 (Bankr. E.D. Tex. 1996).

5. An application of the factors commonly considered by courts to determine whether cause exists leads to the conclusion that the exclusive period should not be extended.

(a) First, Debtor's schedules do not reveal that this is a large or complex case, and the "Draft" Plan of Reorganization shared by Debtor very early in these proceedings stated one very simple intention – Debtor contemplates selling the Claims to fund his Plan of Reorganization.

(b) Second, there has been no assertion by Debtor that time is needed to negotiate a plan of reorganization or to prepare adequate information.

(c) Third, there has been no good faith progress towards reorganization. Debtor alternatively indicates that there has been no decision to pursue the Claims, that the Claims are not cognizable, and that the Claims will be sold to fund his Plan of Reorganization. No effort has been made to formally identify or quantify the Claims.

(d) Fourth, concern has already been expressed, in connection with the Fee Applications of Debtor's counsel, that there are insufficient funds for the estate to pay administrative expenses as they arise.

(e) Fifth, and perhaps most importantly, the Debtor has no demonstrated reasonable prospects for filing a viable plan. The Claims have not been valued and, to the extent the claims can be pursued on behalf of the creditors, these Claims should be pursued by the Creditors' Committee to maximize the value of the recovery.[2]

(f) Sixth, there has been no progress or even attempts at negotiation between the Debtor and the largest unsecured creditors.

(g) Seventh, four months of this case have already elapsed

(h) Eighth, the inconsistency of Debtor's positions with regard to the Claims suggest, when taken in connection with the current attempt to extend the exclusivity period, that the purpose behind the requested extension may simply be to handcuff the creditors from proposing a third party plan. See *In re Timbers of Inwood Forest Assocs., Ltd*., 808 F.2d 363, 372 (5th Cir. 1987), *aff'd*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988).

(i) Finally, Objector is not aware of, and Debtor has not asserted, any unresolved contingency.

6. The creation of the Creditor's Committee weighs in favor of a termination of the exclusivity period so that the Committee may pursue a plan, or, potentially, a consensual plan with the support of all non-insider creditor groups

7. For the reasons set forth herein, the Objector respectfully requests that the Court deny Debtor's Motion to Extend Exclusivity Period.

---

[2] Today, the Office of the United States Trustee filed its *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 262].

Dated this 1st day of July, 2016.

GODFREY & KAHN, S.C.

*/s/ Carla O. Andres*
Katherine Stadler (State Bar No. 1030775)
Carla O. Andres (State Bar No. 1020997)
Sean O'D. Bosack (State Bar No. 1029661)
Nina Beck (State Bar No. 1079460)

*Attorneys for Bielinski Bros. Builders, Inc.*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; candres@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

15833262.2