UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

CASE NO. 16-21329-gmh
Chapter 11

IN RE:

MICHAEL A. GRAL,[1]

    Debtors-in-Possession.

_____

**RESPONSE OF THE MARGOLIS ESTATE TO MOTION FOR
ORDER ENFORCING STAY AND FOR SANCTIONS (Doc. 265)**

The Estate of Peter Margolis hereby responds to the Debtor's Motion for Order Enforcing Stay and for Sanctions (Doc. 265), as required by this Court's Order dated July 5, 2016, and, in support, states as follows:

1. Subsequent to this Court's order, pronounced verbally at the hearing on June 28, 2016 and reflected in the Court Minutes and Order (Doc 261), denying the Debtor's motion to enjoin the Margolis Estate from continuing the Florida litigation against non-debtors, undersigned proceeded to set hearings on motions and discovery issues that had been pending since prior to the bankruptcy filing and/or prior to the filing of the motion to enjoin. Hearings were set on matters that relate to non-debtor Julia Gral.

2. On June 29, 20216, undersigned filed the attached *amended* motion asking that the Florida Court order Julia Gral to advise the court whether she intends to proceed pro se in the Florida litigation, identify new counsel or be subject to a default. The *original* motion had sought relief against other non-debtors Gral Holdings Ltd and the Living Trust. In order to ensure that there was no violation of the stay undersigned amended the Motion to limit its reach to Julia Gral. (See attached Amended Motion for Default, **Exhibit A).**

---

[1] This court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331.

3. Pending in the Florida State Court litigation, and filed prior to the filing of the bankruptcy, was a Motion to Amend Proceedings Supplementary to add Margolis Gral, LLC as an impleader defendant. Margolis Gral, LLC is also a non-debtor and is the entity in which Michael Gral assigned his beneficial ownership to his wife Julia, as a loan requirement for Glendale Medical Investments in 2011. Because Julia Gral is half-owner of Margolis Gral, LLC (and Nancy Margolis is the other half-owner), the Motion to Amend is directed to Julia Gral. After receiving a copy of the Notice of Hearing on the Motion to Amend, the Debtor advised in an e-mail to undersigned that the Debtor did not believe he could contest the Motion to Amend (see attached e-mail from attorney Jonathan Goodman dated June 29, 2016, **Exhibit B).** The Motion to Amend seeks no relief against any debtor, simply Julia and Margolis Gral LLC, both non-debtors. (See attached Motion to Amend, **Exhibit C).**

4. Also pending in the state court litigation, prior to any bankruptcy filing, were Interrogatories and a Request for Admissions, propounded on only Julia Gral, in January and early February 2016. Julia Gral filed an objection to these discovery requests in April 2016 through her then Florida counsel. Attached hereto are the Requests for Admissions and Interrogatories directed to Julia. Julia's objections to the discovery were set by undersigned for hearing on August 2, 2016. (See discovery requests, objections and notice of hearing, attached hereto as composite **Exhibit D).**

5. After setting the above matters for hearing, and to assure Debtor and his counsel that undersigned was seeking to recover only Julia's interests in the above referenced assets, undersigned advised Attorney Goodman as follows:

> Mr. Goodman
>
> There is no injunction against us proceeding against Julia. We will continue to pursue Julia here in Florida, but if it comes down to obtaining her interest in Margolis Gral LLC and/or Glendale Medical Investments, LLC, or any other asset for that matter we will simply seek an order that we are entitled to her stock in partial

> satisfaction (assuming that they are both worth no more that $219,000 K as I do not believe Michael would misrepresent this on his bankruptcy filings) on our Judgment subject to an eventual ruling by Judge Halfenger on whether or not Michael has any alleged marital interest. That way our case down here against Julia can conclude subject to Judge Halfenger's decision.

(See attached e-mail dated June 30, 2016, **Exhibit E**).

6. This e-mail to Mr. Goodman, along with the pleadings, should have put to rest any notion that the Margolis Estate was attempting to pursue or collect property of Michael Gral's bankruptcy estate. To the contrary, undersigned made clear to Mr. Goodman that no action would be taken against property to which Michael Gral (or the bankruptcy estate) might have marital rights or marital interest, until such time as this Court enters an order on Michael Gral or the bankruptcy estate's property rights as regards Julia Gral's assets. Since Julia Gral is not a party to the bankruptcy proceedings, and is a party in the Florida litigation, subject to the Florida Court's jurisdiction, she needs to respond to the court, respond to discovery requests, and advise the court how she intends to proceed. Any cost or expense of this non-debtor should not be absorbed by this bankruptcy estate, and Mr. Goodman should not be permitted to advocate for Julia Gral in Florida through the back door. If he continues to do so he should not charge this estate.

7. If the Florida Court were to award the Margolis Estate Julia Gral's interest in various assets, it would be subject to this court's decision regarding the bankruptcy estate's property rights in said assets of Julia Gral. No action to dispose of Julia Gral's assets awarded to the Margolis Estate can be taken unless this Court determines that the bankruptcy estate has no interest. The Florida litigation can continue to proceed against Julia under these constraints, and Julia Gral does not and should not get a free pass because of her husband's bankruptcy filing.

></br>
> */s/* Robert Ader
> ROBERT ADER, ESQ.
> Fla. Bar No. 335126
> ADER & HITT, P.A.
> Miami Tower, Suite 3550
> 100 S.E. 2nd Street
> Miami, Florida 33131
> Telephone: (305) 371-6060
> Email:     aderlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and parties-in-interest via transmission of Notices of Electronic Filing generated by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing in this case and by U.S. Mail on all parties listed on the attached service list.

>  */s/Robert Ader*
> ROBERT ADER