UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In the matter of:

Michael A. Gral,[1]                                      Case No. 16-21329-GMH

          Debtor-in-possession                          Chapter 11

## UNITED STATES TRUSTEE'S OBJECTION TO THE THIRD INTERIM FEE APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF COUNSEL FOR MICHAEL A. GRAL

The United States Trustee Patrick Layng, by Attorney Laura D. Steele, objects as follows to the second interim fee application of counsel for Michael A. Gral ("Debtor"):

1. Counsel filed its first interim fee application on April 20, 2016 for the time period of February 22, 2016 through April 8, 2016. Docket No. 114.

2. The second interim fee application covered the time period of March 14, 2016 through May 27, 2016. Docket No. 232.

3. The third interim fee application filed on July 21, 2016 now covers the time period of May 2, 2016 through June 16, 2016. Docket No. 298.

4. Counsel again submits a monthly application which overlaps with a previously submitted application.

5. Counsel states "it was not intended that these interim applications be solely related to the previous month."

6. The Order approving this alternate arrangement for compensation provides: "Debtors' counsel shall file interim applications for each Debtor pursuant to the local rules governing fee applications in the usual form with the court and the U.S. Trustee on a **monthly basis** at the same time that each Debtor files its monthly operating report." Docket No. 208 (emphasis supplied).

---

[1]The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael Gral*, Case No. 16-21329.**

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499; Fax (414) 297-4478

7. The Local Rules of this Court require that all applications for compensation include, among other things, a chronological record of time spent on a case. L. R. Bankr. P. 2016.

8. Accordingly, the local rules require counsel to keep a chronological record of time, and the Court's order requires counsel to submit applications on a monthly basis.

9. If counsel's "office system" does not enable counsel to contemporaneously record time and submit accurate monthly applications, the United States Trustee respectfully requests that the Court reconsider its order allowing monthly compensation in these cases.

10. The United States Trustee's specific objections to counsel's time entries are detailed as:

| Date | Description | Time | Amount ($300/hr) | Page | Basis for UST Objection |
|---|---|---|---|---|---|
| 05-02 | Telephone conversation with Alex Martin re: adequate protection | .30 | $90 | 4 of 10 | Overlaps with previously submitted application. |
| 05-11 | Attention to email to Michael Gral re: putting taxes on MORs | .30 | $90 | 4 of 10 | Overlaps with previously submitted application. |
| 06-14 | Preparation of pre-petition time to respond to request for additional information | .75 | $225 | 5 of 10 | Vague; not recorded within a tenth of an hour. |
| 06-26 | Attention to email to Laura Steele forwarding Order | .30 | $90 | 5 of 10 | Vague. |
| 05-02 | Attendance at meeting with US Trustee's office (attempt to settle disputes unsuccessful) | 1.50 | $450 | 7 of 10 | Meeting involved UST concerns regarding two other unrelated cases in which attorney Goodman served as counsel.<br><br>Meeting concerned Attorney Goodman's deficiencies in making required disclosures in his fee applications. The meeting was necessitated by counsel's failure to make required disclosures at the outset of this case. The estate should not bear this cost due to counsel's shortcomings. Moreover, the estate should not bear cost of discussions involving unrelated debtors. |

2

| Date | Description | Hours | Amount | Page | Objection |
|---|---|---|---|---|---|
| 05-02 | Preparation of new Affidavits of distinterestedness; attention to email to MAG | 2.00 | $600 | 7 of 10 | Overlaps with previously submitted application.<br><br>The new affidavits of disinterestedness were necessitated by counsel's failure to make required disclosures at the outset of this case. The estate should not bear this cost due to counsel's shortcomings.<br><br>The entry reflects lumping of services. Entry should be clarified to state the amount of time spent on each task. |
| 05-19 | Memorandum in support of applications for appointment | .60 | $180 | 7 of 10 | Overlaps with previously submitted application.<br><br>The memorandum was necessitated by counsel's failure to make required disclosures at the outset of this case. The estate should not bear this cost due to counsel's shortcomings. |
| 05-23 | Preparation of pre-trial report re: hearing | 1.00 | $300 | 7 of 10 | Overlaps with previously submitted application.<br><br>Vague.<br><br>To the extent the pretrial report relates to a hearing on counsel's disinterestedness, the estate should not bear the cost of counsel's failure to make required disclosures at the outset of this case. |
| 05-24 | Meeting and preparation for hearing | 3.00 | $900 | 7 of 10 | Overlaps with previously submitted application.<br><br>Vague.<br><br>To the extent the meeting and preparation relates to a hearing on counsel's disinterestedness, the estate should not bear the cost of counsel's failure to make required disclosures at the outset of this case. |

