UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

Michael A. Gral[1],

        Debtor-in-Possession.

Case No. 16-21329
Chapter 11

Jointly Administered

---

Michael A. Gral and
Gral Holdings Key Biscayne, LLC,

        Plaintiff,

vs.

Estate of Peter Margolis by
Nancy Margolis, Personal Representative,

        Defendant.

Adversary Case No: 16-02193-gmh

---

## BRIEF IN SUPPORT OF MARITAL PROPERTY

### Facts

Michael A. Gral is a Debtor having filed Chapter 11 on February 20, 2016. Michael A. Gral was married on June 2, 1990. He remains married to his loyal spouse today. Mr. and Mrs. Gral always owned their assets as marital property under Wisconsin law.

As of today, Glendale Medical Center, LLC owns a medical office building at 5650 North Green Bay Avenue, Glendale, Wisconsin. Glendale Medical Center, LLC is owned by Integral Medical, LLC, which in turn has three members: Glendale Medical Investments, LLC, one-third;

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael A. Gral*, Case No. 16-21329, *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330 and *In re Michael A. Gral and Gral Holdings Key Biscayne, LLC v. Estate of Peter Margolis,* Adversary Case No. 16-02193.**

PREPARED BY:
Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net

Margolis Gral, LLC, one-third; and CWD, LLC, one-third. Glendale Medical Investments, LLC is owned fifty-percent (50%) by Julia G. Gral and fifty-percent (50%) by Donald J. Gral. Margolis Gral, LLC is owned fifty-percent (50%) by Julia G. Gral and fifty-percent (50%) by the Estate of Peter Margolis. CWD, LLC is owned by Daniel J. Walsh and Carol G. Walsh equally. Attached hereto as Exhibit A is a schematic of the ownership.

In the summer of 2011, Glendale Medical Center, LLC needed new financing. An insurance company, American Equity Investment Life Insurance Company was interested in providing favorable financing. However, the Insurance Company did not want Michael A. Gral as a titled owner of any of the obligor entities. It was acceptable that Mrs. Gral be an owner.

In the summer of 2011, the membership interest in the various entities attributable to Michael A. Gral and Julia G. Gral were titled in the Michael A. Gral and Julia G. Gral Living Trust, dated June 13, 2006. As a consequence, the Michael A. Gral and Julia G. Gral Living Trust, dated June 13, 2006, by the Trustees, assigned to Julia G. Gral, its interest in Margolis Gral, LLC, a Florida Limited Liability Company. Nothing in that Assignment of Membership Interest indicates that the interest of the Trust in Margolis Gral, LLC and subsequently of Julia G. Gral, was intended to convert the interest from marital property to individual property. A copy of the Assignment of Membership Interest is attached hereto as Exhibit B. Similar circumstances apply to the Trust's assignment of its membership interest in Glendale Medical Investments, LLC, a Wisconsin Limited Liability Company, to Julia G. Gral, however such interest is not the subject of ongoing litigation by the Estate of Peter Margolis, so is not the subject of elaboration herein to the extent of Margolis Gral, LLC.

The Schedules of Michael A. Gral indicate that he is a fifty-percent (50%) owner of Margolis Gral, LLC and Glendale Medical Investments, LLC with each having an interest in Glendale Medical Center, LLC through Integral Medical, LLC. This is based upon his position that the interest in Margolis Gral, LLC is marital property and therefore the entire interest of Michael A. Gral and Julia A. Gral is part of his Estate under marital property principles. No value was given to the interest in

Margolis Gral, LLC in the Debtors Schedules, for purposes of the Schedules, that value was placed in Glendale Medical Center, LLC, the fee title owner of the medical facility to avoid redundancy. (See Document #52, page 6 of 51.)

## Argument

The scheme for the Wisconsin marital property Act is contained in Chapter 766 of the Wisconsin Statutes. Section 766.31(2) states that "All property of spouses is <u>presumed</u> to be marital property." (emphasis supplied).

