UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE:     MICHAEL A. GRAL            Chapter 11

                                       Case No. 16-21329-gmh

           Debtor.

## NOTICE OF MOTION OF JOHNSON BANK
## FOR RELIEF FROM THE AUTOMATIC STAY

Johnson Bank, by its attorneys, Hippenmeyer, Reilly, Moodie & Blum, S.C., has filed papers with the Court to request an order be entered by the United States Bankruptcy Court for the Eastern District of Wisconsin pursuant to Section 362(d) of the Bankruptcy Code granting Johnson Bank relief from the stay imposed by Section 362(a) of the Bankruptcy Code, on the grounds set forth in the Motion attached hereto.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, **within fourteen (14) days of the date of this motion**, you or your attorney must:

Drafted by:
Lori J. Fabian
Hippenmeyer, Reilly, Moodie & Blum, S.C.
720 Clinton St.,
P.O. Box 766
Waukesha, WI 53187-0766
Phone: (262) 549-8181
Fax: (262) 549-8191
lfabian@hrmblawfirm.com

1. File a written objection to the motion, which should explain the reasons why you object, along with a request for hearing with the Clerk of United States Bankruptcy Court at:

> United States Bankruptcy Court
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue
> Milwaukee, WI 53202-4581

If you mail your objection, your must mail it early enough so the Court receives it within fourteen (14) days of the date of this Notice.

2. You must also mail a copy of your objection to:

> Johnson Bank
> c/o Lori J. Fabian
> Hippenmeyer, Reilly, Moodie & Blum, S.C.
> 720 Clinton St.
> P.O. Box 766
> Waukesha, WI 53187-0766

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an Order granting that relief. If you do file an objection and request for hearing, the Court will set the motion for hearing which you or your attorney will be expected to attend.

Dated this 28th day of July, 2016.

HIPPENMEYER, REILLY, MOODIE & BLUM, S.C.
Attorneys for Johnson Bank

BY: _____
Lori J. Fabian, SBN: 1045723

Pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692), we are required to state that we are attempting to collect a debt on our client's behalf and any information we obtain will be used for that purpose.

2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE:     MICHAEL A. GRAL                    Chapter 11

                                              Case No. 16-21329

           Debtor.

## MOTION OF JOHNSON BANK FOR RELIEF
## FROM AUTOMATIC STAY

Johnson Bank moves the Court pursuant to Section 362(d) of the Bankruptcy Code for an order granting it relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code, and alleges as follows:

1. Johnson Bank is a corporation organized by the laws of the State of Wisconsin as a banking corporation, with its principal offices located at 5901 Durand Avenue, Racine, Wisconsin 53403.

2. Upon information and belief, the Debtor, Michael A. Gral, as Trustee of the Michael A. Gral and Julia G. Gral Living trust, filed a petition under Chapter 11 of the Bankruptcy Act on February 20, 2016. Pursuant to the provisions of 11 U.S.C. Section 362(a), the filing of said petition operated as an automatic stay against Johnson Bank's rights as a secured creditor to proceed against Debtor, Michael A. Gral.

3. That on April 22, 2013, the Debtor, Michael A. Gral, executed and delivered to Johnson Bank a Note, a copy of which is attached hereto, made a part hereof, and

Drafted by:
Lori J. Fabian
Hippenmeyer, Reilly, Moodie & Blum, S.C.
720 Clinton St.
P.O. Box 766
Waukesha, WI 53187-0766
Phone: (262) 549-8181
Fax: (262) 549-8191
lfabian@hrmblawfirm.com

marked as Exhibit "A". Said Note was secured by a Real Estate Mortgage for the property located at 6823 North Barnett Lane, Fox Point, Wisconsin 53217, a copy of which is attached hereto, made a part hereof, and marked at Exhibit "B". Said Mortgage was recorded in the Office of the Register of Deeds for Milwaukee County on June 4, 2002, as Document Number 8290333.

4. That Johnson Bank retained its security interest in the real estate described in said Mortgage until the total amount was paid in full; that if the Debtor, Michael A. Gral, defaulted, the entire unpaid balance on said Mortgage and Note immediately became due and payable.

5. That the Debtor, Michael A. Gral, has defaulted in that he has failed to make any post-petition payments since the filing of the bankruptcy action on February 20, 2016.

6. That as of July 19, 2016, the following sums are due and owing to Johnson Bank under the terms and conditions of the Note and Real Estate Mortgage:

| *Note:* | |
|---|---:|
| Principal | $350,651.85 |
| Interest | $7,518.36 |
| Late Charges | $30.00 |
| Flood Determination Fee | $5.50 |
| Property Inspections | $45.00 |
| Title Report/Insurance Fee | $60.00 |
| **Total** | **$358,310.71** |

7. Continuation of the automatic stay of 11 U.S.C. Section 362(a) will work an irreparable harm to Johnson Bank and will deprive Johnson Bank of the adequate protection to which it is entitled under 11 U.S.C. Section 362 for the following reasons, among others:

2

a. Debtor, Michael A. Gral, is without the funds necessary to preserve and to maintain said property, and the value of the property has declined and will continue to decline.

b. Debtor, Michael A. Gral, has no reasonable prospect for reorganization.

c. Johnson Bank does not have, and has not been offered, adequate protection for its interest in said property.

d. Johnson Bank holds the second mortgage against the property, subordinate to Prime Star – H1 Trust/co Statebridge Company, LLc, the first mortgage, in the approximate amount of $476,979.00. The assessed value of the property is $744,300.00 pursuant to the 2016 Village of Fox Point Property Inquiry, a copy of which is attached hereto, made a part hereof, and marked at Exhibit "C". That as a result of the bank's interest in this matter, the Debtor, Michael A. Gral, has no equity interest in the property.

