UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral[1],   Case No. 16-21329
                     Chapter 11
    Debtor.

## AMENDED PLAN OF REORGANIZATION

Gral Holdings Key Biscayne, LLC, Debtor and Debtor-in-Possession ("Debtor") in the Chapter 11 Case No. 16-21330, submits the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code.

### ARTICLE I

### DEFINITIONS

For purposes of the Plan of Reorganization, the following terms shall have the meanings as set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires). Those terms not specifically defined herein shall have the meanings ascribed to them in the Bankruptcy Code.

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330.**

Law Offices of Jonathan V. Goodman
788 N. Jefferson St., Suite 707
Milwaukee, WI 53202
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net

1.1     "Administrative Claim" shall mean a claim under Section 503(b) of the Bankruptcy Code, which is entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

1.2     "Allowed Claim" shall mean that portion of a claim which: (a) has been scheduled, other than a claim scheduled as disputed, contingent or unliquidated; or (b) as to which a proof of claim has been filed with the Bankruptcy Court, for which no objection to the allowance thereof has been made Court; or (c) as to which the Bankruptcy Court has entered a Final Order allowing such claim or any portion thereof.

1.3     "Bankruptcy Code" shall refer to Title 11 of the United States Code, as amended from time to time.

1.4     "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of Wisconsin, and any court having jurisdiction to hear appeals therefrom.

1.5     "Bankruptcy Rules" shall refer to the rules adopted by the United States Supreme Court to govern the practice and procedure in bankruptcy cases under the Bankruptcy Code.

1.6     "Claim" shall mean a claim as defined in Section 101(5), Bankruptcy Code.

1.7     "Debtor" shall mean the Debtor and Debtor-in-Possession herein.

1.8     "Effective Date of the Plan" shall mean the first business day after the date on which there is a Final Order confirming the Plan of Reorganization.

1.9     "Final Order" shall mean an Order which has been entered on the docket maintained by the Clerk of the Court for the Debtor's bankruptcy case, and (a) concerning which no timely appeal has been filed, relative thereto; or (b) concerning which a timely appeal has been filed relative thereto, but no stay pending appeal was obtained; or (c) concerning which a timely appeal was filed relative thereto and a stay pending appeal was obtained, and such appeal has been ultimately determined or dismissed.

1.10    "Projections" shall mean the projections attached hereto.

1.11    "Property of the Estate" shall mean property of the Debtor's estate as defined in Section 541, Bankruptcy Code.

1.12    "Secured Claim" shall mean a claim secured by a security interest, mortgage,

2

encumbrance or lien, or any combination thereof, against real or personal property of the estate or the proceeds therefrom, to the extent that the amount of such Secured Claim does not exceed the value of the property securing it.

## ARTICLE II

### CLASSIFICATION OF CLAIMS

The Claims shall be divided into the following classes:

2.1 <u>Class 1 Claims</u>. Class 1 Claims consist of all Claims entitled to priority under §507(a)(1) of the Code, including generally all administrative expenses incurred in the Chapter 11 case, as allowed by the Bankruptcy Court.

2.2 <u>Class 2 Claim</u>. The Class 2 Claim consists of the Allowed Secured Claim of Gibralter Bank and Trust Company.

2.3 <u>Class 3 Claim</u>. The Class 3 Claims consist of the Allowed General Unsecured Claims.

2.4 <u>Class 4 Claim</u>. The Class 4 Claim consists of the ownership interests of the Debtor.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE CLAIMS

3.1 <u>Class 1 Claims</u>. The Class 1 Claims for professional fees consist of the fees to be awarded to Debtor's counsel in the anticipated amount of $75,000.00, and any accrued but unpaid fees to the United States Trustee.

## ARTICLE IV

### TREATMENT OF SECURED CLAIMS
### UNDER THE PLAN

4.1 <u>Class 2 Claim</u>. The Class 2 Claim consists of the Fully Secured Claim of Gibralter

3

Bank and Trust Company. The approximate amount is $177,207.00 and accrues interest at the rate of 3.125% per annum. The maturity date is 2031.

Commencing with the first month after the Effective Date of the Plan, the Debtor shall resume monthly payments of principal and interest in the amount of $1,107.00 per month.

The Debtor affirms the pre-Petition loan documents in favor of the Class 2 Creditor, and the Class 2 Creditor is granted a replacement lien to the same extent, but not exceeding the pre-Petition lien in favor of the Class 2 claimant.

# ARTICLE V

## TREATMENT OF OTHER CLAIMS UNDER THE PLAN

5.1     Class 3 Claims.     The Class 3 Claims consist of the Allowed General Unsecured Claims and there is only one Claimant, Coffey Burlington in the amount of $52,787.00.

