THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: November 14, 2017



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In the matter:

    Michael Gral,[1]                                Case No. 16-21329-GMH

    Debtor in possession.                    Chapter 11

---

**ORDER**
**(1) GRANTING KAPLAN SAUNDERS VALENTE & BENINATI LLP'S MOTION**
**TO WITHDRAW AS COUNSEL FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS; AND**
**(2) SETTING DEADLINE FOR ALTSHULLAW, LLC, KAPLAN SAUNDERS**
**VALENTE & BENINATI LLP, AND CARLSON DASH LLC TO FILE FINAL**
**APPLICATIONS FOR COMPENSATION**

---

On October 19, 2016, the court approved the Official Committee of Unsecured Creditors' applications to employ AltshulLaw, LLC and Carlson Dash LLC as counsel for the committee. CM-ECF Doc. No. 468.

On August 16, 2017, the Official Committee of Unsecured Creditors filed a motion

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. This pleading relates to *In re Michael Gral*, Case No. 16-21329.

to substitute Kaplan Saunders Valente & Beninati LLP for AltshulLaw, LLC, and Carlson Dash, LLC. CM-ECF Doc. No. 886. The court granted that motion on September 21, 2017. CM-ECF Doc. No. 919.

On October 17, 2017, Kaplan Saunders Valente & Beninati filed a motion for leave to withdraw as counsel for the Official Committee of Unsecured Creditors. CM-ECF Doc. No. 946. No party in interest filed an objection.

Accordingly, the court ORDERS as follows:

1. Kaplan Saunders Valente & Beninati is permitted to withdraw as counsel for the Official Committee of Unsecured Creditors.
2. Kaplan Saunders Valente & Beninati, AltshulLaw LLC and Carlson Dash LLC must each file a final application for compensation and request for reimbursement of expenses within 30 days of the date the clerk enters this order. Failure to file a timely final application for compensation and request for reimbursement of expenses may result in the denial of the application for failure to comply with a court order, without further notice or a hearing.
3. The court will adjudicate the Eleventh (August 2017) monthly interim application for compensation and the Twelfth (September 2017) monthly interim application for compensation in connection with the final applications for compensation. See CM-ECF Doc. Nos. 918, 924, 926, 947, & 952.

#####