UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

___

**In re:**

    **MICHAEL A. GRAL,** *et al.*,[1]

                **Debtors.**

Case No. 16-21329-GMH
Chapter 11 Proceedings

Jointly Administered

___

**MOTION TO OBTAIN DOCUMENTS AND TAKE EXAMINATIONS PURSUANT TO RULE 2004**

___

      The Estate of Peter Margolis ("Movant") moves, pursuant to Fed. R. Bank. P. 2004, for an order authorizing Movant to conduct oral examinations under oath of Michael A. Gral and a designated representative of Prospect Avenue Holdings, LLC and directing them to produce documents in connection with such examination. In support of this motion, the Movant states as follows:

### Jurisdiction

      1.    Capital Ventures, LLC ("Capital Ventures" or the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on February 20, 2016 and continues to operate its business pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

      2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The court is jointly administering *In re Michael Gral,* Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 12-21330; and, separately, the court is jointly administering *In re Michael Gral,* Case No. 16-21329 and *In re Capital Ventures, LLC,* Case No. 16-21331. **This pleading relates to *In re Capital Ventures, LLC,* Case No. 16-21331.**

Jerome R. Kerkman
Kerkman Wagner & Dunn
839 North Jefferson Street, Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kwdlaw.com

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B) as a matter concerning the administration of the estate and allowance or disallowance of claims against the estate.

**Factual Background**

4. On March 7, 2016, the Debtor filed its schedules of assets and liabilities. (dkt. no. 25). The Debtor scheduled Prospect Avenue Holdings, LLC ("Prospect Avenue") as having a nonpriority unsecured claim in the amount of $215,594.41. The Debtor failed in its schedules to provide any basis for the claim. Prospect Avenue failed to file a proof of claim.

5. The website for the Wisconsin Department of Financial Institution's lists Prospect Avenue as having a principal office of 1437 North Prospect Ave. Suite 100, Milwaukee, WI. The same address is listed for Prospect Avenue's registered agent, Atty. Donald J. Gral. The Debtor also listed that address for its scheduled co-debtors, Michael and Julia Gral. (dkt. 25, pp. 11)

6. Prospect Avenue is among twenty plaintiffs that have filed an adversary proceeding against Michael and Julia Gral, the Debtor's principals. (dkt. 909.) Based upon the allegations of the complaint filed in the adversary, Prospect Avenue is owned by Donald A. Gral and Donald J. Gral.

7. Movant believes that Prospect Avenue's claim is at best an insider claim and most likely will be disallowed in its entirety. If the claim is to an insider, the Debtor's proposed plan treatment of Prospect Avenue claim improperly seeks to elevate the status of Prospect Avenue's claim to a general unsecured claim. If there is no consideration received by the Debtor or no other support for the claim, it should be disallowed in its entirety.

8. As stated in the Disclosure Statement for Creditor Plan of Liquidation for Capital Ventures, LLC, the Creditor Plan contemplates objecting to the scheduled claim of Prospect

Avenue. The only ones with information on the basis for Prospect Avenue's scheduled claim are the Debtor and Prospect Avenue.

9. Accordingly, as an interested party, the Movant seeks to examine the Debtor and a designated representative of Prospect Avenue to ascertain, among other things:

   a. The nature of Prospect Avenue's claim;
   b. The facts concerning the scheduled claim;
   c. The consideration for Prospect Avenue's claim; and
   d. Any financial relationship or dealings between the Debtor and Prospect Avenue.

## Relief Requested

10. The Movant respectfully requests that the Court enter an order authorizing it to conduct examinations under oath of Michael Gral and a designated representative of Prospect Avenue concerning the forgoing subject matters.

11. The Movant also requests that the Court order that subpoenas issue to compel Michael A. Gral and Prospect Avenue to appear for examination and to produce documents described in the Document Request accompanying this motion.

