In the matter of:

Michael A. Gral,[1]                                                    Case No. 16-21329-GMH

Debtor-in-possession                                                   Chapter 11

**UNITED STATES TRUSTEE'S AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINT PRETRIAL REPORT ON THE MOTION TO DISMISS OR CONVERT THIS CASE**

The United States Trustee Patrick Layng, by Attorney Laura D. Steele, and the Official Committee of Unsecured Creditors (the "UCC") jointly submits the following list of witnesses and exhibits for the February 7, 2018, hearing on the United States Trustee's motion to dismiss or convert this case, which the UCC joined:

**Jurisdiction and Authority to Enter Final Order**

This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. §157(b)(2)(A) which this Court may hear and determine. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The United States Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3). The United States Trustee and UCC consent to final judgment by the Court.

**Elements of Claim**

In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael Gral*, Case No. 16-21329.**

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499; Fax (414) 297-4478

establishes "cause." *See* 11 U.S.C. § 1112(b)(1).  The moving party has the burden of demonstrating cause for dismissal or conversion. *In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

The Court may dismiss a case for "cause" if the Court finds that there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A); *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009). There are two elements to consider under Section 1112(b)(4)(A): (i) a "substantial or continuing loss to or diminution of the estate," and (ii) the "absence of a reasonable likelihood of rehabilitation." *See* 11 U.S.C. § 1112(b)(4)(A).

A Debtor's administrative insolvency also constitutes cause to convert or dismiss a Chapter 11 case. *See In re BH S & B Holdings, LLC*, 439 B.R. at 349 ("Although section 1112(b)(4) does not list administrative insolvency as cause to convert or dismiss a chapter 11 case, a court may still consider this factor.").

Whether to convert or dismiss a case is within the Court's discretion, "provided the best interests of the creditors and the estate are served." *In re BH S & B Holdings, LLC*, 439 B.R. 342, 351 (Bankr. S.D.N.Y. 2010).  In making this determination, a leading bankruptcy treatise suggests that the court may consider factors including:

(1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset," (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered, and (10), whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

7 Collier on Bankruptcy ¶ 1112.04[7] at 1112–41 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) (citation omitted). "[T]he considerations are the same whether the debtor is an individual or an entity." *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011)

## Witnesses

**The United States Trustee and/or the UCC may call the following witnesses in their case in chief:**

1. Michael A. Gral, Debtor. The Debtor will testify regarding his assets, income, the estate's ability to satisfy accrued and accruing administrative costs, and his proposed plan of reorganization.

2. Vince Morelli, Bankruptcy Analyst for the United States Trustee. Mr. Morelli will testify about his inspection of the Debtor's bankruptcy schedules, the financial records, monthly operating reports, and the Debtor's proposed plan of reorganization.

3. Any witness identified by any other party in interest, including the Debtor, in their respective witness list or pretrial report.

**Exhibits**[2]

**The U.S. Trustee and/or the UCC may seek to introduce the following exhibits during their case in chief at the evidentiary hearing:**

1. United States Trustee's Cash Flow Summary Exhibit (Attached)

2. United States Trustee's Plan Analysis Exhibit (Attached)

3. Debtor's schedules and statement of financial affairs. Docket Nos. 52, 54, 658.

4. Michael A. Gral monthly operating reports from February 2016 to December 2017. Docket Nos. 108, 159, 246, 452, 496, 552, 594, 650, 682, 716, 740, 780, 827, 871, 894, 922, 951, 974, 1022, and 1081.

5. Capital Ventures December 2017 monthly operating report. Docket No. 1079.

6. Gral Holdings Key Biscayne LLC December 2017 monthly operating report. Docket No. 1080.

7. Michael A. Gral's January 5, 2018 Plan and Disclosure Statement. Docket Nos. 1046, 1047.

8. Michael A. Gral's Personal Budget prepared May 25, 2017. Docket No. 789.

9. Periodic Report on Related Entities as of November 30, 2017. Docket No. 1029.

10. Capital Ventures LLC Amended Disclosure Statement. Docket No. 1094.

11. Gral Holdings Key Biscayne LLC Amended Disclosure Statement. Docket No. 967.

12. Any exhibits identified by any other party in interest, including the Debtor, in his respective exhibit list or pretrial report.

{Signatures follow}

---

[2] Items found within the docket are not refiled with this report, but the United States Trustee will provide paper copies at the evidentiary hearing.

Dated: January 31, 2018.

    PATRICK S. LAYNG
    United States Trustee

    /s/ Laura D. Steele
    LAURA D. STEELE
    Attorney for the United States Trustee

    -and-

    OFFICIAL COMMITTEE OF UNSECURED CREDITORS

    By: /s/ John. F. Hiltz
        (one of its attorneys)