UNITED STATES BANKRUPTCY COURT          EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF:                       Case No. 16-21329 gmh

MICHAEL A. GRAL[1]                      Chapter 11
                                        Jointly Administered

          Debtor.

---

## MOTION FOR RELIEF FROM ORDER ON DEADLINE FOR FILING REVISED DISCLOSURE STATEMENT

---

Now comes Town Bank and, to the extent the Court deems it necessary, moves the Court

for relief from the Court Minutes and Order, entered on January 23, 2018 as document number

1076 on the docket herein (the "Minute Order"), pursuant to FRBP 9024 and/or 9006(b) or 11

U.S.C. § 105.  This motion is supported by the Affidavit of Ben Payne, filed contemporaneously

herein, and attached hereto as **Exhibit A**.

As the docket demonstrates, the Court held a status conference on January 12, 2018, at

which hearing the Debtor stated that it intended to make changes to its Disclosure Statement and

preferred not to proceed with the hearing to approve its disclosure statement.  The parties to the

January 12, 2018 hearing on approval of the Capital Ventures, LLC disclosure statements

generally agreed that the competing disclosure statements and plans should proceed on the same

track to simplify the voting and confirmation process, instead of proceeding with the hearing on

approval of the Town Bank disclosure statement.  The Court set a January 29, 2018 deadline to

file any changes the parties chose to make to their respective disclosure statements, a January 31,

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329-gmh and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330-gmh; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329-gmh and *In re Capital Ventures, LLC*, Case No. 16-21331-gmh.  **This pleading relates only to *In re Capital Ventures, LLC*, Case No. 16-21331-gmh.**
**Document prepared by:**
Ben Payne / Hanson & Payne, LLC
740 N. James Lovell St., Milwaukee, WI 53233
(414) 271-4550 / bpayne@hansonpayne.com

2018 deadline to serve creditors with the revised disclosure statements, and a March 7, 2018 adjourned hearing on approval of the Town Bank and Debtor disclosure statements.

Despite counsel for Town Bank maintaining an internal system for attorneys to assign responsibility to paralegals for electronically filing pleadings by the filing deadlines, counsel for Town Bank omitted the filing deadline from the Friday January 26th email in which he assigned a paralegal responsibility for electronically filing and noticing out the amended disclosure statement and other related pleadings. Exhibit A, ¶ 1-5. As a result, the paralegal to whom counsel for Town Bank assigned the task of filing the amended disclosure statement did not know that she had to file the amendment by the end of the day on January 29, 2018 and she did not file the amended disclosure statement by the end of the day on January 29, 2018. *Id*. at ¶ 6. As soon as counsel for Town Bank realized the paralegal had not filed the amended disclosure statement, he filed it, which filing was complete by around 8:00am on the morning following the deadline. *Id*. at ¶ 7-8. Counsel for Town Bank submits that the rare instance of an error in its system of ensuring that office staff timely file pleadings constitutes excusable neglect or other cause warranting the relief sought herein.

Debtor's counsel has filed an objection to the eight-hour tardiness of the Town Bank amended disclosure statement, but its objection carries all of the authenticity of a professional soccer player writhing in anguish following a phantom trip. Counsel for Town Bank takes the Court's deadlines seriously, and does not take the late filing of the amended disclosure statement lightly, but Debtor's request that Town Bank's amended disclosure statement and amended plan be struck from the record on account of the eight-hour late filing is out of all proportion to the injury suffered by the Debtor, who didn't articulate how it was injured by the late filing, or by creditors, on whom Town Bank served the amended disclosure statement before the deadline and

over a month before the scheduled March 7, 2018 hearing on approval of the disclosure statements. It's equally unclear why the Debtor thinks the Town Bank amended plan should be struck from the record, considering there was no deadline for filing amended plans and the only guilt on the part of the Town Bank amended plan was by association in having been filed shortly after the amended disclosure statement. Permitting the January 30, 2018 filing of the amended disclosure statement offends no statutory deadline and it doesn't minimize notice to creditors of the amended disclosure statement in any way.

