# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Michael A. Gral[1],　　　　　　　　　　　　　　Case No. 16-21329-GMH

　　　　　Debtor-in-possession　　　　　　　　　Chapter 11

**BIELINSKI BROS. BUILDERS, INC.'S MOTION PURSUANT TO FED. R. BANKR. P. 3018(A) FOR TEMPORARY ALLOWANCE OF ITS CLAIM FOR THE SOLE PURPOSE OF VOTING TO ACCEPT OR REJECT THE PLAN**

## PRELIMINARY STATEMENT

Bielinski holds a $3.7 million general unsecured claim against Debtor Capital Ventures, LLC by virtue of its state court charging liens against Debtor Michael Gral's right, title, and interest in debtor and non-debtor entities. Although Capital Ventures has objected to Bielinski's claim, Capital Ventures does not challenge the validity of the underlying charging lien giving rise to Bielinski's claim—nor can it. Moreover, Capital Ventures' objections regarding the inclusion of interest and attorneys' fees in Bielinski's claims are immaterial because Town Bank's Plan of Liquidation (the "Plan") limits Bielinski's allowed claim to the principal amount of the unsatisfied judgment giving rise to the charging lien.

Bielinski files this Motion to request the Court's permission, pursuant to Fed. R. Bankr. P. 3018(a), to vote on the Plan. Bielinski's claim is based on a state court charging lien issued pursuant to Wis. Stat. § 183.0705 that has not been appealed or challenged under state law.

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Capital Ventures, LLC*, Case No. 16-21331.**

Prepared by: Katherine Stadler, Sean O'D. Bosack, Nina Beck
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

Bielinski's claim is valid and enforceable. The filing of the proof of claim is *prima facie* evidence of its validity. The Debtor's objection sets forth no evidence or argument, other than a dispute about interest and attorney's fees, to justify a shifting of the burden of proof on validity to Bielinski. Accordingly, Bielinski requests that the Court issue an order pursuant to Bankruptcy Rule 3018 temporarily allowing Bielinski's claim in the amount of $1,748,787.26 (not including interest or attorney fees) for the sole purpose of voting to accept or reject the Plan.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal procedures for the relief sought herein are sections 502 and 1126 of the Bankruptcy Code and Rules 3001 and 3018 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

4. Michael Gral is the sole member of Capital Ventures, LLC.

5. On September 21, 2010, judgment was entered against Michael Gral and in Bielinski's favor in the amount of $1,748,787.26, *Bielinski Bros. Builders, Inc. v. Michael A. Gral et al.*, Milwaukee County Circuit Court Case No. 09-CV-018596.

6. On September 24, 2014, Bielinski obtained a charging order pursuant to Wis. Stat. § 183.0705 against Capital Ventures, among other non-debtor entities. The charging order was subsequently amended on September 8, 2015 to add additional non-debtor entities. The charging order and amended charging order are attached to Bielinski's proof of claim. [Claim 2, Case No. 16-21331-gmh]

7.      On May 3, 2016, Bielinski filed its proof of claim against Capital Ventures in the total amount of $3,734,880.89. Bielinski's claim includes (i) $1,748,787.26 in principal; (ii) $1,151,093.63 in interest; and (iii) $835,000 in attorneys' fees. On July 1, 2016, Bielinski amended its claim to clarify that its claim is unsecured. [Claim 2, Case No. 16-21331-gmh]

8.      Bielinski's claim against Capital Ventures arises from the unsatisfied Milwaukee County Circuit Court judgment against Michael Gral in the principal amount of $1,748,787.26 and Bielinski's charging lien against Gral's equity interests in various debtor and non-debtor entities, including Gral's interest in Capital Ventures.

9.      On July 11, 2016, Capital Ventures filed an objection to Bielinski's claim, alleging that (i) the claim is invalid because there is no judgment or receiver's lien against Capital Ventures; (ii) the amount of interest is incorrect or improper; and (iii) the amount of attorneys' fees is unreasonable or improper. [Dkt. 84, Case No. 16-21331-gmh]

10.     On January 30, 2018, Town Bank filed its First Amended Chapter 11 Plan of Liquidation relating to Capital Ventures (the "Plan"). [Dkt. 1097, Case No. 16-21329-gmh] The Plan recognizes Bielinski's claim against Capital Ventures arising from the charging lien. Because Bielinski's claim is derivative of Michael Gral's equity membership interest in Capital Ventures, the Plan classifies Bielinski as its own class of creditors (Class 6). [Plan, 2.6]

11.     Payment to Bielinski under the Plan will come—if at all—from the proceeds of the sale of Capital Ventures' underlying property. If the property sale yields sufficient proceeds, Bielinski will receive $200,000 if and only if all secured and allowed general unsecured claims have been paid in full. [Plan, 5.1, 5.3] Only after the deficiency claim of Nancy Margolis based on a mortgage has been paid, Bielinski *could* receive additional sums not to exceed $1,748,787.26. [*Id.*]

3

12. $1,748,787.26 is the amount of the unsatisfied judgment against Michael Gral and does not include interest or attorneys' fees. [Plan, 3.6]

