UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Gral[1],

        Debtor-in-Possession.

Case No. 16-21329
Chapter 11

Jointly Administered

## THIRD AMENDED PLAN OF REORGANIZATION

Michael A. Gral, Debtor and Debtor-in-Possession ("Debtor") in the above Chapter 11 case, submits the following Third Amended Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code.

## ARTICLE I
## DEFINITIONS

For purposes of the Plan of Reorganization, the following terms shall have the meanings as set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires). Those terms not specifically defined herein shall have the meanings ascribed to them in the Bankruptcy Code.

    1.1    "Administrative Claim" shall mean a claim under Section 503(b) of the Bankruptcy Code, which is entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

    1.2    "Allowed Claim" shall mean that portion of a claim which: (a) has been scheduled, other

---

[1] The court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC,* Case No. 16-21330; and, separately, the court is jointly administering *In re Michael A. Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates only to *In re Michael A. Gral,* Case No. 16-21329.**

Jonathan V. Goodman
Law Offices of Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net

than a claim scheduled as disputed, contingent or unliquidated; or (b) as to which a proof of claim has been filed with the Bankruptcy Court, for which no objection to the allowance thereof has been made Court; or (c) as to which the Bankruptcy Court has entered a Final Order allowing such claim or any portion thereof.

1.3  "Bankruptcy Code" shall refer to Title 11 of the United States Code, as amended from time to time.

1.4  "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of Wisconsin, and any court having jurisdiction to hear appeals therefrom.

1.5  "Bankruptcy Rules" shall refer to the rules adopted by the United States Supreme Court to govern the practice and procedure in bankruptcy cases under the Bankruptcy Code.

1.6  "Claim" shall mean a claim as defined in Section 101(5), Bankruptcy Code.

1.7  "Debtor" shall mean the Debtor and Debtor-in-Possession herein.

1.8  "Effective Date of the Plan" shall mean the first business day after the date on which there is a Final Order confirming the Plan of Reorganization.

1.9  "Final Order" shall mean an Order which has been entered on the docket maintained by the Clerk of the Court for the Debtor's bankruptcy case, and (a) concerning which no timely appeal has been filed, relative thereto; or (b) concerning which a timely appeal has been filed relative thereto, but no stay pending appeal was obtained; or (c) concerning which a timely appeal was filed relative thereto and a stay pending appeal was obtained, and such appeal has been ultimately determined or dismissed.

1.10  "Projections" shall mean the projections attached hereto.

1.11  "Property of the Estate" shall mean property of the Debtor's estate as defined in Section 541, Bankruptcy Code.

1.12  "Secured Claim" shall mean a claim secured by a security interest, mortgage, encumbrance or lien, or any combination thereof, against real or personal property of the estate or the proceeds therefrom, to the extent that the amount of such Secured Claim does not exceed the value of the property securing it.

# ARTICLE II
# CLASSIFICATION OF CLAIMS

The Claims shall be divided into the following classes:

2.1   Class 1 Claims.   Class 1 Claims consist of all Claims entitled to priority under §507(a)(1) of the Code, including generally all administrative expenses incurred in the Chapter 11 case, as allowed by the Bankruptcy Court.

2.2   Class 2 Claim.   The Class 2 Claim consists of the fully Secured Claim of BSI Financial Services.

2.3   Class 3 Claim.   The Class 3 Claim consists of the fully Secured Claim of Johnson Bank.

2.4   Class 4 Claim.   The Class 4 Claim consists of the Unsecured Claim of Park Bank.

2.5   Class 5 Claim.   The Class 5 Claim consists of the Secured Claim of the Northwestern Mutual Life Insurance Company.

2.6   Class 6 Claim.   The Class 6 Claim consists of the priority claim of the United States of America Internal Revenue Service.

2.7   Class 7 Claims.   The Class 7 Claims consist of the Unsecured Claims of guaranteed loans.

2.8   Class 8 Claim.   The Class 8 Claim consists of the Allowed Unsecured Claim of Bielinski Brothers Builders, Inc.

2.9   Class 9 Claims.   The Class 9 Claims consist of the other General Unsecured Claims.

2.10   Class 10 Claim.   The Class 10 Claim consists of the Claim of Debtor in his properties.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE CLAIMS

3.1   Class 1 Claims.   The Class 1 Claims for administrative expenses consists of the following:

(a)   Fees awarded to Debtor's counsel in the anticipated amount exceeding $250,000.00;
(b)   Accrued but unpaid fees to the United States Trustee;

3

(c) Fees awarded to Altshul and Kaplan Sanders of $59,000 to be paid within three (3) months after the Effective Date of the Plan; and

(d) Future fees awarded to new counsel for the new counsel for official committee for unsecured creditors $50,000.00, absent an agreement to the contrary, fees for the current counsel for the official committee for unsecured creditors shall be paid on the Effective Date of the Plan.

