THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 4, 2019



G. Michael Halfenger
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | September 3, 2019 |
| JUDGE: | G. Michael Halfenger |
| | |
| CASE NO.: | 16-21329 |
| DEBTOR: | Michael Gral |
| NATURE OF HEARING: | 1. Jonathan Goodman's motion for protective order |
| | 2. Jonathan Goodman's motion to limit notice |
| | 3. United States trustee's motion to dismiss |
| | |
| ADV. PROC. NO.: | 19-02146 |
| PLAINTIFF: | Patrick Layng |
| DEFENDANT: | Michael Gral |
| NATURE OF HEARING: | Pretrial conference |
| | |
| APPEARANCES: | Jonathan Goodman, for Michael Gral |
| | Michael Gral |
| | Laura Steele, for the United States trustee |
| | Nathaniel Cade, for the chapter 7 trustee |
| | Sean Bosack, for Bielinski Bros. Builders, Inc. |
| | |
| COURTROOM DEPUTY: | Sara Hackbarth |
| LAW CLERK: | Cameron Marston |

1. In the main case, Jonathan Goodman agreed to respond to the United States trustee's remaining discovery requests on or before September 10, 2019, and

withdrew his motion for a protective order, and the court denied his motion to limit notice of his motion for a protective order as moot.

2. Debtor's counsel agreed to file the following on or before September 27, 2019:

    a. A response to the United States trustee's motion to dismiss the main case for cause and with prejudice; and

    b. An answer to the United States trustee's complaint in *Layng v. Gral*, Adv. Proc. No. 19-02146.

3. The court stated that, even though the defendant has not filed an answer in *Layng v. Gral*, Adv. Proc. No. 19-02146, the parties may seek discovery relevant to that proceeding or to the United States trustee's motion to dismiss.

4. The court stated that, at the adjourned hearing on September 30, 2019, counsel for the debtor and the chapter 7 trustee should be prepared to discuss whether mediation of *Gral et al. v. Gral*, Adv. Proc. No. 17-02277, would be productive.

#####