| Date | Description | Hours | Amount | Page | Comments |
|---|---|---|---|---|---|
| 05-25 | Attendance at hearing and preparation re: appointment | 3.70 | $1,110 | 7 of 10 | Overlaps with previously submitted application.<br><br>The entry reflects lumping of services which should be separated.<br><br>The estate should not bear the cost of counsel's failure to make required disclosures at the outset of this case, which necessitated the hearing regarding counsel's appointment. |
| 05-26 | Preparation of order to obtain compensation without applying to court | .20 | $60 | 7 of 10 | Overlaps with previously submitted application. |
| 06-06 | Application to approve employment of Albert Solochek as special counsel; Affidavit of disinterestedness; Motion for reduction of time | .50 | $150 | 7 of 10 | The entry reflects lumping of services. Entry should be clarified to state the amount of time spent on each task.<br><br>It is not clear why counsel for the Debtor prepared the application on behalf of special counsel. |
| 05-10 | Preparation of Schedule IV to Disclosure Statement | 1.00 | $300 | 8 of 10 | Overlaps with previously submitted application.<br><br>No disclosure statement has been filed in this case; it is not clear this service relates to this Debtor. |
| 06-13 | Preparation of Disclosure Statement | 1.50 | $450 | 8 of 10 | No disclosure statement has been filed in this case; it is not clear this service relates to this Debtor. |
| 06-15 | Preparation of Schedule V of Disclosure Statement | .75 | $225 | 8 of 10 | No disclosure statement has been filed in this case; it is not clear this service relates to this Debtor.<br><br>Entry not recorded within a tenth of an hour. |
| 05-03 | Attention to email to Neal Levin re: participation in 2004 examination of Bielinski Bros. | .50 | $150 | 9 of 10 | Overlaps with previously submitted application. |
| 05-03 | Meeting with Michael Gral re: 20004 examination; Bielinski matters; hiring special counsel; drafting of Plan and Disclosure Statement | 2.00 | $600 | 9 of 10 | Overlaps with previously submitted application.<br><br>Impermissibly lumps services.<br><br>It is not clear that these services pertain to this Debtor. |

4

| 05-09 | Telephone conversation with Michael Gral re: 2004 examination schedule | .50 | $150 | 9 of 10 | Overlaps with previously submitted application. |
|---|---|---|---|---|---|
| 05-10 | Attention to email to Michael Gral re: objections to 2004 examination | .40 | $120 | 9 of 10 | Overlaps with previously submitted application.<br><br>Vague. |
| 05-10 | Attention to email to Bosack and Stadler re: 2004 examination | .50 | $150 | 9 of 10 | Overlaps with previously submitted application.<br><br>Vague. |
| 05-11 | Another long meeting with Michael Gral re: 2004 examination and documentation | 1.00 | $300 | 9 of 10 | Overlaps with previously submitted application. |
| 05-11 | Attention to preparation of motion for relief from order on 2004 examination | 2.00 | $600 | 9 of 10 | Overlaps with previously submitted application. |
| 05-16 | Attention to email to Neal Levin re: 2004 examination | .30 | $90 | 9 of 10 | Overlaps with previously submitted application. |
| 05-18 | Meeting with Tracey Coenen and Mark Metz re: valuations | 1.50 | $450 | 9 of 10 | Overlaps with previously submitted application.<br><br>Vague. |
| 05-26 | Preparation of objection to participation of Estate of Peter Margolis and SB-1 2004 examination | 1.00 | $300 | 9 of 10 | Overlaps with previously submitted application. |
| 05-27 | Objection to motion for order re: scope of automatic stay | 1.00 | $300 | 9 of 10 | Overlaps with previously submitted application. |
| 06-15 | Attention to email to Stadler and Bosack re: offer of settlement | .75 | $225 | 9 of 10 | Vague.<br><br>Entry not recorded within a tenth of an hour. |
| 06-16 | Attention to email to Robert Ader re: Ms. Margolis' attempts to contact office personnel | .30 | $90 | 9 of 10 | Vague.<br><br>It is unclear how this service provided any benefit to the Debtor's estate, and whether this service pertains to this Debtor. |
| 05-31 | Meeting with Mr. Gral re: Johnson Bank, Park Bank, loan terms, loan maturation, and Key Biscayne interest rate | 1.00 | $300 | 10 of 10 | Vague.<br><br>It is not clear this service relates to this Debtor. |

5

| | Costs | | $30.80 | 2 of 10 | There is no description provided for costs claimed. Counsel should provide further detail regarding costs requested. |
|---|---|---|---|---|---|
| | Total: | 30.50 | $9,075.80 | | |

WHEREFORE, the United States Trustee objects to allowance of at least $9,075.80 in fees and costs, and requests that the Court approve only $1,770 for fees and costs on an interim basis for this Debtor's counsel. The United States Trustee preserves its rights to review interim fees on a final basis at such time a final application is made to the Court by Debtor's counsel.

Dated: July 26, 2016.

PATRICK S. LAYNG
United States Trustee

_____
LAURA D. STEELE
Attorney for the United States Trustee