Section 766.31(3) states that "Each spouse has a present undivided one-half interest in each item of marital property…"

Section 766.31(5) states that if property is transferred to a trust, this does not change the original classification of the property.

Section 776.31(7) says that regarding property received by a spouse during the marriage "is individual property if acquired by any of the following means:

    (a) By gift during lifetime or by a disposition at death <u>by a 3rd person</u> to that spouse and not to both spouses. A distribution of principal or income from a trust created <u>by a 3rd person</u> to one spouse is the individual property of that spouse unless the trust provided otherwise. (emphasis supplied).
    (b) In exchange for or with the proceeds of other individual property of the spouse.
    (c) From appreciation of the spouse's individual property except to the extent that the appreciation is classified as marital property under s. 766.63.
    (d) By a decree, marital property agreement or reclassification under sub. (10) designating it as the individual property of the spouse.
    (e) As a recovery for damage to property under s. 766.70, except as specifically provided otherwise in a decree or marital property agreement.
    (f) As a recovery for personal injury except for the amount of that recovery attributable to expenses paid or otherwise satisfied from marital property and except for the amount attributable to loss of income during marriage.

The only possible argument that the assignment of the titled interests of the Trust to Julia G. Gral resulted in the transfer of the marital interest of Michael A. Gral in the ownership interests in Margolis Gral, LLC or Glendale Medical Center, LLC would be reclassification under Section 766.31(10). That section says "Spouses may reclassify their property by gift, conveyance, as

defined in s. 706.01(4), <u>signed by both spouses</u>, marital property agreement, written consent under s. 766.61(3)(e) or unilateral statement under s. 766.59 <u>and, if the property is a security, as defined in s. 705.21(11), by an instrument, signed by both spouses, which conveys an interest in the security.</u>" (At the Hearing, the Court opined that the interests in the LLCs are securities.) "If a spouse gives property to the other spouse <u>and intends at the time the gift is made</u> that the property be the individual property of the donee spouse, the income from the property is the individual property of the donee spouse…" (emphasis supplied).

The Assignment of Membership Interest from the Michael A. Gral and Julia G. Gral Living Trust to Julia G. Gral of the membership interest in Margolis Gral, LLC, Exhibit B, is signed by Julia G. Gral, individually as a spouse, but not Michael A Gral, individually as a spouse, and by Michael A. Gral only as a Trustee of the Trust. Since the conveyance was by a Trust and was signed by Mr. and Mrs. Gral as Trustees, and not individually, as far as the conveying party, there was no signature by both spouses.

A copy of the salient parts of the Trust instrument are attached as Exhibit C. Article II(A)(3) states that "Marital property transferred to the trust by the Settlors at any time…shall retain its character as marital property…" Paragraph (D)(1) of that Article states that "While both Settlors are alive, Settlors, or either of them, may withdraw all or any part of the marital property in the trust…Any such withdrawals shall be delivered to the withdrawing Settlor or Settlors, as the case may be, as marital property."

The Grals have always treated the interests in Margolis Gral, LLC and Glendale Medical Investments, LLC as marital, whether titled in the name of Michael, the Trust or Julia, and always reported the interests as marital in tax returns and financial statements. Further, all capital contributions to Margolis Gral, LLC and Glendale Medical Investments, LLC, both prior to and since the interests were titled in Julia's name, were from marital assets.

Given the statutory presumption of marital property, the provisions of the Trust instrument that provide for retention of the marital property classification upon the transfer of property to and from the Trust, and the absence of a written instrument meeting the requirements to reclassify marital property to individual property, the interests retain their character as marital property.

As the Defendant, Estate of Peter Margolis bears the burden (see <u>Wright</u> v. <u>Wright</u> 307 WIS 3rd 156, 747 N.W. 2nd 690, 695 (2007)), it is Michael A. Gral's position that the following scenario will not be able to be overcome by the Defendant. The presumption of marital property and the statutory scheme cited above, can only result in one conclusion: that the interest of the Gral family in Margolis Gral, LLC has remained as marital property. As such, the Estate of Peter Margolis is in violation of the Automatic Bankruptcy Stay, sanctions should be imposed.