8. That the foregoing conduct of the debtor constitutes "cause" for terminating the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

9. Based on the proceeding allegations, the subject property is burdensome to the estate, and is of inconsequential value and benefit to the estate. The Trustee should be ordered to abandon the estate's interest, if any, in the property pursuant to Section 554(b) of the Bankruptcy Code, while reserving the estate's interest in any surplus funds which might exist if the property is sold and the movant has been paid in full.

3

WHEREFORE, Johnson Bank moves the Court as follows:

    a. Pursuant to Section 362(d)(1) of the Bankruptcy Code, an order for relief from the automatic stay as it pertains to the debtor and the subject property of the estate, based on just cause being shown, thereby allowing movant to exercise and enforce its rights pursuant to said Note and Mortgage.

    b. For an order that the movant's legal fees and costs associated with the motion be approved.

    c. That any order entered pursuant to this motion be effective immediately upon its entry.

    d. For such other and further relief as is just and proper.

Dated this 28th day of July, 2016.

                                          HIPPENMEYER, REILLY, MOODIE & BLUM, S.C.
                                          Attorneys for Johnson Bank

                                          BY: _____
                                          Lori J Fabian, SBN: 1045723

Pursuant to the Fair Debt Collection Practices Act (15 U.S.C. § 1692), we are required to state that we are attempting to collect a debt on our client's behalf and any information we obtain will be used for that purpose.

4

## PROMISSORY NOTE

| Principal | Loan Date | Maturity | | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $366,546.52 | 04-22-2013 | 05-06-2016 | | 1C28 / 37 * | | 11577 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** MICHAEL A GRAL AND JULIA G GRAL LIVING TRUST
6623 N BARNETT LN
FOX POINT, WI 53217

**Lender:** JOHNSON BANK
MILWAUKEE BRANCH
333 EAST WISCONSIN AVENUE
MILWAUKEE, WI 53202-4606

---

**Principal Amount: $366,546.52**  **Interest Rate: 4.300%**  **Date of Note: April 22, 2013**

**PROMISE TO PAY.** MICHAEL A GRAL AND JULIA G GRAL LIVING TRUST ("Borrower") promises to pay to JOHNSON BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Three Hundred Sixty-six Thousand Five Hundred Forty-six & 52/100 Dollars ($366,546.52), together with interest on the unpaid principal balance from April 22, 2013, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 4.300% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 35 regular payments of $1,817.59 each and one irregular last payment estimated at $349,759.18. Borrower's first payment is due June 6, 2013, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on May 6, 2016, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: JOHNSON BANK, MILWAUKEE BRANCH, 333 EAST WISCONSIN AVENUE, MILWAUKEE, WI 53202-4606.

**LATE CHARGE.** If a payment is not made on or before the 10th day after its due date, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $10.00, whichever is less.

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of Borrower's default, the interest rate on this Note shall be increased to 12.000% per annum. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Borrower will be in default under this Note if any of the following happen:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Break Other Promises.** Borrower breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan Borrower has with Lender.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Borrower becomes insolvent; a receiver is appointed for any part of Borrower's property; Borrower makes an assignment for the benefit of creditors; or any proceeding is commenced either by Borrower or against Borrower under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of Borrower's property in which Lender has a lien. This includes taking of, garnishing of or levying on Borrower's accounts with Lender. However, if Borrower disputes in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if Borrower gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Wisconsin without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Wisconsin.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $15.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by Reference: Mortgage on property located at 6623 N Barnett Ln., Fox Point, WI, 53217, dated 03-04-2002 and recorded in Milwaukee County as Document # 6260333.

**PRIOR NOTE.** Renewal of 5288026949-001 new account # 1288185228-100.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**EXHIBIT A**

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: Johnson Bank, 555 Main Street, Suite 360 Racine, WI 53403.

**GENERAL PROVISIONS.** This Note benefits Lender and its successors and assigns, and binds Borrower and Borrower's heirs, successors, assigns, and representatives. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

MICHAEL A GRAL AND JULIA G GRAL LIVING TRUST

By: _____
MICHAEL A GRAL, Trustee of MICHAEL A GRAL
AND JULIA G GRAL LIVING TRUST

By: _____
JULIA G GRAL, Trustee of MICHAEL A GRAL AND
JULIA G GRAL LIVING TRUST

```
W.B.A. 428 (5/13/97)  F11142
Wisconsin Bankers Association 1997
                                                    FIPCO                    8290333
DOCUMENT NO.
                                                                    REGISTER'S OFFICE  } SS
                                                                    Milwaukee County, WI
                    REAL ESTATE MORTGAGE                            RECORDED AT 9:25 AM
          (For Consumer or Business Mortgage Transactions)
                                                                         05-04-2002
MICHAEL A. GRAL AND JULIA G. GRAL, HUSBAND AND WIFE
                                                                    IGNATIUS J. NIEMCZYK
                                                ("Mortgagor,"        REGISTER OF DEEDS
whether one or more) mortgages, conveys and warrants to JOHNSON BANK, 3931
SOUTH MEMORIAL DRIVE, RACINE, WI 53403
                                                  ("Lender")            AMOUNT 13.00
in consideration of the sum of THREE HUNDRED SEVENTY THOUSAND AND NO/100
```

($ 370,000.00 ), loaned or to be loaned to MICHAEL A. GRAL and
JULIA G. GRAL

Recording Area

("Borrower," whether one or more),
evidenced by Borrower's note(s) or agreement dated JUNE 15, 2001

Name and Return Address

the real estate described below, together with all privileges, hereditaments, easements and
appurtenances, all rents, leases, issues and profits, all claims, awards and payments made
as a result of the exercise of the right of eminent domain, and all existing and future
improvements and fixtures (all called the "Property") to secure the Obligations described in
paragraph 5 on the reverse side, including but not limited to repayment of the sum stated
above plus certain future advances made by Lender.