Commencing with the last month of the first year of the Plan starting from the effective date, the Debtor shall pay the Class 3 Claim in the amount of $5,000.00 per year for successive years thereafter with the final installment of $7,787.00 at the end of the tenth year of the Plan constituting a 100% distribution.

5.2     Class 4 Claim.     The Class 4 Claims are the ownership interests in the Debtor which shall retain their ownership pursuant to the Plan.

# ARTICLE VI

## MEANS FOR EXECUTION OF THE PLAN

6.1     The execution of the Plan shall be accomplished by the following means and with funds provided from the following sources:

(a) Cash on hand on the effective date of the Plan; and

(b) Income of the Debtor from future operations.

4

# ARTICLE VII

## TREATMENT OF EXECUTORY CONTRACTS AND LEASES

7.1     The executory contract with Ritz Carlton Hotel Company and Michael A. Gral will be assumed. To the extent there may be other Executory Contracts, they shall be deemed rejected by virtue of the Plan.

# ARTICLE VIII

## MODIFICATION OF PLAN

8.1     By Order of the Bankruptcy Court made at any time prior to Confirmation of the Plan, Debtor may amend or modify the Plan. After Confirmation of the Plan, the Debtor, pursuant to 11 U.S.C, Section 1127(b), and other provisions of the Bankruptcy Code and Bankruptcy Rules, may apply to the Bankruptcy Court for a modification of the Plan to remedy defects or omissions or reconcile inconsistencies therein, as may be necessary to carry out the purposes, intent and effect of the Plan.

# ARTICLE IX

## JURISDICTION BY THE BANKRUPTCY COURT

9.1     The Bankruptcy Court shall continue to maintain jurisdiction subsequent to Confirmation of the Plan for the purpose of:

   (a)   Fixing the allowance of any Claim or request for the allowance of fees and expenses as a cost and expense of the administration of the reorganization case;

   (b)   Re-examining any Claim or interest which has been allowed as of the date of confirmation;

   (c)   Hearing and determining any objection to a Claim which is filed with the Bankruptcy Court;

   (d)   Hearing and determining the extent, priority and validity of any lien or interest asserted by any party against the assets of the estate;

   (e)   Hearing and determining any action brought by the Debtor, or any representative of the Debtor, seeking to avoid any transfer of an interest

        of the reorganized Debtor in property or in any obligation incurred by the Debtor, that is avoidable or voidable pursuant to the provisions of the Bankruptcy Code;

(f) Hearing and determining all causes of action, controversies, disputes, or conflicts between the Debtor and any other party which were pending prior to confirmation;

(g) Determining all questions and disputes regarding title to the assets comprising the estate;

(h) Correcting any defect, curing any omission or reconciling any inconsistency in the Plan, or the order of confirmation as may be necessary to carry out the intent of the Plan;

(i) Confirming a modified Plan proposed by the Debtor pursuant to Section 1127(b) of the Bankruptcy Code;

(j) Hearing and determining any dispute relating to the terms or implementation of the Plan, or order of confirmation, or to the rights and obligations of the parties in interest with respect thereto;

(k) Issuing any Order necessary to implement the Plan or order of confirmation, including without limitation, such declaratory and injunctive Orders as are appropriate to protect the Debtor and the Debtor's estate, and holders of Claims to be paid or otherwise treated under the Plan of Reorganization;

(l) Making such affirmative Orders as may be necessary in connection with proper implementation of the Plan; and

(m) Entering an Order concluding and terminating the reorganization case.

## ARTICLE IX

### EFFECT OF CONFIRMATION

9.1 Except as otherwise provided in this Plan or the order confirming the Plan, the confirmation of the Plan shall bind the Debtor and all holders of Claims, whether or not the foregoing persons are impaired under the Plan, and whether or not any of the foregoing persons have accepted the Plan.

9.2 Except as provided for in 11 U.S.C. Section 1141(d)(2) and (d)(3), and except as otherwise provided in the Plan or in the order confirming the Plan, the Property of the Estate shall be free and clear of all Claims.

9.3     Except as otherwise provided in the Plan or in the order confirming the Plan, the effect of the confirmation of the Plan shall be governed by 11 U.S.C. Section 1141.

Respectfully submitted this 10th day of November, 2017.

                                    LAW OFFICES OF JONATHAN V. GOODMAN
                                    Attorneys for Michael A. Gral

By: _____
                                    Jonathan V. Goodman

Law Offices of Jonathan V. Goodman
788 N. Jefferson St., Suite 707
Milwaukee, WI  53202
Phone:  (414) 276-6760; Fax: (414) 287-1199
Email:  JGoodman@ameritech.net