## Basis for Relief

12. Fed R. Bankr. P. 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." *Id*.

13. Based on the available information, it appears that the scheduled claim of Prospect Avenue is to an insider or should otherwise be disallowed. If the Prospect Avenue claim

3

is disallowed or subordinated to general unsecured claims, the amount of general unsecured claim would be reduced by 45%. An investigation into the nature of the claim is necessary to determine the amount of claims in the class and to project a distribution under a plan of reorganization.

14. Time is of the essence because the hearing on the disclosure statement is January 12, 2018. Capital Ventures signaled in its latest disclosure statement, dkt. no. 965, that it believed the Prospect Avenue claim should be allowed in full. (page 7) Further information on the Movant's position regarding the claim may be necessary in its disclosure statement.

15. The scope of potential inquiry under Rule 2004 examinations is broad, and great latitude of inquiry is permitted. *In re Mittco*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). Specifically, third parties who have been shown to have a relationship with the debtor may be subject to Rule 2004 examinations. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993). The inquiry under an examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville*, 42 B.R. 362, 364 (S.D.N.Y. 1984). The scope of a Rule 2004 examination is broad, and may be compared with a "fishing expedition." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

16. The information sought by the Movant pertains to the Debtor's liabilities. The Debtor's unsecured creditors will receive a direct benefit – their distribution will be increased through a decrease in the creditor pool.

17. Even though Rule 2004 permits a broad scope, the information sought is narrowly tailored to Prospect Avenue's claim. Typically, such information would have been provided by the Debtor in its schedules or the creditor in its proof of claim. Because neither was provided and

4

it appears the claim is improper, the Movant, as an interested party, requests that the Court enter an order authorizing it to conduct examinations under oath of Michael Gral and a designated representative of Prospect Avenue concerning the forgoing subject matters. The Movant also requests that the Court order that subpoenas issue to compel Michael A. Gral and Prospect Avenue to appear for examination

### Conclusion

The Movant requests (i) authorization to obtain documents identified on Exhibit A and to conduct examinations of Michael A. Gral and a designated representative of Prudential Avenue Holdings, LLC on the matters identified on Exhibit B, (ii) authorization to issue and serve subpoenas *duces tecum* for the production of documents and appearance for examinations, and (iii) other relief as is just.

Dated: December 4, 2017.

/s/ Jerome R. Kerkman
Jerome R. Kerkman
Kerkman Wagner & Dunn

Attorneys for the Estate of Peter Margolis

P.O. Address:

839 North Jefferson Street, Suite 400
Milwaukee, WI 53202-3744
Telephone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kwdlaw.com

## Exhibit A

## Document Request

1. Any written agreement or other Documents forming the basis for the claim of Prospect Avenue Holdings, LLC, as scheduled by Capital Ventures, LLC (the "Debtor") in the amount of $215,594.41 (the "Claim").

2. All Documents evidencing the transfer or receipt of any consideration for the Claim including, but not limited to, any bank account statement, invoice, or written correspondence.

3. Any financial statement, balance sheet, profit and loss statement, or other document evidencing the existence of the claim prior to the Debtor filing for bankruptcy on February 20, 2016.

4. All Documents that are Communications referencing the Claim or any business dealing related to the Claim.

As used in this motion, including Exhibits A and B, the following terms are defined as follows;

"Insider" and "Person" have the meanings given them in § 101 of the Bankruptcy Code.

"Communication," "Document," and "To Identify" have the meanings given them in Civil L.R. 26(d)(2) (Local Rules, E.D. Wis. 2010).

If any information sought is claimed be confidential, the Movant agrees to be bound by the terms specified in Civil L.R. 26(e)(1), (2) and (3) (Local Rules, E.D. Wis. 2010).

**Exhibit B**

**Subjects for Examination**

1. The identity of all Insiders to Prospect Avenue Holdings, LLC ("Prospect Avenue") and any Insiders to Capital Ventures, LLC (the "Debtor").

2. The basis for the claim of Prospect Avenue as scheduled by the Debtor in the amount of $215,594.41 (the "Claim").

3. Any consideration received by the Debtor for the Claim.

4. Any financial relationship or dealings between the Debtor and Prospect Avenue.

5. The documents produced in response to the requests listed on Exhibit A.