Wherefore, Town Bank respectfully requests that the Court grant it relief from the Minute Order to permit the January 30, 2018 filing of Town Bank's amended disclosure statement, and for any other relief the Court deems equitable.

Respectfully submitted this 1st day of February, 2018.

HANSON & PAYNE, LLC
Attorneys for Secured Creditor Town Bank

/s/ Benjamin Payne
State bar no. 1041478

740 N. James Lovell St.
Milwaukee, Wisconsin 53233
(414) 271-4550 Phone
(414) 271-7731 Fax
bpayne@hansonpayne.com

UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF:

MICHAEL A. GRAL[1]

    Debtor.

Case No. 16-21329 gmh

Chapter 11
Jointly Administered

## AFFIDAVIT OF BEN PAYNE REGARDING FILING OF AMENDED DISCLOSURE STATEMENT

STATE OF WISCONSIN   )
                 ) ss
MILWAUKEE COUNTY   )

I, Benjamin Payne, after first being duly sworn under oath, depose and state as follows:

1. My law firm employs paralegals, to whom attorneys of the firm assign tasks, including the electronic filing and service of bankruptcy pleadings.

2. My office has a standard operating procedure for assigning a paralegal the task of filing bankruptcy pleadings by the deadline for such pleadings to be filed.

3. The system of assigning a paralegal the task of filing a pleading involves the following tasks:

    a. The attorney making the assignment drafts and email to the paralegal receiving the assignment.

    b. The email states the pleading to be filed and includes the exact document(s) to be filed as an email attachment.

    c. The email states the manner of service required and whether a certificate of mailing is required to be prepared and filed.

    d. The last item in the task assignment email states the deadline for the paralegal to file

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329-gmh and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330-gmh; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329-gmh and *In re Capital Ventures, LLC*, Case No. 16-21331-gmh. **This pleading relates only to** *In re Capital Ventures, LLC,* **Case No. 16-21331-gmh.**

## Exhibit A

and serve the document(s).

4. On the afternoon of Friday January 26, 2018, I emailed firm paralegal Tizzy Tiezazu, a paralegal new to the field who we've been training since we hired her in September 2017, assigning her the task of filing and serving the amended Town Bank disclosure statement and plan.

5. My January 26, 2018 email to paralegal Tiezazu included all of the items identified in Paragraph 3 above, with the exception of the filing deadline, which I mistakenly omitted from the email. Omitting a deadline from an email in which I assign a task to a paralegal is an extremely rare occurrence.

6. Due to a full schedule of appointments on Monday January 29, 2018, I did not speak to paralegal Tiezazu before leaving the office that night and did not realize that she had not filed the amended disclosure statement.

7. Early in the morning of January 30, 2018, it occurred to me that I had not received an email from paralegal Tiezazu the day before, confirming she'd completed the task of filing the amended disclosure statement, which confirming email our paralegals customarily send upon completion of an assigned task.

8. Upon arriving at work on Tuesday January 30, 2018, I checked to ensure the amended disclosure statement had been filed the day before and discovered that it had not been filed, at which time I filed it, sometime around 8:00am on January 30, 2018.

| | |
|---|---|
| Subscribed and sworn to before me this 1st day of February, 2018.<br><br>*Brooke Fenton* (signature)<br><br>Notary Public, Milwaukee County, WI.<br>My commission expires 8/26/19 | HANSON & PAYNE, LLC<br>Attorneys for Town Bank<br><br>*(signature)*<br><br>State Bar # 1041478<br>740 N. James Lovell St.<br>Milwaukee, Wisconsin 53233<br>(414) 271-4550 Phone / (414) 271-7731 Fax<br>bpayne@hansonpayne.com |

BROOKE FENTON
Notary Public
State of Wisconsin