## ARGUMENT

13. Bankruptcy Rule 3018 provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Whether to temporarily allow a claim is left to the sound discretion of the bankruptcy court. *Pension Ben. Guar. Corp. v. Enron Corp.*, Case No. 04 Civ. 5499 (HB), 2004 WL 2434928, *5 (S.D.N.Y.), citing *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996); *see also In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994); *see also In re Frascella Enterprises, Inc.*, 360 B.R. 435, 458 (Bankr. E.D. Pa. 2007).[2]

14. Notwithstanding a pending objection to the claim, the Bankruptcy Court may consider evidence it finds appropriate to determine the amount of the claim that should be temporarily allowed for voting purposes only. *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. at 775. Claims litigation can be lengthy; to avoid it, a court may temporarily allow a claim for voting purposes if the claim will be allowed pursuant to the terms of the plan on which the creditor is voting. *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 646 (2d Cir. 1998) ("objections to claims need not be finally resolved before voting on a plan may occur"); *In re Stone Hedge Props.*, 191 B.R. 59, 63 (Bankr. M.D. Pa. 1995) ("Since claims litigation is often drawn out, thereby defeating one of the essential purposes of the Code…for voting purposes only, the court can temporarily allow a claim in such an amount" the court deems proper).

---

[2] Bielinski cites these advisory authorities from other jurisdictions because it has identified no Wisconsin or Seventh Circuit case addressing Rule 3018(a) motions.

4

15. In determining whether to temporarily allow a claim for voting purposes, courts may look to (1) the debtor's scheduling of the claim, (2) the proof of claim filed, and (3) the objection to determine parties' expectations regarding the amount and nature of the claim to be voted. *In re Stone Hedge Props.*, 191 B.R. at 65. In addition, consistent with the policy underpinnings of the Bankruptcy Code, courts favor temporary allowance of disputed claims. *Id*. The claimant has the burden of proof when seeking temporary allowance of the claim for voting purposes pursuant to Bankruptcy Rule 3018. *Id*. However, the court does not need to conduct a mini-trial over the claim, but only need weigh "the probabilities of the various contentions made by the parties." *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. at 775.

16. Allowance of claims is governed by 11 U.S.C. § 502. "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Section 502(a) of the Bankruptcy Code provides, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a). Thus, in order to succeed on a claim objection, the objecting party must produce probative evidence of equal force to rebut the allegations contained in the proof of claim. *In re Habiballa*, 337 B.R. 911, 915 (Bankr. E.D. Wis. 2006). Once the objector has produced evidence to overcome the presumption of validity and/or amount of the claim, the claimant must then produce additional evidence, and must prove the validity of the claim by a preponderance of the evidence. *In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005). "The ultimate burden rests with the creditor, but only after the objector has produced some evidence to rebut the claim." *Id*.

17. Bielinski's claim was timely and complies with the Bankruptcy Code and Rules, so it is presumed valid. Although Capital Ventures objected to the claim, no party has challenged

5

the validity of the charging lien giving rise to Bielinski's claim against Capital Ventures. Rather, Capital Ventures argues that Bielinski holds no direct judgment or lien against Capital Ventures, and that Bielinski's claimed amounts for interest and attorneys' fees are improper.

18. Bielinski's claim should be temporarily allowed for voting purposes because it is undisputed that Bielinski holds a charging lien against Michael Gral's equity interest in Capital Ventures. Under the charging order, which is a final, no-longer-appealable order of the Milwaukee County Circuit Court, Capital Ventures is required to pay to Bielinski amounts that would be payable to Michael Gral:

> Capital Ventures, LLC is hereby directed to pay to the Plaintiff [Bielinski] and to inform the Court Appointed Receiver of every distribution of any kind, including any transfer or expending of value or money made for any purpose, to, on behalf of, or for the benefit of Defendant Michael A. Gral or his trust, pursuant to and consistent with his membership interests, which reporting and payments shall continue until the full amount of the judgment herein is paid and satisfied, subject to the claim of statutory exemptions[.]

[Claim 2, Charging Order]. No one contends that Bielinski's judgment "is paid and satisfied," and the distribution of residual real estate sale proceeds to Michael Gral as equity owner of Capital Ventures under the Plan qualifies on its face as a "distribution of any kind, including a transfer or expending of value or money made for any purpose" to Michael Gral. Therefore, the Plan properly places Bielinski ahead of Michael Gral in its distribution scheme.

19. Moreover, the Plan caps payment to Bielinski at $1,748,787.26—the principal and undisputable amount of Bielinski's underlying judgment against Michael Gral. In other words, under no circumstances could Bielinski receive distributions under the Plan for the disputed interest or attorneys' fees. Thus, the only bases for Capital Ventures' claim objections can never be sufficient to shift the burden of proof of validity to Bielinski.

## **CONCLUSION**

WHEREFORE, Bielinski respectfully requests entry of an order (i) temporarily allowing its Claim against Capital Venture's estate in the amount of $1,748,787.26, for the sole purpose of voting to accept or reject the Plan; and (ii) granting such other and further relief as is just and appropriate.

Dated: February 12, 2018

                              GODFREY & KAHN, S.C.


                              */s/ Sean O'D. Bosack*
                              Katherine Stadler (State Bar No. 1030775)
                              Sean O'D. Bosack (State Bar No. 1029661)
                              Nina Beck (State Bar No. 1079460)

                              *Attorneys for Bielinski Bros. Builders, Inc.*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com
18484157.2