The administrative expenses shall be treated as follows:

(i) Debtor's counsel's fees shall be paid over time when funds are available;
(ii) The United States Trustee's fees shall be paid in full upon the temporary closure of the case;
(iii) Administrative claims are supposed to be paid on the Effective Date of the Plan; and
(iv) Bankruptcy law requires that fees of the attorney for the Official Committee of Unsecured Creditors must be paid in full on the Effective Date of the Plan if it is insisted upon by the committee and its counsel.

## ARTICLE IV
## TREATMENT OF SECURED CLAIMS
## UNDER THE PLAN

4.1 <u>Class 2 Claim</u>. The Class 2 Claim consists of the fully Secured Claim of BSI Financial Services. It has a senior lien position on Debtor's home. It is in the approximate principal amount of $601,587.79 (as of November 1, 2016).

Commencing with the first month after the Effective Date of the Plan, the Debtor will make monthly payments of principal and interest of $3,081.01 at 4.6% interest. The maturity date for this loan will be ten years from the Effective Date of the Plan. Debtor will escrow $1/12^{th}$ of the annual real estate taxes.

Within thirty (30) days after the Effective Date of the Plan, the Debtor shall execute a new note in favor of Wilmington Savings Fund Society, FSB, as trustee for the Primestar H Fund I Trust, incorporating the above terms.

The Class 2 creditor shall have a replacement security interest in the property constituting a senior secured positon on the Debtor's homestead and will have a replacement security interest of the same priority.

The Debtor shall maintain fire and extended casualty insurance on the collateral in at least the amount of the creditor's first mortgage lien on the property.

4

During the term of the Plan, the Class 2 creditor may analyze the escrow account from time to time in accordance with federal law and the applicable terms of the note and mortgage and, therefore, the amount of the monthly escrow deposit may change from time to time.

4.2     Class 3 Claim.     The Class 3 Claim consists of the fully Secured Claim of Johnson Bank in the approximate principal amount $361,762.67 (as of December 21, 2016), which is a second mortgage on Debtor's home.  This is a junior lien position on Debtor's home.

Commencing with the first month after the Effective Date of the Plan, Debtor will make payments of principal and interest of $1,823.79 per month with interest at 4.5%.  The maturity date of this loan shall be ten years from the Effective Date of the Plan.

4.3     Class 4 Claim.   The Class 4 Claim consists of the Unsecured Claim of Park Bank.  Park Bank has a junior lien on Debtor's home but there is not sufficient equity to collaterize the loan. Payment will be made under this Claim as part of the Class 9 Claims.

4.4     Class 5 Claim.   The Class 5 Claim consists of the Secured Claim of the Northwestern Mutual Life Insurance Company, which is owed approximately $168,214.00 collateralized by insurance with a cash value of $194,000.00.  Northwestern Mutual Life has requested that it not be part of these proceedings.

## ARTICLE V
## TREATMENT OF OTHER CLAIMS
## UNDER THE PLAN

5.1     Class 6 Claim.   The Class 6 Claim consists of the priority claim of the United States of America Internal Revenue Service for unpaid income taxes for the year 2014.  It is intended that the Class 7 Claim be paid before the date of confirmation.  To the extent that the Class 7 Claim is not paid at the time of confirmation, it will be paid over a period of sixteen months from the date of the filing of the Petition with interest at 4.00% per annum with a monthly payment of approximately $150.00.

5.2     Class 7 Claims.   The Class 7 Claims consist of the Unsecured Claims of guaranteed loans.  No payments will be made on these claims.

5.3     Class 8 Claim.   The Class 8 Claim consists of the Allowed Unsecured Claim of Bielinski

5

Brothers Builders, Inc. ("BBB").

Once the Debtor's anticipated objections to the Class 8 Claim, it is intended that the Class 8 Claim be paid over a period of ten years, without interest, at $10,000.00 per year for a total of $100,000.00. Payments will commence on the 12th month after the Effective Date of the Plan.

5.4     Class 9 Claims.  The Class 9 Claims consist of the other General Unsecured Claims principal balances totaling approximately $8,179,104.00.  The Class 10 Claims will be paid at $90,000.00 per year for a period of ten years, without interest, commencing with the last month of the first year from the Effective Date of the Plan, and continue on the same month thereafter for the subsequent nine years.