Respectfully submitted this 28th day of July, 2016.

>LAW OFFICES OF JONATHAN V. GOODMAN
>Attorneys for Debtor Michael A. Gral and
>Gral Holdings Key Biscayne, LLC
>
>By: _____
>Jonathan V. Goodman

PREPARED BY:
Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202-3739
PH: (414) 276-6760 - FX: (414) 287-1199
e-mail: jgoodman@ameritech.net

| JULIA G. GRAL | DJG | JULIA G. GRAL | ESTATE OF PETER MARGOLIS | DANIEL J. WALSH 50% CAROL G. WALSH 50% (MAG SISTER) |
|---|---|---|---|---|
| ↓ 50% | ↓ 50% | ↓ 50% | ↓ 50% | |
| GLENDALE MEDICAL INVESTMENTS, LLC | | MARGOLIS GRAL, LLC | | CWD, LLC |
| ↓ 33.33% | | ↓ 33.33% | | ↓ 33.33% |

INTEGRAL MEDICAL, LLC

GLENDALE MEDICAL CENTER, LLC
5650 N. Green Bay Avenue

EXHIBIT A

# ASSIGNMENT OF MEMBERSHIP INTEREST

This Assignment of Member's Interests (the "Assignment"), dated as of the ___8___ day of September, 2011, is made by and between Michael A. Gral and Julia G. Gral, as Trustees of the Michael A. Gral and Julia G. Gral Living Trust Dated June 13, 2006 ("Assignor") and Julia G. Gral ("Assignee").

## RECITALS

WHEREAS, Assignor desires to assign a fifty (50%) membership interest ("Subject Interest") in Margolis Gral, LLC, a Flordia limited liablity company (the "Company") to Assignee; and

WHEREAS, Assignee desires to accept assignment of the Subject interest;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. **Assignment of Interest**. Assignor does hereby assign and transfer to Assignee, absolutley and unconditionally, the Subject Interest in the Company.

2. **Effective Date of Assignment**. The Assignment shall be effective as of the date first written above.

3. **Governing Law**. This Assigment shall be governed by and construed in accordance with the internal laws of the state of organization of the Company, and such state shall have jurisdiction over all matters arising under this Assignment.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment of Member's Interests effective as of the date first set forth above.

ASSIGNOR:                                         ASSIGNEE:

Michael A. Gral and Julia G. Gral, As Trustees
of the Michael A. Gral and Julia G. Gral
Living Trust Dated June 13, 2006

_____           _____
Michael A. Gral, Trustee                          Julia G. Gral

_____
Julia G. Gral, Trustee

EXHIBIT B

# MICHAEL A. GRAL and JULIA G. GRAL LIVING TRUST

This trust agreement is made by and between MICHAEL A. GRAL and JULIA G. GRAL, of Milwaukee County, Wisconsin, the Settlors, and said MICHAEL A. GRAL and JULIA G. GRAL as Trustees (hereinafter all the Trustees and successor Trustees are collectively referred to as "Trustee" unless context requires otherwise). The trust created by this trust agreement may be referred to as the MICHAEL A. GRAL and JULIA G. GRAL LIVING TRUST.

## ARTICLE I
## PURPOSE OF TRUST

Settlors create this trust for their own benefit and for the benefit of their issue.

## ARTICLE II
## ADMINISTRATION DURING SETTLORS' LIFETIMES

(A) <u>Initial Principal and Additions</u>.

(1) <u>Initial Principal and Additions from Settlors</u>. Settlors, or either Settlor, may transfer property to the Trustee from time to time, and the Trustee shall accept the same. In addition, the Trustee shall accept any assets of a Settlor transferred to the Trustee by a Settlor's guardian, conservator, trustee or attorney-in-fact.

(2) <u>Additions from Third Parties</u>. The Trustee, in the Trustee's discretion, may also accept property from other persons, which additions shall be administered and accounted for as additions to the marital property principal of this trust unless such additions are specifically designated in writing to be the nonmarital property of either Settlor by the transferor at the time of transfer.