Johnson Bank
Retail Lending
3931 South Memorial Drive
Racine, WI 53403

1. Description of Property. (This Property __is__ the homestead of Mortgagor.)

129-0062
Parcel Identifier No.

THE NORTHERLY 10 FEET OF LOT 3 MEASURED AS RIGHT ANGLES TO THE NORTHERLY
LINE OF SAID LOT 3 AND ALL OF LOT 4, IN BLOCK 2, IN LAKE VIEW HIGHLANDS,
BEING A PART OF THE LOTS 2 AND 3 IN FRACTIONAL SECTION 21, TOWN 8 NORTH,
RANGE 22 EAST, IN THE VILLAGE OF FOX POINT, COUNTY OF MILWAUKEE, STATE
OF WISCONSIN.
PROPERTY ADDRESS: 6823 N BARNETT LANE, FOX POINT, WI 53217

☐ If checked here, description continues or appears on attached sheet.
☐ If checked here, this Mortgage is a construction mortgage.
☐ If checked here, Condominium Rider is attached.

1a. Not in limitation of paragraph 5, this
Mortgage is given to secure all sums advanced
and readvanced to Borrower by Lender from time
to time under the revolving credit agreement
between Borrower and Lender described above.

2. Title. Mortgagor warrants title to the Property, excepting only restrictions and easements of record, municipal and zoning ordinances, current taxes and
assessments not yet due and 1ST MTG TO HEATY FINANCIAL SERVICES SECURING $520,000.00, AS ASSIGNED, TO WHICH THE RIGHTS OF LENDER
SHALL BE SUBORDINATE, AS WELL AS TO ANY EXTENSIONS, RENEWALS AND REFINANCINGS OF THE SAME TO THE EXTENT NOT IN EXCESS
OF THE ORIGINAL PRINCIPAL BALANCE.
3. Escrow. Interest ____will____ be paid on escrowed funds if an escrow is required under paragraph 8(a) on the reverse side.
            (will) (will not)

4. Additional Provisions. Mortgagor agrees to the Additional Provisions on the reverse side, which are incorporated herein.
The undersigned acknowledges receipt of an exact copy of this Mortgage.

NOTICE TO CUSTOMER IN A TRANSACTION GOVERNED BY THE WISCONSIN CONSUMER ACT
(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE
    ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

Signed and Sealed MARCH 4, 2002

_____ (SEAL)

_____
(Type of Organization)

By: _____ (SEAL)    /s/ Michael A. Gral              (SEAL)
                                             MICHAEL A. GRAL
By: _____ (SEAL)    /s/ Julia G. Gral                 (SEAL)
                                             JULIA G. GRAL
By: _____ (SEAL)    _____ (SEAL)

By: _____ (SEAL)    _____ (SEAL)

━━━━━━━━━ AUTHENTICATION ━━━━━━━━━  OR  ━━━━━━━━━ ACKNOWLEDGEMENT ━━━━━━━━━

                                              STATE OF WISCONSIN
Signature of _____          County of MILWAUKEE       } ss.

                                              This instrument was acknowledged before me on MARCH 4, 2002
authenticated this _____ day of _____     by MICHAEL A. GRAL and JULIA G. GRAL

                                                    (Name(s) of person(s))

                                                          n/a
                                              (Type of authority, e.g., officer, trustee, etc., if any)

Title: Member State Bar of Wisconsin or                   n/a
authorized under §706.06, Wis. Stats.         (Name of party on behalf of whom instrument was executed, if any)
This instrument was drafted by
PEGGY KONIECZKO                               /s/ _____ Lasky

                                              _____, Wisconsin
*Type or print name signed above.             Commission (Expires)(Is) Nov 11, 2003

              POOR QUALITY DOCUMENT RECEIVED FOR RECORDING

EXHIBIT B

## ADDITIONAL PROVISIONS

**5. Mortgage as Security.** This Mortgage secures prompt payment to Lender of (a) the sum stated in the first paragraph of this Mortgage, plus interest and charges according to the terms of the promissory notes or agreement of Borrower to Lender identified on the reverse side, and any extensions, renewals or modifications of such promissory notes or agreement, (b) to the extent not prohibited by the Wisconsin Consumer Act (i) any additional sums which are in the future loaned by Lender to any Borrower, to any Mortgagor and another or to another guaranteed or endorsed by any Mortgagor, and (ii) all other additional sums which are in the future loaned by Lender to any Mortgagor, to any Mortgagor and another or to another guaranteed or endorsed by any Mortgagor, (c) all interest and charges, and (d) to the extent not prohibited by law, all costs and expenses of collection or enforcement (all called the "Obligations"). This Mortgage also secures the performance of all covenants, conditions and agreements contained in this Mortgage. Unless otherwise required by law, Lender will satisfy this Mortgage upon request by Mortgagor if (a) the Obligations have been paid according to their terms, (b) any commitment to make future advances secured by this Mortgage has terminated, (c) Lender has terminated any line of credit under which advances are to be secured by this Mortgage, and (d) all other payments required under this Mortgage and the Obligations and all other terms, conditions, covenants, and agreements contained in this Mortgage and the documents evidencing the Obligations have been paid and performed.