5.5     Class 10 Claims.  The Class 10 Claim consists of the Claim of Debtor in his properties and entity ownership interests, which the Debtor shall retain.

## ARTICLE VI
## MEANS FOR EXECUTION OF THE PLAN

6.1     The execution of the Plan shall be accomplished by the following means and with funds provided from the following sources:

(a) Cash on hand on the Effective Date of the Plan;

(b) Cash flow from the joint debtors;

(c) Excess income generated by Debtor and entities owned by Debtor;

(d) The distributions by entities of which Debtor has an ownership interest; and

(e) Sales and/or refinance of assets of the Debtor or entities of which Debtor has an ownership interest.

## ARTICLE VII
## TREATMENT OF EXECUTORY CONTRACTS AND LEASES

7.1     Debtor has no executory contracts or leases.

## ARTICLE VIII
## MODIFICATION OF PLAN

8.1     By Order of the Bankruptcy Court made at any time prior to Confirmation of the Plan, Debtor may amend or modify the Plan.  After Confirmation of the Plan, the Debtor, pursuant to 11 U.S.C, Section 1127(b), and other provisions of the Bankruptcy Code and Bankruptcy Rules, may apply to the

6

Case 16-21329-gmh    Doc 1208    Filed 03/16/18    Page 6 of 8

Bankruptcy Court for a modification of the Plan to remedy defects or omissions or reconcile inconsistencies therein, as may be necessary to carry out the purposes, intent and effect of the Plan.

## ARTICLE IX
## JURISDICTION BY THE BANKRUPTCY COURT

9.1 The Bankruptcy Court shall continue to maintain jurisdiction subsequent to Confirmation of the Plan for the purpose of:

(a) Fixing the allowance of any Claim or request for the allowance of fees and expenses as a cost and expense of the administration of the reorganization case;

(b) Re-examining any Claim or interest which has been allowed as of the date of confirmation;

(c) Hearing and determining any objection to a Claim which is filed with the Bankruptcy Court;

(d) Hearing and determining the extent, priority and validity of any lien or interest asserted by any party against the assets of the estate;

(e) Hearing and determining any action brought by the Debtor, or any representative of the Debtor, seeking to avoid any transfer of an interest of the reorganized Debtor in property or in any obligation incurred by the Debtor, that is avoidable or voidable pursuant to the provisions of the Bankruptcy Code;

(f) Hearing and determining all causes of action, controversies, disputes, or conflicts between the Debtor and any other party which were pending prior to confirmation;

(g) Determining all questions and disputes regarding title to the assets comprising the estate;

(h) Correcting any defect, curing any omission or reconciling any inconsistency in the Plan, or the order of confirmation as may be necessary to carry out the intent of the Plan;

(i) Confirming a modified Plan proposed by the Debtor pursuant to Section 1127(b) of the Bankruptcy Code;

(j) Hearing and determining any dispute relating to the terms or implementation of the Plan, or order of confirmation, or to the rights and obligations of the parties in interest with respect thereto;

(k) Issuing any Order necessary to implement the Plan or order of confirmation, including without limitation, such declaratory and injunctive Orders as are appropriate to protect the Debtor and the

Debtor's estate, and holders of Claims to be paid or otherwise treated under the Plan of Reorganization;

(l) Making such affirmative Orders as may be necessary in connection with proper implementation of the Plan; and

(m) Entering an Order concluding and terminating the reorganization case.

## ARTICLE IX
## EFFECT OF CONFIRMATION

9.1 Except as otherwise provided in this Plan or the order confirming the Plan, the confirmation of the Plan shall bind the Debtor and all holders of Claims, whether or not the foregoing persons are impaired under the Plan, and whether or not any of the foregoing persons have accepted the Plan.

9.2 Except as provided for in 11 U.S.C. Section 1141(d)(2) and (d)(3), and except as otherwise provided in the Plan or in the order confirming the Plan, the Property of the Estate shall be free and clear of all Claims. This provision includes all property of the Estate and specifically any entity of which Debtor has an interest in and shall continue to be free and clear of any claims of any creditor or party in interest (i.e. state court charging or freeze orders) and any property of Debtor's spouse (including individual property). (This includes any judgment that BBB may obtain against Debtor as a result of its objection to discharge.)

9.3 Except as otherwise provided in the Plan or in the order confirming the Plan, the effect of the confirmation of the Plan shall be governed by 11 U.S.C. Section 1141.

Respectfully submitted this 16th day of March, 2018.

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for Michael A. Gral

By: _____
Jonathan V. Goodman

Jonathan V. Goodman
788 N. Jefferson Street, Suite 707
Milwaukee, WI 53202
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net