(3) <u>Classification of Assets</u>. Marital property transferred to the trust by the Settlors at any time, as it may be invested and reinvested from time to time, together with the income from such marital property, shall retain its character as marital property, subject, however, to the terms of this trust agreement. If marital property is payable to the Trustee of the trust after
EXHIBIT C

the death of one of the Settlors, nothing in this trust agreement shall be construed as in any way limiting the rights of the other Settlor with respect to the other Settlor's interest in such property. Nonmarital property transferred to the trust at any time by either Settlor, as it may be invested and reinvested from time to time, shall retain its character as nonmarital property, subject, however, to the terms of this trust agreement.

(B) <u>Income and Principal of Marital Property</u>. While both Settlors are alive, the Trustee may distribute as marital property to, or for the benefit of, Settlors or either of them such amounts of income and principal of the marital property as the Trustee, in the Trustee's discretion, shall consider advisable for Settlors' maintenance, support, medical care, comfort, general welfare or other benefit.

(C) <u>Income and Principal of Nonmarital Property</u>. While both Settlors are alive, the Trustee may distribute to, or for the benefit of, the Settlor who contributed nonmarital property to this trust such amounts of income and principal of such nonmarital property as the Trustee, in the Trustee's discretion, shall consider advisable for such Settlor's maintenance, support, medical care, comfort, general welfare or other benefit. Unless otherwise classified by Marital Property Agreement, any income from nonmarital property so distributed shall be distributed as marital property and any income from nonmarital property which is not so distributed shall be segregated as marital property and not commingled with the nonmarital property.

In the event of the incapacity or incompetence of the Settlor who contributed nonmarital property to this trust, the Trustee may, in the Trustee's discretion, use any part or all of the income from such nonmarital property as marital property and, if necessary, such part or all of the principal of such nonmarital property for the maintenance, support, medical care, comfort, general welfare or other benefit of the incapacitated or incompetent Settlor and persons that Settlor has an obligation to support. For purposes of this trust agreement, a Settlor shall be considered incapacitated or incompetent only if the Trustee has received a certificate of a physician which states that such

2

physician has examined a Settlor and that such Settlor is incapacitated mentally or physically and is therefore unable to attend to his or her affairs.

(D) <u>Withdrawals</u>.

(1) <u>Marital Property</u>. While both Settlors are alive, Settlors, or either of them, may withdraw all or any part of the marital property in the trust upon giving notice in writing to the Trustee and, if one Settlor is making the withdrawal, to the other Settlor; provided, however, that if one Settlor had sole rights of management and control of marital property prior to its contribution to the trust, such marital property may only be withdrawn by that Settlor. Any such withdrawals shall be delivered to the withdrawing Settlor or Settlors, as the case may be, as marital property.

(2) <u>Nonmarital Property</u>. The Settlor who contributed nonmarital property to this trust may, during that Settlor's lifetime, withdraw all or any part of such property and the proceeds of such property upon giving notice in writing to the Trustee.

(3) <u>During Incapacity or Incompetence</u>. In the event of the incapacity or incompetence of a Settlor, the Trustee shall distribute to an attorney-in-fact acting under a Durable Power of Attorney executed by that Settlor, first from nonmarital property contributed to the trust by that Settlor, if any, and then from the marital property held in the trust, any amounts which such attorney-in-fact may from time to time request for purposes of making gifts on that Settlor's behalf as authorized by said Durable Power of Attorney. If the Trustee serving hereunder certifies that it is necessary to determine whether or not a Settlor is incapacitated, the Settlor hereby authorizes the release to the Trustee of all of the Settlor's individually identifiable health information and medical records, including any written opinion relating to incapacity that the Trustee may have requested. This release authority applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 USC 1320d and 45 CFR 160-164.

(E) <u>Right to Amend and Revoke</u>. While both Settlors are alive, both Settlors, acting together, may amend or revoke the trust in whole or in part at any time by a signed written

3