**6. Taxes.** To the extent not paid to Lender under paragraph 8(a), Mortgagor shall pay before they become delinquent all taxes, assessments and other charges which may be levied or assessed against the Property, or against Lender upon this Mortgage or the Obligations or other debt secured by this Mortgage, upon Lender's interest in the Property, and deliver to Lender receipts showing timely payment.

**7. Insurance.** Mortgagor shall keep the improvements on the Property insured against direct loss or damage occasioned by fire, flood, extended coverage perils and such other hazards as Lender may require, through insurers approved by Lender, in amounts, without co-insurance, not less than the unpaid balance of the Obligations or the full replacement value, whichever is less, and shall pay the premiums when due. The policies shall contain the standard mortgage clause in favor of Lender and, unless Lender otherwise agrees in writing, the originals of all policies covering the Property shall be deposited with Lender. Subject to Lender's approval, Borrower is free to select the insurance agent or insurer through which insurance is obtained. Borrower shall promptly give notice of loss to insurance companies and Lender. All proceeds from such insurance shall be applied, at Lender's option, to the installments of the Obligations in the inverse order of their maturities (without penalty for prepayment) or to the restoration of the improvements on the Property. In the event of foreclosure of this Mortgage or other transfer of title to the Property, in extinguishment of the indebtedness secured hereby, all right, title, and interest of Mortgagor in and to any insurance then in force shall pass to the purchaser or grantee. If Mortgagor fails to keep any required insurance on the Property, Lender may purchase such insurance for Mortgagor, such insurance may be acquired by Lender solely to protect the interest of the Lender (it will not cover Mortgagor's equity in the Property), and Mortgagor's obligation to repay Lender shall be in accordance with Section 10.

**8. Mortgagor's Covenants.** Mortgagor covenants:

(a) **Escrow.** If an escrow is required by Lender, to pay Lender sufficient funds, at such times as Lender designates, to pay when due (1) the estimated annual real estate taxes and assessments on the Property, (2) all property and hazard insurance premiums, (3) flood insurance premiums, if any, (4) if payments owed under the Obligations are guaranteed by mortgage guaranty insurance, the premiums necessary to pay for such insurance, and (5) other items agreed to be included in the escrow. Lender may, at any time, collect and hold such escrow funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Mortgagor's escrow account under the federal Real Estate Settlement Procedures Act of 1974, as amended, from time to time. Lender may estimate the amount of escrow funds due on the basis of current data and reasonable estimates of future expenditures of future escrow account funds or as otherwise required by applicable law. Lender shall apply the escrowed funds against taxes, assessments and insurance premiums when due or as otherwise required by law. Escrowed funds may be commingled with Lender's general funds. If the escrowed funds held by Lender exceed the amount permitted to be held by applicable law, Lender shall account to Mortgagor for the excess escrowed funds in a manner determined by Lender or as otherwise required by applicable law. If the escrowed funds held by Lender at any time are not sufficient to pay the escrow account items when due, Lender may notify mortgagor in writing, and Mortgagor shall pay to Lender the amount necessary to make up the deficiency in a manner determined by Lender or as otherwise required by applicable law;

(b) **Condition and Repair.** To keep the Property in good and tenantable condition and repair, and to restore or replace damaged or destroyed improvements and fixtures;

(c) **Liens.** To keep the Property free from liens and encumbrances superior to the lien of this Mortgage and not described in paragraph 2 on the reverse side;

(d) **Other Mortgages.** To perform all of Mortgagor's obligations and duties under any other mortgage or security agreement on the Property and any obligation to pay secured by such a mortgage or security agreement;

(e) **Waste.** Not to commit waste or permit waste to be committed upon the Property;

(f) **Conveyance.** Not to sell, assign, lease, mortgage, convey or otherwise transfer any legal or equitable interest in all or part of the Property, or permit the same to occur without the prior written consent of Lender and, without notice to Mortgagor, Lender may deal with any transferee as to his interest in the same manner as with Mortgagor, without in any way discharging the liability of Mortgagor under this Mortgage or the Obligations;

(g) **Alteration or Removal.** Not to remove, demolish or materially alter any part of the Property, without Lender's prior written consent, except Mortgagor may remove a fixture, provided the fixture is promptly replaced with another fixture of at least equal utility;

(h) **Condemnation.** To pay to Lender all compensation received for the taking of the Property, or any part, by condemnation proceeding (including payments in compromise of condemnation proceedings), and all compensation received as damages for injury to the Property, or any part. The compensation shall be applied in such manner as Lender determines to rebuilding of the Property or to the Obligations in the inverse order of their maturities (without penalty for prepayment);

(i) **Inspection.** Lender and its authorized representatives may enter the Property at reasonable times to inspect it, and at Lender's option to repair or restore the Property and to conduct environmental assessments and audits of the Property;

(j) **Ordinances.** To comply with all laws, ordinances and regulations affecting the Property; and

(k) **Subrogation.** That Lender is subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the proceeds of the note(s) or agreement identified on the reverse side.

**9. Environmental Laws.** Mortgagor represents, warrants and covenants to Lender (a) that during the period of Mortgagor's ownership or use of the Property no substance has been, is or will be present, used, stored, deposited, treated, recycled or disposed of on, under, in or about the Property in a form, quantity or manner which if known to be present on, under, in or about the Property would require clean-up, removal or some other remedial action ("Hazardous Substance") under any federal, state or local laws, regulations, ordinances, codes or rules ("Environmental Laws"); (b) that Mortgagor has no knowledge, after due inquiry, of any prior use or existence of any Hazardous Substance on the Property by any prior owner of or person using the Property; (c) that, without limiting the generality of the foregoing, Mortgagor has no knowledge, after due inquiry, that the Property contains asbestos, polychlorinated biphenyl components (PCBs) or underground storage tanks; (d) that there are no conditions existing currently or likely to exist during the term of this Mortgage which would subject Mortgagor to any damages, penalties, injunctive relief or clean-up costs in any governmental or regulatory action or third-party claims relating to any Hazardous Substance; (e) that Mortgagor is not subject to any court or administrative proceeding, judgment, decree, order or citation relating to any Hazardous Substance; and (f) that Mortgagor in the past has been, at the present is, and in the future will remain in compliance with all Environmental Laws. Mortgagor shall indemnify and hold harmless Lender, its directors, officers, employees and agents from all loss, cost (including reasonable attorneys' fees and legal expenses), liability and damages whatsoever directly or indirectly resulting from, arising out of, or based upon (i) the presence, use, storage, deposit, treatment, recycling or disposal, at any time, of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, (ii) the violation or alleged violation of any Environmental Law, permit, judgment or license relating to the presence, use, storage, deposit, treatment, recycling or disposal or any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, or (iii) the imposition of any governmental lien for the recovery of environmental clean-up costs expended under any Environmental Law. Mortgagor shall immediately notify Lender in writing of any governmental or regulatory action or third-party claim instituted or threatened in connection with any Hazardous Substance on, in, under or about the Property.

**10. Authority of Lender to Perform for Mortgagor.** If Mortgagor fails to perform any of Mortgagor's duties set forth in this Mortgage, Lender may after giving Mortgagor any notice and opportunity to perform which are required by law, perform the duties or cause them to be performed, including without limitation signing Mortgagor's name or paying any amount so required, and the cost shall be due on demand and secured by this Mortgage, bearing interest at the highest rate stated in any document evidencing an Obligation, but not in excess of the maximum rate permitted by law, from the date of expenditure by Lender to the date of payment by Mortgagor.

**11. Default; Acceleration; Remedies.** If (a) there is a default under any Obligation secured by this Mortgage, or (b) Mortgagor fails timely to observe or perform any of Mortgagor's covenants or duties contained in this Mortgage, then, at the option of Lender each Obligation will become immediately payable unless notice to Mortgagor or Borrower and an opportunity to cure are required by §425.105, Wis. Stats., or the document evidencing the Obligation and, in that event, the Obligation will become payable if the default is not cured as provided in that statute or the document evidencing the Obligation or as otherwise provided by law. If Lender exercises its option to accelerate, the unpaid principal and interest owed on the Obligation, together with all sums paid by Lender as authorized or required under this Mortgage or any Obligation, shall be collectible in a suit at law or by foreclosure of this Mortgage by action, or both, or by the exercise of any other remedy available at law or equity.

**12. Waiver.** Lender may waive any default without waiving any other subsequent or prior default by Mortgagor.

**13. Power of Sale.** In the event of foreclosure, Lender may sell the Property at public sale and execute and deliver to the purchasers deeds of conveyance pursuant to statute.

**14. Assignment of Rents and Leases.** Mortgagor assigns and transfers to Lender, as additional security for the Obligations, all rents which become or remain due or are paid under any agreement or lease for the use or occupancy of any part or all of the Property. Until the occurrence of an event of default under this Mortgage or any Obligation, Mortgagor has the right to collect the rents, issues and profits from the Property, but upon the occurrence of such an event of default, and the giving of notice by Lender to Mortgagor declaring that constructive possession of the Property is in Lender, Mortgagor's license to collect is terminated and Lender shall be entitled to such rents, issues and profits and may, after giving Mortgagor any notice and opportunity to perform required by law, notify any or all tenants to pay all such rents directly to Lender. All such payments shall be applied in such manner as Lender determines to payments required under this Mortgage and the Obligations. This assignment shall be enforceable and Lender shall be entitled to take any action to enforce the assignment (including notice to the tenants to pay directly to Lender or the commencement of a foreclosure action) without seeking or obtaining the appointment of a receiver or possession of the Property.

**15. Receiver.** Upon the commencement or during the pendency of an action to foreclose this Mortgage, or enforce any other remedies of Lender under it, without regard to the adequacy or inadequacy of the Property as security for the Obligations, Mortgagor agrees that the court may appoint a receiver of the Property (including homestead interest) without bond, and may empower the receiver to take possession of the Property and collect the rents, issues and profits of the Property and exercise such other powers as the court may grant until the confirmation of sale, and may order the rents, issues and profits, when so collected, to be held and applied as the court may direct.

**16. Foreclosure Without Deficiency Judgment.** If the Property is a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of § 846.101, Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the Property is other than a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or a tax exempt charitable organization, Mortgagor agrees to the provisions of § 846.103, Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

**17. Expenses.** To the extent not prohibited by law, Mortgagor shall pay all reasonable costs and expenses before and after judgment, including without limitation, attorneys' fees, fees and expenses for environmental assessments, inspections and audits, and fees and expenses for obtaining title evidence incurred by Lender in protecting or enforcing its rights under this Mortgage.

**18. Severability.** Invalidity or unenforceability of any provision of this Mortgage shall not affect the validity or enforceability of any other provision.

**19. Successors and Assigns.** The obligations of all Mortgagors are joint and several. This Mortgage benefits Lender, its successors and assigns, and binds Mortgagor(s) and their respective heirs, personal representatives, successors and assigns.

**20. Entire Agreement.** This Mortgage is intended by the Mortgagor and Lender as a final expression of this Mortgage and as a complete and exclusive statement of its terms, there being no conditions to the full effectiveness of this Mortgage. No parol evidence of any nature shall be used to supplement or modify any terms.

Case 16-21329-gmh    Doc 306    Filed 07/29/16    Page 10 of 20

STATE OF WISCONSIN
MILWAUKEE COUNTY
I, the undersigned Register of Deeds of Milwaukee
County, hereby certify that this document is a true
and correct copy of the original on file or record in
my office. Witness my hand and official seal this

APR - 7 2010
------
date

*John La Fave*

JOHN LA FAVE
Register of Deeds



Public Access signed in Thursday, July 28, 2016 | Sign-out | About | Home | Search

## Village of Fox Point, Wisconsin Web Portal
Welcome to the Village of Fox Point, Wisconsin Land Records Web Portal.

To use this portal, first enter your search criteria and click Search to view a list of results. Search results can be sorted by column, just click on the column heading. Click on the parcel listed in the results to view its details. Use the left sidebar to navigate through the available types of information.

**Parcel**
**Taxes**
**Assessments**
**Documents**
**Permits**

Search By: Parcel

Reset Search | Show Search

| Tax Year | Prop Type | Parcel Number | Property Address | Owner |
|---|---|---|---|---|
| 2016 | Real Estate | 129-0062-000 | 6823 N BARNETT LN | GRAL TRUSTEE, MICHAEL A |

Tax Year Legend: = owes prior year taxes    = not assessed    = not taxed    Delinquent  Current

### Summary

Estimated Fair Market Value: 0    Assessment Ratio: 0.0000    Legal Acres: 0.000

### 2016 valuations

| Class | Acres | Land | Improvements | Total |
|---|---|---|---|---|
| G1 - RESIDENTIAL | 0.000 | 237200 | 507100 | 744300 |
| ALL CLASSES | 0.000 | 237200 | 507100 | 744300 |

### 2015 valuations

| Class | Acres | Land | Improvements | Total |
|---|---|---|---|---|
| G1 - RESIDENTIAL | 0.000 | 237200 | 507100 | 744300 |
| ALL CLASSES | 0.000 | 237200 | 507100 | 744300 |

Print Assessment Details | Adobe Reader is required to view assessment details. Download Adobe Reader

| Type | Owner | Status | Parcel # | Property Address | Municipality | PLS/Tract | Alt. Parcel # |
|---|---|---|---|---|---|---|---|
| RE | GRAL TRUSTEE, MICHAEL A | CURRENT OWNER | 129-0062-000 | 6823 N BARNETT LN | VILLAGE OF FOX POINT | | |

Legend: = owes prior year taxes    Current Parcel    Historical Parcel

Search powered by
**GCS**
Version 1.21.4.0
Copyright © 2000-2015
Report-/Print engine
List & Label ® Version 19:
Copyright combit® GmbH
1991-2013

Copyright © 2000-2014 Kelly Meyer, Village Clerk/Treasurer



EXHIBIT C

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE: MICHAEL A. GRAL

Chapter 13

Case No. 16-21329

Debtor.

## AFFIDAVIT OF BRENDA KURKLIS IN SUPPORT OF JOHNSON BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

STATE OF WISCONSIN )
                    )ss
RACINE COUNTY       )

Brenda Kurklis, being first duly sworn on oath states as follows:

1. I am Brenda Kurklis and I have personal knowledge of the facts set forth herein.

2. I make this Affidavit in Support of Johnson Bank's Motion for Relief from Automatic Stay.

3. I am a Member of the Investor Loss Mitigation Team with Johnson Bank.

4. The Debtor, Michael A. Gral, is an owner of the property located at 6823 N. Barnett Lane, Fox Point, Wisconsin 53217.

5. That on April 22, 2013, the Debtor, Michael A. Gral, executed and delivered to Johnson Bank a Note which was secured by a real estate Mortgage. Copies of said Note and Mortgage were provided to this Court in Johnson Bank's Motion for Relief from Automatic Stay and for Abandonment filed with the Court.

6. Attached hereto, made a part hereof and marked as Exhibit "A" is a true and correct copy of the complete payment history from April 22, 2013 to the present on said loan.

7. Attached hereto, made a part hereof and marked as Exhibit "B" is a true and correct copy of an itemization of amounts due in this matter, and the amount due and owing as of July 19, 2016 is $358,310.71. The Debtor, Michael A. Gral, has failed to make any post-petition payments since the bankruptcy filing on February 20, 2016.

8. That Johnson Bank holds the second mortgage against the property, subordinate to Prime Star – HI Trust c/o Statebridge Company, LLC, the first mortgage, in the approximate amount of $476,979.00, and the assessed value of the property is $744,300.00, pursuant to the

Village of Fox Point Property Tax Inquiry printout dated July 19, 2016, which was previously provided to this Court.

9. That as a result of the Bank's interest in this matter, the Debtor, Michael A. Gral, has no equity interest in the property.

Dated this 28th day of July, 2016.

*Brenda Kurklis*
Brenda Kurklis
Johnson Bank
Investor Loss Mitigation Specialist

Subscribed to and sworn before me
this 28 day of July, 2016.

Notary Public, State of Wisconsin
My Commission expires: ??-/ /) 20(7

Michael A Gral and Julia G Gral Living T
1288195226-100 Note - 3 Year Mel's

Current balance: 350,651.85
41 items: Life-to-date beginning 04/22/2013
Expand all

| Effective / Posted | Type | Amount | Principal | Interest | Balance | Part or Fee |
|---|---|---|---|---|---|---|
| 01/19/2016 / 01/19/2016 | 610 - Regular payment | 1,817.69 | 370.32 | 1,447.37 | 350,651.85 | |
| 12/15/2015 / 12/15/2015 | 610 - Regular payment | 1,817.69 | 492.53 | 1,325.16 | 351,022.17 | |
| 12/07/2015 / 12/07/2015 | 402 - FASB fee rate chg - sys gen | 4.284525% | 0.00 | 0.00 | 351,514.70 | |
| 11/13/2015 / 12/07/2015 | 660 - Special payment | 130.00 | 130.00 | 0.00 | 351,514.70 | |
| 11/13/2015 / 12/07/2015 | 612 - User defined reg payment | 1,817.69 | 531.52 | 1,286.17 | 351,644.70 | |
| 11/13/2015 / 12/07/2015 | 800 - Reversal | -645.00 | -645.00 | 0.00 | 352,176.22 | |
| 11/13/2015 / 12/07/2015 | 800 - Reversal | -1,817.69 | -531.52 | -1,286.17 | 352,176.22 | |
| 11/13/2015 / 11/13/2015 | *668 - System-generated payment | 645.00 | 645.00 | 0.00 | 352,176.22 | |
| 11/13/2015 / 11/13/2015 | *610 - Regular payment | 1,817.69 | 531.52 | 1,286.17 | 352,176.22 | |
| 11/03/2015 / 11/03/2015 | 780 - Loan transfer to non-accrual | 871.28 | 0.00 | 0.00 | 352,176.22 | |
| 10/13/2015 / 10/13/2015 | 610 - Regular payment | 1,817.69 | 364.07 | 1,453.62 | 352,176.22 | |
| 09/08/2015 / 09/08/2015 | 610 - Regular payment | 1,817.69 | 197.03 | 1,620.66 | 352,540.29 | |
| 07/31/2015 / 07/31/2015 | 610 - Regular payment | 1,817.69 | 651.99 | 1,165.70 | 352,737.32 | |
| 07/03/2015 / 07/03/2015 | 610 - Regular payment | 1,817.69 | 816.21 | 1,001.48 | 353,389.31 | |
| 06/09/2015 / 06/09/2015 | 610 - Regular payment | 1,817.69 | 605.50 | 1,212.19 | 354,205.52 | |
| 05/11/2015 / 05/11/2015 | 610 - Regular payment | 1,817.69 | 353.24 | 1,464.45 | 354,811.02 | |
| 04/06/2015 / 04/06/2015 | 610 - Regular payment | 1,817.69 | 644.01 | 1,173.68 | 355,164.26 | |
| 03/09/2015 / 03/09/2015 | 610 - Regular payment | 1,817.69 | 641.90 | 1,175.79 | 355,808.27 | |
| 02/09/2015 / 02/09/2015 | 610 - Regular payment | 1,817.69 | 430.25 | 1,387.44 | 356,450.17 | |
| 01/07/2015 / 01/07/2015 | 610 - Regular payment | 1,817.69 | 428.59 | 1,389.10 | 356,880.42 | |
| 12/05/2014 / 12/05/2014 | 610 - Regular payment | 1,817.69 | 1,057.76 | 759.93 | 357,309.01 | |
| 11/17/2014 / 11/17/2014 | 610 - Regular payment | 1,817.69 | 86.31 | 1,731.38 | 358,366.77 | |



| Date | Type | Amount | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 10/07/2014 / 10/07/2014 | 610 - Regular payment | 1,817.69 | 464.62 | 1,353.07 | 358,453.08 |
| 09/05/2014 / 09/05/2014 | 610 - Regular payment | 1,817.69 | 505.06 | 1,312.63 | 358,917.70 |
| 08/05/2014 / 08/05/2014 | 610 - Regular payment | 1,817.69 | 672.29 | 1,145.40 | 359,422.76 |
| 07/09/2014 / 07/09/2014 | 610 - Regular payment | 1,817.69 | 543.11 | 1,274.58 | 360,095.05 |
| 06/09/2014 / 06/09/2014 | 610 - Regular payment | 1,817.69 | 456.41 | 1,361.28 | 360,638.16 |
| 05/08/2014 / 05/08/2014 | 610 - Regular payment | 1,817.69 | 497.14 | 1,320.55 | 361,094.57 |
| 04/07/2014 / 04/07/2014 | 610 - Regular payment | 1,817.69 | 665.41 | 1,152.28 | 361,591.71 |
| 03/11/2014 / 03/11/2014 | 610 - Regular payment | 1,817.69 | 578.09 | 1,239.60 | 362,257.12 |
| 02/10/2014 / 02/10/2014 | 610 - Regular payment | 1,817.69 | 320.29 | 1,497.40 | 362,835.21 |
| 01/06/2014 / 01/06/2014 | 610 - Regular payment | 1,817.69 | 617.74 | 1,199.95 | 363,155.50 |
| 12/09/2013 / 12/09/2013 | 610 - Regular payment | 1,817.69 | 401.90 | 1,415.79 | 363,773.24 |
| 11/06/2013 / 11/06/2013 | 610 - Regular payment | 1,817.69 | 614.38 | 1,203.31 | 364,175.14 |
| 10/09/2013 / 10/09/2013 | 610 - Regular payment | 1,817.69 | 526.57 | 1,291.12 | 364,789.52 |
| 09/09/2013 / 09/09/2013 | 610 - Regular payment | 1,817.69 | 353.01 | 1,464.68 | 365,316.09 |
| 08/06/2013 / 08/06/2013 | 610 - Regular payment | 1,817.69 | 437.52 | 1,380.17 | 365,669.10 |
| 07/05/2013 / 07/05/2013 | 610 - Regular payment | 1,817.69 | 439.90 | 1,377.79 | 366,106.62 |
| 06/07/2013 / 06/07/2013 | 610 - Regular payment | 1,817.69 | 0.00 | 1,817.69 | 366,546.52 |
| 04/30/2013 / 04/30/2013 | 402 - FASB fee rate chg - sys gen | 4.287212% | 0.00 | 0.00 | 366,546.52 |
| 04/22/2013 / 04/30/2013 | 310 - New note | 366,546.52 | 366,546.52 | 0.00 | 366,546.52 |

Michael A Gral and Julia G Gral Living T
███████████ Note - 3 Year Mel's

Change Quote...

## Payoff Summary
Total payoff: 358,310.71
As of: 07/19/2016
Total daily accrual: 41.3096700

## Payoff Detail
| | | |
|---|---:|---|
| Current principal: | 350,651.85 | |
| Interest to 07/19/2016: | 7,518.36 | Daily accrual of 41.3096700 |
| Late charges: | 30.00 | |
| Fee: 02 - 63: | 5.50 | Flood Determination Fee |
| Fee: 03 - 67: | 60.00 | Title Report/Insurance Fee |
| Fee: 01 - 95: | 15.00 | Property Inspections |
| Fee: 02 - 95: | 15.00 | Property Inspections |
| Fee: 03 - 95: | 15.00 | Property Inspections |
| Total payoff: | 358,310.71 | |

## Note Information
| | | | |
|---|---|---|---|
| Category: | I - Installment | Transactions allowed: | B - User defined |
| TLC: | No | Teller activity: | 0.00 |
| Participation: | No | Quote issued: | No |
| Interest type: | S - Simple, in arrears | Loan status: | N - Not accruing |
| Accrual basis: | 5 - Actual/365 | Interest accrual: | 7,518.3574014 |
| Earn/rebate method: | 1 - Accruing (simple interest) | Interest paid to: | 01/19/2016 |
| Collateral description: | 6823 N Barnett Ln Fox Point WI 53217 | | |



Michael A Gral and Julia G Gral Living T
███████ Note - 3 Year Mel's

| | | | |
|---|---|---|---|
| Amount owed: | 355,113.29 | | |
| Late charges owed: | 30.00 | Outstanding bills: | 4 |

4 items: All unpaid and paid ahead bills beginning 02/06/2016

| Date Due | Paid Date | Billed Amount | Owed Amount |
|---|---|---|---|
| 05/06/2016 | | 349,660.22 | 349,660.22 |
| 04/06/2016 | | 1,817.69 | 1,817.69 |
| 03/06/2016 | | 1,817.69 | 1,817.69 |
| 02/06/2016 | | 1,817.69 | 1,817.69 |

**Bill Detail**

| | | | |
|---|---|---|---|
| Bill due: | 05/06/2016 | Bill paid: | 00/00/0000 |
| Bill created: | 04/20/2016 | | |

| | Billed Amount | Owed Amount |
|---|---|---|
| Payment: | 349,660.22 | 349,660.22 |
| Escrow: | 0.00 | |

| | | | |
|---|---|---|---|
| Post maturity bill: | No | Reprint bill: | No |
| Account bill: | 0 | Recalculate bill: | No |
| Payment skipped: | | Right-to-cure notice: | |
| ACH or Autopay transaction: | 0 - Not created | | |

**Additional Information**

| | | | |
|---|---|---|---|
| Bill type: | C - Payment date-to-payment date | Last transaction: | 610 - Regular payment |
| Next bill: | 05/06/2016 | | 01/20/2016 |
| Last bill: | 05/06/2016 | | 1,817.69 |
| Next interest bill: | 00/00/0000 | Next payment due: | 02/06/2016 |
| Last interest bill: | 00/00/0000 | Payment method: | Paper bills |
| Note bill only: | No | | |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN RE: MICHAEL A. GRAL

Chapter 11

Case No. 16-21329-gmh

Debtor.

## CERTIFICATE OF SERVICE

STATE OF WISCONSIN )
)ss
WAUKESHA COUNTY )

Sharon L. Thompson, being first duly sworn on oath deposes and says that she is an employee of the firm of Hippenmeyer, Reilly, Moodie & Blum, S.C., attorneys for the movant identified herein, that on the 29th day of July, 2016, she deposited in the United States mail/filed electronically a true and correct copy of the Notice of Motion of Johnson Bank for Relief from the Automatic Stay, Motion for Relief from Automatic Stay, and Affidavit of Brenda Kurklis in Support on Johnson Bank's Motion for Relief from Automatic Stay, securely enclosed in an envelope, the postage prepaid thereon, addressed to:

The Honorable G. Michael Halfenger
United States Bankruptcy Court
517 East Wisconsin Ave.
Milwaukee, Wisconsin 53202
(via electronic filing)

Attorney Jonathan V. Goodman
Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202-3739

Michael A. Gral
6823 N. Barnett Lane
Fox Point, WI 53217

Office of the U.S. Trustee
517 East Wisconsin Avenue
Room 430
Milwaukee, Wisconsin 53202
(via electronic filing)

Brenda Kurklis
Johnson Bank
P.O. Box 248
Racine, Wisconsin 53401
(via electronic mail)

_Sharon L. Thompson_
Sharon L. Thompson

Subscribed to and sworn before me
this 29th day of July, 2016.

_Lori J. Fabian_
Attorney Lori J. Fabian
Notary Public, State of Wisconsin
My Commission is permanent.